IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

```
------------------------------------------------------ x
                                                       :
In re:                                                 :   Chapter 11
                                                       :
PINE GATE RENEWABLES, LLC, et al.,                     :   Case No. 25-90669 (CML)
                                                       :
         Debtors.¹                                     :   (Jointly Administered)
                                                       :
------------------------------------------------------ x
```

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER
AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF
CERTAIN O&M SERVICE CONTRACTS AND ASSET MANAGEMENT CONTRACTS**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **Parties receiving this motion should locate their names and their contracts in the chart attached to the proposed order on either <u>Exhibit A</u> or <u>Exhibit B</u>.**

Pine Gate Renewables, LLC and its debtor affiliates in the above-captioned cases, as debtors and debtors in possession (collectively, the "***Debtors***") respectfully state as follows in support of this motion (the "***Motion***"):

**RELIEF REQUESTED**

1.      By this Motion, the Debtors seek entry of an order (the "***Proposed Order***"), substantially in the form attached hereto, authorizing the Debtors to (a) assume certain executory

---

[1] A complete list of each of the Debtors in these chapter 11 cases (the "***Chapter 11 Cases***") and the last four digits of each Debtor's taxpayer identification number (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/PGR. The Debtors' mailing address for the purposes of the Chapter 11 Cases is 130 Roberts Street, Asheville, North Carolina 28801.

US-DOCS\165287091

operations and maintenance ("**O&M**") contracts as set forth on **Exhibit A** to the Proposed Order (each, an "***O&M Contract***" and collectively, the "***O&M Contracts***"), (b) assign each O&M Contract to non-Debtor ACT Power Services, LLC ("***ACT***") upon the sale of the equity of ACT's parent company or the sale of such O&M Contract, (c) assume certain executory asset management contracts as set forth on **Exhibit B** to the Proposed Order (each, an "***Asset Management Contract***" and collectively, the "***Asset Management Contracts***"), and (d) assign each Asset Management Contract upon the sale of such Asset Management Contract.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of Texas (the "***Court***") has jurisdiction to consider this Motion under 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are sections 105(a) and 365 of title 11 of the United States Code (the "***Bankruptcy Code***"), rule 6006 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "***Bankruptcy Local Rules***"), and the Procedures for Complex Cases in the Southern District of Texas.

## BACKGROUND

4. On November 6, 2025, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in the Chapter 11 Cases.

5. The Chapter 11 Cases are being jointly administered, for procedural purposes only, pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1. *See* Docket No. 33.

6. The factual background regarding the Debtors, including their business, their capital structure, and the events leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Ray Shem, President and Chief Financial Officer of the Debtors, in Support of Chapter 11 Petitions and First-Day Relief* [Docket No. 19] (the "**First Day Declaration**").

## THE ASSUMED CONTRACTS

7. Debtors Pine Gate O&M LLC and Blue Ridge Power LLC (together, the "**O&M Debtors**") are party to O&M (operations and maintenance) service contracts with certain project companies within the Debtors' corporate structure, under which the O&M Debtors provide O&M services to the applicable projects. In turn, the O&M Debtors are party to subcontracts with ACT (the "**Subcontracts**"), which performs the O&M services for the applicable projects. These O&M services are critical to maintaining the value of the Debtors' projects.

8. Relatedly, and in addition, Debtor Pine Gate Asset Management, LLC ("**PGAM**") is party to asset management contracts with certain project companies within the Debtors' corporate structure, under which PGAM provides treasury, accounting, financial, tax, regulatory, legal, risk management, and other general management and oversight services for the applicable projects. Like the O&M services, these asset management services are critical to maintaining the value of the Debtors' projects.

9. To ensure that their collateral and stalking horse assets continue to be operated, maintained, and managed and otherwise avoid any uncertainty about the performance of such services during the pendency of the Chapter 11 Cases, the Debtors' DIP lenders and stalking horse bidders (Brookfield, Carlyle, and Fundamental) (collectively, the "**Bridge/DIP Lenders**"), have made the Debtors obtaining the Court's authorization of the Debtors' assumption of the O&M Contracts and the Asset Management Contracts a condition precedent to the Debtors' second draw under the DIP facilities. The O&M Debtors can deliver this outcome at minimal risk to their

estates because of the Subcontracts, which obligate ACT—a reputable O&M provider—to provide the O&M services to the projects and carry appropriate insurance.

10. Similarly, PGAM retains the flexibility to terminate certain of the Asset Management Contracts for convenience and without penalty. The stalking horse agreements entered into by the Debtors and the Bridge/DIP Lenders (collectively, the "**Stalking Horse APAs**"), pursuant to which the Bridge/DIP Lenders have bid on their respective projects, also contemplate the termination of certain Asset Management Contracts without penalty. Accordingly, in the event of a proposed sale to a third party other than the Debtors' stalking horse bidders, the Debtors will retain the ability to negotiate such sale and ensure that their estates are not made worse off by the assumption of any Asset Management Contract. The Debtors thus, in their business judgment, seek to assume the O&M Contracts and Asset Management Contracts to preserve value and comply with the terms of their proposed DIP facilities.

11. Additionally, the Debtors seek authority, subject to the terms of the Stalking Horse APAs and debtor-in-possession financing documents (collectively, the "**DIP Documents**") entered into with the Bridge/DIP Lenders, to subsequently assign (a) the O&M Contracts to ACT in connection with, and substantially contemporaneous with, the sale of (i) the Debtors' equity ownership of ACT's parent company, or (ii) such O&M Contracts; and (b) the Asset Management Contracts to a third-party purchaser in connection with the sale of such Asset Management Contracts. The Debtors note that, pursuant to the Stalking Horse APAs, this secondary assignment will not occur for any given O&M Contract or Asset Management Contract if (x) the applicable Bridge/DIP Lender is the winning bidder for the project company that is party to that O&M Contract or Asset Management Contract, as applicable, and (y) ACT, PGAM, or the applicable O&M Contract or Asset Management Contract is sold to a party that is not reasonably acceptable

to such Bridge/DIP Lender as its go-forward provider of O&M or asset management services, as applicable.

**BASIS FOR RELIEF**

12. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a debtor in possession "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Section 365 allows the debtor in possession to maximize the value of a debtor's estate by assuming executory contracts that benefit the estate and by rejecting those that do not. *Century Indemn. Co. v. Nat'l Gypsum Co. Settlement Tr. (In re Nat'l Gypsum Co.)*, 208 F.3d 498, 504–05 (5th Cir. 2000). A court should approve a decision to assume or reject an executory contract pursuant to section 365 if it is based on a sound exercise of the debtor's business judgment. *See Richmond Leasing Co. v. Cap. Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985); *see also In re Wolflin Oil, L.L.C.*, 318 B.R. 392, 396 (Bankr. N.D. Tex. 2004) (same). The "business judgment" standard requires only a showing that either assumption or rejection of the executory contract will benefit the debtor's estate. *See Matter of J.C. Penney Direct Mktg. Servs., L.L.C.*, 50 F.4th 532, 534 (5th Cir. 2022) ("The correct inquiry under the business judgment standard is whether the debtor's decision regarding executory contracts benefits the debtor, not whether the decision harms third parties."); *see also In re Idearc Inc.*, 423 B.R. 138, 162 (Bankr. N.D. Tex. 2009) (stating that the business judgment standard only "requires a showing that the proposed course of action will be advantageous to the estate.") (citation omitted). To assume an executory contract, the debtor must pay the cure costs associated with such contract. 11 U.S.C. § 365(b)(1)(A).[2]

---

[2] The cure costs for the O&M Contracts and the Asset Management Contracts (if any) are set forth on Exhibits A and B to the Proposed Order, respectively.

5

13. Courts do not second-guess a debtor's business judgment concerning the assumption of an executory contract if such assumption will benefit the estate, unless such a decision is clearly erroneous, too speculative, or contrary to the Bankruptcy Code. *Matter of J.C. Penney Direct Mktg. Servs., L.L.C.*, 50 F.4th at 534-35 ("Klairmont does not contend that JCP's decision to reject the lease failed to enhance its estate. Neither does Klairmont assert that JCP's action on behalf of its estate was clearly erroneous, too speculative, or contrary to the Bankruptcy Code. Under this court's guidance, our inquiry can stop there."); *see also Lifemark Hosps., Inc. v. Liljeberg Enters. (In re Liljeberg Enters.)*, 304 F.3d 410, 438 (5th Cir. 2002) (reasoning that "the act of assumption must be grounded, at least in part, in the conclusion that maintenance of the contract is more beneficial to the estate than doing without the other party's services") (quoting *In re Nat'l Gypsum Co.*, 208 F.3d at 505; *Richmond Leasing*, 762 F.3d at 1309); *see also Four B. Corp. v. Food Barn Stores, Inc. (In re Food Barn Stores, Inc.)*, 107 F.3d 558, 567 n.16 (8th Cir. 1997) ("Where the trustee's request is not manifestly unreasonable or made in bad faith, the court should normally grant approval '[a]s long as [the proposed action] appears to enhance [the] debtor's estate.'") (alterations in original) (citation omitted); *Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1047 (4th Cir. 1985) (finding a debtor's decision to assume or reject an executory contract based on its business judgment will generally not be disturbed "unless it is shown that the bankrupt's decision was one taken in bad faith or in gross abuse of the bankrupt's retained business discretion"); *In re Riodizio, Inc.*, 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997) ("[A] court will ordinarily defer to the business judgment of the debtor's management."). Allowing a debtor to assume executory contracts is appropriate where, as here, doing so is consistent with the "two recognized policies" of chapter 11 of the Bankruptcy Code—preserving

going-concern value and maximizing property available to satisfy creditors. *Bank of Am. Nat. Trust & Sav. Ass'n v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 452 (1999).

14. The Debtors have determined in their reasoned business judgment that assumption of the O&M Contracts and the Asset Management Contracts at this time will benefit the Debtors' estates. As set forth above, assumption of the O&M Contracts and the Asset Management Contracts is a material term of the DIP Documents and Stalking Horse APAs (indeed, it is a condition precedent to the Debtors' second draw under the DIP facilities). Assumption of the O&M Contracts and the Asset Management Contracts will avoid uncertainty about performance of O&M and asset management services to the applicable projects during the pendency of the Chapter 11 Cases. Further, by ensuring such services continue to be performed, assumption of the O&M Contracts and the Asset Management Contracts will help maximize the value of the Debtors' projects realized through their ongoing sale process. Additionally, authorization to assign (a) O&M Contracts to ACT, upon the closing of a sale of the Debtors' equity interests in ACT's parent company or such O&M Contracts and (b) the Asset Management Contracts to a third-party purchaser, upon the closing of a sale of such Asset Management Contracts, in each case, subject to the terms of the Stalking Horse APAs and the DIP Documents, will ensure the O&M and asset management services for the projects can continue without disruption, which in turn will preserve and maximize the value of the projects and the Debtors' estates.

15. The Debtors also respectfully request that the Court waive, or by entry of the Proposed Order deem satisfied, any requirement under Bankruptcy Rule 6006(e)(1)(C) that the Debtors obtain prior approval or authorization from the Court to file the Motion (which seeks the assumption and/or assignment of multiple executory contracts).

16. Accordingly, the Debtors believe that assuming the O&M Contracts and the Asset Management Contracts at this time represents a sound exercise of their business judgment and respectfully request entry of the Proposed Order authorizing the assumption of the O&M Contracts and the Asset Management Contracts and granting authority to assign the O&M Contracts and Asset Management Contracts upon closing of a sale of the relevant project entity, subject to the buyer's consent.

## **RESERVATION OF RIGHTS**

17. Nothing in this Motion is intended to be nor shall be deemed: (a) an implication or admission as to the amount of, basis for, or validity of any claim against the Debtors; (b) a waiver or limitation of the Debtors' or any other party in interest's right to dispute the amount of, basis for, or validity of any claim; (c) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable non-bankruptcy law; (d) a waiver of the obligation of any party in interest to file a proof of claim; (e) a promise or requirement to pay any particular claim; (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (h) an admission that any lien satisfied pursuant to this Motion is valid (and all rights to contest the extent, validity, or perfection or seek avoidance of all such liens are expressly reserved); or (i) a request or authorization to assume, adopt, or reject any other agreements, contracts, or leases pursuant to section 365 of the Bankruptcy Code (other than the O&M Contracts and the Asset Management Contracts). Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any

other party in interest's rights to dispute such claim subsequently. Nothing contained in the Proposed Order shall be deemed to increase, decrease, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

### **NOTICE**

18. Notice of this Motion will be served on : (a) the Office of the United States Trustee for the Southern District of Texas; (b) Kirkland & Ellis LLP, as counsel to GC PGR HoldCo Member, LLC and GC PGR HoldCo, LLC; (c) Weil, Gotshal & Manges LLP, as counsel to Healthcare of Ontario Pension Plan Trust Fund; (d) Sidley Austin LLP, as counsel to FP Solar Development I LLC; (e) Milbank LLP, as counsel to Carlyle Global Credit Investment Management L.L.C.; (f) Paul, Weiss, Rifkind, Wharton & Garrison LLP and Porter Hedges LLP, each as counsel to BID Administrator LLC; (g) the creditors listed on the Debtors' consolidated list of thirty (30) creditors holding the largest unsecured claims; (h) the counterparties to the O&M Contracts and the Asset Management Contracts; (i) the Internal Revenue Service; (j) the state attorneys general for states in which the Debtors conduct business; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

19. A copy of the Motion is available on (a) the Court's website, at www.txs.uscourts.gov, and (b) the website maintained by the Debtors' Claims and Noticing Agent, Omni Agent Solutions, Inc., at https://omniagentsolutions.com/PGR.

*[Remainder of this page intentionally left blank]*

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated:   November 14, 2025          Respectfully submitted,

*/s/ Timothy A. ("Tad") Davidson II*
**HUNTON ANDREWS KURTH LLP**
Timothy A. ("Tad") Davidson II (Texas Bar No. 24012503)
Philip M. Guffy (Texas Bar No. 24113705)
Brandon Bell (Texas Bar No. 24127019)
600 Travis Street, Suite 4200
Houston, TX 77002
Telephone: (713) 220-4200
Email: taddavidson@Hunton.com
         pguffy@Hunton.com
         bbell@Hunton.com

-and-

**LATHAM & WATKINS LLP**
Ray C. Schrock (NY Bar No. 4860631)
Andrew M. Parlen (NY Bar No. 5370085)
Alexander W. Welch (NY Bar No. 5624861)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: ray.schrock@lw.com
         andrew.parlen@lw.com
         alex.welch@lw.com

Jason B. Gott (IL Bar No. 6309114)
Jonathan C. Gordon (IL Bar No. 6329732)
330 N. Wabash Avenue
Suite No. 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: jason.gott@lw.com
         jonathan.gordon@lw.com

*Proposed Attorneys for the Debtors
 and Debtors in Possession*

**CERTIFICATE OF SERVICE**

      I certify that on November 14, 2025, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

                                              */s/ Timothy A. ("Tad") Davidson II*
                                              Timothy A. ("Tad") Davidson II