United States Bankruptcy Court
Southern District of Texas
**ENTERED**
November 17, 2025
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

------------------------------------------------------------- x
                                                              :
In re:                                                        :  Chapter 11
                                                              :
PINE GATE RENEWABLES, LLC, *et al.*,                          :  Case No. 25-90669 (CML)
                                                              :
Debtors.[1]                                                   :  (Jointly Administered)
                                                              :
------------------------------------------------------------- x

**SUPPLEMENTAL ORDER APPROVING
INITIAL STALKING HORSE EXPENSE REIMBUREMENTS**
[Relates to Docket Nos. 22, 127 & 128]

Upon the motion (the "*Motion*")[2] of the Debtors for entry of an order, (a) approving the proposed auction and bidding procedures attached as Annex 1 to the Bidding Procedures Order, by which the Debtors will solicit and select the highest or otherwise best offer for the sale of the Assets, through one or more sales; (b) establishing procedures for the assumption and assignment of executory contracts and unexpired leases, including notice of proposed Cure Costs; (c) scheduling (i) a date for an auction, if the Debtors, in their business judgment and after consultation with the Consultation Parties, choose to conduct an auction and (ii) a final hearing to approve one or more Transactions, as necessary; (d) approving the form and manner of notice of (i) the Auction (if any) and Sale Hearing and (ii) Assumption and Assignment Procedures; (e) approving the procedures governing Debtors' selection of one or more stalking horse bidders, including the designation of Brookfield, Carlyle, and Fundamental as Initial Stalking Horse Bidders; and (f)

---

[1] A complete list of each of the Debtors in these chapter 11 cases (the "*Chapter 11 Cases*") and the last four digits of each Debtor's taxpayer identification number (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/PGR.  The Debtors' mailing address for the purposes of the Chapter 11 Cases is 130 Roberts Street, Asheville, North Carolina 28801.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

granting related relief, all as more fully described in the Motion; and the Court having entered the *Order (A) Approving Bidding Procedures For Sale of Debtors' Assets, (B) Establishing Procedures For Debtors' Assumption and Assignment of Certain Executory Contracts and Unexpired Leases In Connection Therewith, (C) Scheduling Dates For an Auction and a Hearing to Consider Approval of Any Resulting Sale, (D) Approving Form and Manner of Notices Related Thereto, and (E) Granting Related Relief* [Docket No. 128] (the "**Bidding Procedures Order**"), which approved the relief requested in the Motion, subject to a further order from the Court with respect to the Expense Reimbursements (this "**Expense Reimbursements Order**"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Motion and heard the statements in support of the relief requested therein at the hearing on the Motion on November 10, 2025 (the "**Bidding Procedures Hearing**") and the hearing on the Expense Reimbursements on November 17, 2025 (the "**Expense Reimbursements Hearing**" and, collectively, the "**Hearings**"); and upon the record herein; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for the Hearings under the circumstances and that no other or further notice is necessary; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearings establish just cause for the relief granted herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT**:

1. The Expense Reimbursements are approved in their entirety and are payable in accordance with, and subject to the terms of, the Brookfield APA, the Carlyle APA, and the Fundamental APA, respectively. Each Expense Reimbursement shall not exceed $3 million in the aggregate, shall be payable solely from proceeds of an Alternative Transaction (as defined in the Brookfield APA, the Carlyle APA, and the Fundamental APA, respectively), with such Expense Reimbursement to be reduced pro rata in the event of an Alternative Transaction for a portion of the assets subject to the Brookfield APA, the Carlyle APA, and the Fundamental APA, as applicable, provided that each Expense Reimbursement may be waived by the applicable Initial Stalking Horse Bidder in its sole discretion. For the avoidance of doubt, nothing in this Expense Reimbursement Order, the Bidding Procedures Order, or the Bidding Procedures shall authorize the Debtors to modify the Expense Reimbursements without the consent of Brookfield, Carlyle, or Fundamental, as applicable.

2. The Debtors are authorized and empowered to take such action as may be necessary to implement and effect the terms and requirements established under this Expense Reimbursements Order.

3. This Expense Reimbursements Order shall be binding on and inure to the benefit of the Debtors.

4. Notwithstanding Bankruptcy Rules 6004(h), 6006(d), 7062, 9014, or otherwise, this Expense Reimbursements Order shall be immediately effective and enforceable upon its entry.

5. To the extent this Expense Reimbursements Order is inconsistent with any prior order or pleading with respect to the Motion in these cases, the terms of this Expense Reimbursements Order shall govern.

6. To the extent any of the deadlines set forth in this Expense Reimbursements Order do not comply with the Bankruptcy Local Rules, such Bankruptcy Local Rules are waived and the terms of this Expense Reimbursements Order shall govern.

7. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b), Bankruptcy Local Rule 9013-1, and the Complex Case Procedures.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Expense Reimbursements Order.

Signed: November 17, 2025

_____
Christopher Lopez
United States Bankruptcy Judge