IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------------ x
                                                                                  :

In re:                                              :     Chapter 11

PINE GATE RENEWABLES, LLC, *et al.*,    :     Case No. 25-90669 (CML)

         Debtors[1]                            :     (Jointly Administered)

------------------------------------------------------------ x

**ORDER AUTHORIZING THE EMPLOYMENT
AND RETENTION OF LATHAM & WATKINS LLP AS
BANKRUPTCY CO-COUNSEL EFFECTIVE AS OF THE PETITION DATE**

**[Relates to Docket No.     ]**

Upon the application (the "*Application*")[2] of the Debtors for entry of an order authorizing the Debtors to employ and retain Latham & Watkins LLP ("*L&W*") as their bankruptcy co-counsel effective as of the Petition Date; and the Court having reviewed the Application, the Parlen Declaration, and the Retention Declaration; and the Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being satisfied, based on the representations made in the

---

[1] A complete list of each of the Debtors in these chapter 11 cases (the "*Chapter 11 Cases*") and the last four digits of each Debtor's taxpayer identification number (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/PGR.  The Debtors' mailing address for the purposes of the Chapter 11 Cases is 130 Roberts Street, Asheville, North Carolina 28801.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

Application and the Parlen Declaration that L&W is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required under section 327(a) of the Bankruptcy Code, and that L&W does not hold or represent an interest adverse to the Debtors' estates; and any objections to the Application having been resolved or overruled; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and upon the record herein and upon all of the proceedings had before this Court; and after due deliberation thereon; and the Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Application is granted to the extent set forth herein.

2. Pursuant to sections 327(a) and 329 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Bankruptcy Local Rules 2014-1 and 2016-1, the Debtors, as debtors in possession, are authorized to employ and retain L&W as their bankruptcy co-counsel effective as of the Petition Date in accordance with the terms and conditions set forth in the Application and in the Engagement Letter.

3. L&W is authorized to provide the Debtors with the professional services described in the Application and the Engagement Letter.

4. L&W shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Bankruptcy Local Rules, and any other applicable procedures and orders of the Court.

5. Prior to any increases in L&W's hourly rates, L&W shall file a notice of rate increase with the Court and provide ten business days' notice to the Debtors, the U.S. Trustee, and the Creditors' Committee, which notice shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to such rate increases.

6. L&W shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by L&W to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

7. L&W shall review its files periodically during the pendency of the Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, L&W shall use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

8. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application, and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

9. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

10. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: _____, 2025
      Houston, Texas                      _____
                                           UNITED STATES BANKRUPTCY JUDGE