IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------------ x
: 
In re: : Chapter 11
: 
PINE GATE RENEWABLES, LLC, *et al.*, : Case No. 25-90669 (CML)
: 
Debtors.[1] : (Jointly Administered)
: 
------------------------------------------------------------ x

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF HUNTON ANDREWS KURTH LLP AS BANKRUPTCY CO-COUNSEL FOR THE DEBTORS AND DEBTORS-IN-POSSESSION EFFECTIVE AS OF THE PETITION DATE
[Relates to Docket No.   ]

Upon the application (the "*Application*")[2] of the Debtors for an order (this "*Order*") authorizing the Debtors to employ and retain Hunton Andrews Kurth LLP ("*Hunton*") as their bankruptcy co-counsel and conflicts counsel, where necessary; and the Court having reviewed the Application and the Davidson Declaration; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and it appearing that Hunton does

---

[1] A complete list of each of the Debtors in these chapter 11 cases (the "*Chapter 11 Cases*") and the last four digits of each Debtor's taxpayer identification number (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/PGR. The Debtors' mailing address for the purposes of the Chapter 11 Cases is 130 Roberts Street, Asheville, North Carolina 28801.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Application.

not hold or represent any interest materially adverse to the Debtors' estates and is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code; and upon the record herein; and after due deliberation thereon; and the Court having determined that there is good and sufficient cause for the relief granted in this Order, it is hereby

**ORDERED THAT:**

1. The Debtors are authorized to retain and employ Hunton as their bankruptcy co-counsel and conflicts counsel, where necessary, in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached to the Application, as modified by this Order.

2. Hunton shall apply for compensation for professional services rendered and reimbursement of expenses and be compensated in accordance with the applicable procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, the Complex Case Procedures, and further orders of this Court for all services performed and expenses incurred on or after the Petition Date.  For billing purposes, Hunton will record its time in one-tenth (1/10) hour increments.

3. Hunton shall file a notice on the Court's docket regarding any additional increases in the rates set forth in the Application not less than ten (10) days prior to the effectiveness of such increases unless such additional increases are already disclosed in the Application and/or Engagement Letter.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code.

4. Hunton shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Hunton to provide services to the Debtors and shall ensure that

any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

5. Hunton will review its files periodically during the pendency of the Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, Hunton will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Fed. R. Bankr. P. 2014(a).

6. Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the Davidson Declaration attached to the Application, any provisions allowing the reimbursement of fees and expenses incurred in connection with participating in, preparing for, or responding to any action, claim, suit, or proceeding brought by or against any party that relates to the legal services provided under the Engagement Letter and fees for defending any objection to Hunton's fee applications under the Bankruptcy Code are not approved absent further order of the Court.

7. To the extent of any inconsistency between the Engagement Letter, on the one hand, and the Application and this Order, on the other hand, including any inconsistency with respect to the scope of Hunton's representation of the Debtors, the Application and this Order shall govern in all respects.

8. Hunton shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in the Chapter 11 Cases.

9. To the extent that there may be any inconsistency between the terms of the Application, the Davidson Declaration, the Engagement Letter, and this Order, the terms of this Order shall govern.

10. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be effective and enforceable immediately upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: _____           _____
                             UNITED STATES BANKRUPTCY JUDGE