IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------------ x
                                                                          :

In re:                                                       :    Chapter 11

PINE GATE RENEWABLES, LLC, *et al.*,    :    Case No. 25-90669 (CML)

                Debtors.[1]                               :    (Jointly Administered)

------------------------------------------------------------ x

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER
AUTHORIZING THE (I) RETENTION AND EMPLOYMENT OF
ALVAREZ & MARSAL NORTH AMERICA, LLC, (II) DESIGNATION
OF MARK RAJCEVICH AS CHIEF RESTRUCTURING OFFICER,
(III) PROVISION OF ADDITIONAL PERSONNEL FOR THE DEBTORS, EACH
EFFECTIVE AS OF THE PETITION DATE, AND (IV) GRANTING RELATED RELIEF**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this application was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this application was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors in possession (collectively, the "***Debtors***") respectfully state as follows in support of this application (this "***Application***"):

**RELIEF REQUESTED**

1.    By this Application, the Debtors seek entry of an order (the "***Proposed Order***"), substantially in the form attached hereto, authorizing the Debtors to: (a) retain and employ Alvarez & Marsal North America, LLC, together with employees of its professional service provider

---

[1] A complete list of each of the Debtors in these chapter 11 cases (the "***Chapter 11 Cases***") and the last four digits of each Debtor's taxpayer identification number (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/PGR. The Debtors' mailing address for the purposes of the Chapter 11 Cases is 130 Roberts Street, Asheville, North Carolina 28801.

affiliates (all of which are wholly-owned by its parent company and employees), wholly-owned subsidiaries, and independent contractors (collectively, "**A&M**"); (b) designate Mark Rajcevich, a managing director of A&M, as the Debtors' chief restructuring officer ("**CRO**"); and (c) request that A&M provide additional personnel for the Debtors (such additional personnel together with the CRO, the "**Engagement Personnel**"), in each case, effective as of the Petition Date and pursuant to the terms of the engagement letter by and among the Debtors and A&M, dated as of September 3, 2025 (the "**Engagement Letter**"), a copy of which is attached as **Exhibit 1** to the Proposed Order and incorporated herein by reference. In support of this application, the Debtors rely upon the declaration of Mark Rajcevich (the "**Rajcevich Declaration**"), a copy of which is attached hereto as **Exhibit A**.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are sections 327(a), 328(a), 330, 331 and 1107 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), rules 1075-1, 2014-1, and 2016-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**"), and the Procedures for Complex Cases in the Southern District of Texas (the "**Complex Case Procedures**").

**BACKGROUND**

4. On November 6, 2025 (the "***Petition Date***"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases. On November 19, 2025, the Office of the United States Trustee appointed an official committee of unsecured creditors. *See* Docket No. 225.

5. The Chapter 11 Cases are being jointly administered for procedural purposes only, pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.

6. The factual background regarding the Debtors, including their business, their capital structure, and the events leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Ray Shem, President and Chief Financial Officer of the Debtors, in Support of the Chapter 11 Petitions and First-Day Relief* [Docket No. 19] (the "***First Day Declaration***"), filed contemporaneously herewith and incorporated herein by reference.[2]

**RETENTION OF A&M**

7. In consideration of the size and complexity of their business, as well as the exigencies of the circumstances, the Debtors have determined that the services of experienced restructuring managers will substantially enhance their attempts to maximize the value of their estates during the Chapter 11 Cases. Since its inception in 1983, A&M has become a global provider of turnaround advisory services to companies in crisis or those in need of performance improvement in specific financial and operational areas. The Engagement Personnel specialize in interim management, turnaround consulting, operational due diligence, creditor advisory services,

---

[2] Capitalized terms used but not defined herein have the meanings given to them in the First Day Declaration.

3

and financial and operational restructuring. A&M's debtor advisory services have included a wide range of activities targeted at stabilizing and improving a company's financial position, including developing or validating forecasts and business plans and related assessments of a business's strategic position; monitoring and managing cash, cash flow, and supplier relationships; assessing and recommending cost reduction strategies; and designing and negotiating financial restructuring packages.

8. Mark Rajcevich is a managing director and an authorized representative of A&M. He has worked as a turnaround consultant and financial advisor for approximately twenty-five years. Mr. Rajcevich has substantial knowledge and experience serving as a restructuring advisor or Chief Restructuring Officer to large companies or their stakeholders and in assisting troubled companies with stabilizing their financial condition, analyzing their operations, and developing an appropriate business plan to accomplish the necessary restructuring of their operations and finances. Specifically, Mr. Rajcevich has served as Chief Restructuring Officer to Gulfport Energy Corporation and provided restructuring leadership guidance for several companies, including, but not limited to, Enviva, Inc., Air Methods Corporation, California Resources Corporation, Revlon Inc., iHeartMedia Inc., Chisholm Oil & Gas LLC, Legacy Reserves Inc., Stone Energy Corporation, Penn Virginia Corporation, Vantage Drilling Company.

9. The A&M Engagement Personnel have substantial expertise in the areas discussed above and, subject to Court approval, will provide services to the Debtors in accordance with the Engagement Letter and any applicable orders of the Court. The Engagement Personnel will work closely with the Debtors' management and professionals throughout the Debtors' reorganization process. By virtue of the expertise of its restructuring personnel, A&M is well qualified to provide services to and represent the Debtors' interests in the Chapter 11 Cases.

10. Further, A&M professionals have provided strategic advice to debtors, creditors, bondholders, investors, and other entities in numerous chapter 11 cases of similar size and complexity to the Chapter 11 Cases, including the following cases: *In re Glob. Clean Energy Holdings, Inc.*, No. 25-90113 (ARP) (Bankr. S.D. Tex. May 22, 2025); *In re Joann, Inc.*, No. 25-10068 (CTG) (Bank. D. Del. Mar. 4, 2025); In re H-Food Holdings, LLC, No. 24-90586 (ARP) (Bankr. S.D. Tex. Nov. 22, 2024); *In re Accuride Corp.*, No. 24-12289 (JKS) (Bankr. D. Del. Nov. 1, 2024); *In re Vertex Energy, Inc.*, No. 24-90507 (CML) (Bankr. S.D. Tex. Sept. 25, 2024); *In re Air Methods Corp.*, No. 23-90886 (CMI) (Bankr. S.D. Tex. Oct. 24, 2023); *In re Orbital Infrastructure Grp., Inc.*, No. 23-90763 (CML) (Bankr. S.D. Tex. Aug. 23, 2023); *In re Genesis Care Pty Ltd.*, No. 23-90614 (DRJ) (Bankr. S.D. Tex. June 1, 2023); In re QualTek Services Inc., No. 23-90584 (CML) (Bankr. S.D. Tex. May 24, 2023); *In re MLCJR LLC*, No. 23-90324 (CML) (Bankr. S.D. Tex. May 13, 2023); *In re Wesco Aircraft Holdings, Inc.*, No. 23-90611(CMI) (Bankr. S.D. Tex June 1, 2023); *In re Katerra Inc.*, No. 21-31861 (DRJ) (Bankr. S.D. Tex. Aug. 4, 2021); *In re Gulfport Energy Corp.*, No. 20-35562 (DRJ) (Bankr. S.D. Tex. Jan. 15, 2021); *In re S. Foods Grp., LLC*, No. 19-36313 (DRJ) (Bankr. S.D. Tex. Dec. 6, 2019).

11. In addition, A&M and the CRO are intimately familiar with the Debtors' businesses, financial affairs, and capital structure. The Engagement Personnel have worked closely with the Debtors' management and other professionals in assisting with the myriad requirements of the Chapter 11 Cases. Consequently, the Debtors believe that A&M has developed significant relevant experience and expertise regarding the Debtors, their operations and the unique circumstances of these cases. For these reasons, A&M is both well qualified and uniquely suited to deal effectively and efficiently with matters that may arise in the context of these cases. Accordingly, the Debtors submit that the retention of A&M and the designation of Mark Rajcevich

as CRO on the terms and conditions set forth herein is necessary and appropriate, is in the best interests of the Debtors' estates, creditors, and all other parties in interest, and should be granted in all respects.

**SCOPE OF SERVICES**

12. Subject to approval by the Court, the Debtors propose to retain A&M to provide Mark Rajcevich as CRO and to provide the Additional Personnel on the terms and conditions set forth in the engagement letter, dated September 3, 2025 (which superseded the previously executed engagement letters, dated April 18, 2025 and March 10, 2025, attached to the Proposed Order as Exhibit A (the "***Engagement Letter***")[3], except as otherwise explicitly set forth herein or in any order granting this Application.

13. A&M will provide such restructuring support services as A&M and the Debtors shall deem appropriate and feasible in order to manage and advise the Debtors in the course of the Chapter 11 Cases, including, but not limited to:

    (a) assistance with financial and liquidity forecasting, including, but not limited to, the development of a 13-week cash flow and liquidity forecast;

    (b) assistance with preparation of information and analysis required pursuant to the Debtors' debtor-in-possession financing facility;

    (c) assistance in the identification (and implementation) of cost reduction and operations improvement opportunities;

    (d) assistance in developing materials for the Debtors board of directors' (including the board's special committee of independent managers, the "***Board***");

---

[3] The summaries of the Engagement Letter (and indemnification agreement attached thereto) contained in this Application are provided for purposes of convenience only. In the event of any inconsistency between the summaries contained herein and the terms and provisions of the Engagement Letter, the terms of the Engagement Letter shall control unless otherwise set forth herein. Capitalized terms used in such summaries but not otherwise defined herein shall have the meanings set forth in the Engagement Letter.

6

(e) attendance at meetings and assistance in discussions with case constituents, as requested;

(f) assistance in the preparation of information for distribution to creditors in response to information requests;

(g) assistance with analysis related to assumption and rejection of executory contracts;

(h) assistance in the evaluation and analysis of avoidance actions;

(i) assistance in preparation of information and analysis in support of the Debtors' plan of reorganization and disclosure statement;

(j) assistance in the preparation of financial-related disclosures required by the Court, including the Debtors' Schedules of Assets and Liabilities, Statements of Financial Affairs and Monthly Operating Reports and other information required in connection with bankruptcy requirements (as applicable);

(k) assisting in preparation of information or analysis in support of the Debtors and Debtors' legal counsel regarding various motions or pleadings during the pendency of the bankruptcy;

(l) to the extent applicable, provide testimony, as necessary, with respect to matters on which A&M has been engaged, in any proceedings under the United States Bankruptcy Code, any similar judicial proceedings, or any related mediation, arbitration, or other process;

(m) assistance with various tax related matters in connection with the bankruptcy; and

(n) rendering other assistance as requested or directed by the CEO or the Board or other Debtors personnel as authorized by the Board, and agreed to by A&M that is not duplicative of services provided by other professionals in this proceeding.

14. These services are necessary to enable the Debtors to maximize the value of their estates and successfully complete their restructuring.

## TERMS OF RETENTION

15. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Debtors may retain A&M on reasonable terms and conditions. The Debtors submit that the terms and conditions

7

set forth in the Engagement Letter, which are similar to the terms and conditions A&M offers to similar clients for similar services, are reasonable and should be approved.

16. A&M's decision to accept this engagement is conditioned upon its ability to be retained in accordance with its customary terms and conditions of employment, compensated for its services, and reimbursed for the out-of-pocket expenses it incurs in accordance with its customary billing practices, as set forth in section 4 of the Engagement Letter. In accordance with these terms, the Debtors will pay A&M for the services of the Engagement Personnel at A&M's current standard hourly rates, which are as follows:

| Position | Hourly Rate |
| --- | --- |
| CRO | $1,375 |
| Other Managing Directors | $1,100 - $1,575 |
| Directors | $850 - $1,100 |
| Associates | $625 - $825 |
| Analysts | $450 - $600 |

Such rates and ranges shall be subject to adjustment annually at such time as A&M adjusts its rates generally, and A&M will provide the Debtors with advance notice of any adjustments.

17. In addition to hourly compensation for the professional services the Engagement Personnel provide, A&M will be entitled to incentive compensation in the amount of $4,350,000 (the "*Completion Fee*") payable upon the earlier of (x) the consummation of a chapter 11 plan of reorganization; and (y) the sale, transfer or other disposition of all or a substantial portion of the assets or equity of the Debtors in one or more transactions.

18. In addition to compensation for professional services rendered by Engagement Personnel, A&M will seek reimbursement for reasonable and necessary expenses incurred in

connection with the Chapter 11 Cases, including, but not limited to travel, lodging, computer research, and messenger and telephone charges. In addition, A&M shall be reimbursed for the reasonable fees and expenses of its outside incurred in connection with the preparation and approval of this Application. A&M will not charge the 4% administrative fee set forth in paragraph 4(c) of the Engagement Letter during the Chapter 11 Cases. All fees and expenses due to A&M will be billed on a monthly basis, or more frequently as agreed to between A&M and the Debtors, as further set forth in the Engagement Letter.

19. To the best of the Debtors' knowledge, there is no agreement or understanding between A&M and any nonaffiliated person or entity for sharing compensation received, or to be received, for services rendered in connection with the Chapter 11 Cases. The foregoing compensation structure is consistent with and typical of compensation arrangements A&M and other comparable firms that render similar services under similar circumstances enter into. Given the numerous issues that the Engagement Personnel may be required to address in the performance of their services and A&M's commitment to the variable level of time and effort necessary to address all such issues as they arise, the Debtors believe that this method of compensation is reasonable, market-based, and designed to compensate A&M fairly for its work and to cover A&M's fixed and routine overhead expenses. Thus, the fee and expense structure is fair and reasonable under the standards set forth in section 328(a) of the Bankruptcy Code.

20. The Debtors understand that A&M intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in accordance with the applicable provisions of the Bankruptcy Code, including sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and any other applicable procedures and orders of this Court. All fees and expenses due to A&M

will be billed in accordance with any interim compensation orders the Court enters, and the relevant sections of the Bankruptcy Code, Bankruptcy Rules, and Bankruptcy Local Rules.

21. Pursuant to the Engagement Letter, A&M received a retainer in the total amount of $250,000.00 from the Debtors (the "**Retainer**") in connection with preparing for and conducting the filing of the Chapter 11 Cases. According to A&M's books and records, during the 90-day period prior to the Petition Date, the Debtors paid A&M $16,381,579.39 in the aggregate for professional services performed and expenses incurred, including the Retainer and advanced payments. The Debtors do not owe A&M any sums for prepetition services

22. After the Petition Date, A&M received a payment from the Debtors in the amount of $1,044,094.00 (the "**Post-Petition Payment**"). Such Post-Petition Payment was made in error, and A&M will promptly return the Post-Petition Payment to the Debtors.

## A&M'S DISINTERESTEDNESS

23. To the best of the Debtors' knowledge, information, and belief, other than as set forth in the Rajcevich Declaration, A&M: (a) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code; (b) has no connection with the Debtors, their creditors, other parties in interest, the attorneys or accountants of any of the foregoing, or the United States Trustee or any person employed in the Office of the United States Trustee; and (c) does not hold any interest adverse to the Debtors' estates.

24. As set forth in the Rajcevich Declaration, if any new material facts or relationships are discovered or arise, A&M will use reasonable efforts to promptly file a supplemental declaration with the Court.

## INDEMNIFICATION

25. As a material part of the consideration for which the Engagement Personnel have agreed to provide the services described herein, the Debtors have agreed to the indemnification

provision in paragraph 10 of the Engagement Letter and in the indemnification and limitation of liability agreement attached to and made a part of the Engagement Letter (collectively, the "*Indemnification Agreement*").[4] The rights to indemnification set forth in the Indemnification Agreement survive the termination of the Chapter 11 Cases or any cases into which they may be converted under the terms of the Indemnification Agreement.

26. The Indemnification Agreement is reasonable and customary for A&M and comparable firms providing financial advisory services. The Debtors and A&M negotiated the terms and conditions of the Indemnification Agreement at arm's-length and in good faith. The Debtors respectfully submit that the Indemnification Agreement, viewed in conjunction with the other terms of A&M's proposed retention, are reasonable and in the best interests of the Debtors, their estates, and creditors, in light of the fact that the Debtors require A&M's services to successfully reorganize.

## BASIS FOR RELIEF

27. In consideration of the size and complexity of their businesses, the Debtors seek to retain A&M, designate Mr. Rajcevich as the Debtors' CRO, and provide the Engagement Personnel, each effective as of the Petition Date, under section 327(a) of the Bankruptcy Code, which provides that a debtor is authorized to employ professional persons "that do not hold or

---

[4] The Indemnification Agreement generally provides that the Debtors will indemnify and hold harmless A&M and the other Indemnified Parties (as defined in the Indemnification Agreement) from and against any losses, claims, damages, liabilities, penalties, obligations, and expenses, including the costs for counsel and others in investigating, preparing, or defending any action or claim caused by, relating to, based upon, or arising out of the Indemnified Party's acceptance of or the performance or nonperformance of their obligations under the Engagement Letter. Notwithstanding the terms of the Indemnification Agreement, the Debtors and A&M have agreed, subject to the Court's approval of this Application, that in no event shall an Indemnified Person be indemnified or receive contribution or other payment under the Indemnification Agreement if the Debtors, their estates or the statutory committee of unsecured creditors appointed in the Chapter 11 Cases assert a claim against an Indemnified Person and the Court determines by final order that such claim arose out of the bad-faith, self-dealing, breach of fiduciary duty, if any, gross negligence or willful misconduct on the part of that or any other Indemnified Person.

represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [Debtors] in carrying out the [Debtors'] duties under this title." 11 U.S.C. § 327(a). Section 1107(b) of the Bankruptcy Code elaborates upon sections 101(14) and 327(a) of the Bankruptcy Code in cases under chapter 11 of the Bankruptcy Code and provides that "a person is not disqualified for employment under section 327 of [the Bankruptcy Code] by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case."

28. The Debtors seek approval of the Engagement Letter, including the compensation structure described therein, pursuant to section 328(a) of the Bankruptcy Code, which provides, in relevant part, that the Debtors, "with the court's approval, may employ or authorize the employment of a professional person under section 327...on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Accordingly, section 328 of the Bankruptcy Code permits the compensation of professionals, including consultants, on flexible terms that reflect the nature of their services and market conditions. *See Donaldson Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum (In re Nat'l Gypsum Co.)*, 123 F.3d 861, 862 (5th Cir. 1997) ("Under present § 328 the professional may avoid...uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee).").

29. Bankruptcy Rule 2014 requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

30. The fee and expense structure under the Engagement Letter sets forth reasonable terms and conditions of employment and should be approved under section 328(a) of the Bankruptcy Code. The fee and expense structure under the Engagement Letter adequately reflects (a) the nature of the services A&M will provide and (b) fee and expense structures and indemnification provisions A&M and other leading financial advisory and consulting firms typically utilize. In addition, A&M is "disinterested," and all of its fees and expenses are subject to Court approval in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and further orders of the Court.

31. The retention of A&M, including the services of Mr. Rajcevich as CRO, is in the best interests of the Debtors and their estates and is a sound exercise of the Debtors' business judgment. As set forth above, Mr. Rajcevich has extensive experience working with many complex companies undertaking restructuring efforts, and the Engagement Personnel are well qualified and equipped to assist the Debtors in this regard. In providing prepetition services to the Debtors, A&M gained experience, expertise, and particularized knowledge regarding the Debtors' business that will assist in providing effective and efficient services in the Chapter 11 Cases. Accordingly, the retention of A&M on the terms set forth herein and in the Engagement Letter is in the best interests of all parties in interest in the Chapter 11 Cases.

32. This Application is filed within 30 days of the Petition Date and, pursuant to Bankruptcy Local Rule 2014-1 and paragraph 47 of the Complex Case Procedures, is deemed contemporaneous with the Petition Date and entitled to relief effective as of the Petition Date. *See* Local Bankr. R. 2014-1(b)(1) ("If an application for approval of the employment of a professional is made within 30 days of the commencement of that professional's provision of services, it is deemed contemporaneous."); Complex Case Procedures ¶ 47.

## **NOTICE**

32. Notice of this Application will be given to the parties on the Debtors' Master Service List. A copy of this Application is available on (a) the Court's website, at www.txs.uscourts.gov and (b) the website maintained by the Debtors' claims and noticing agent, Omni Agent Solutions, Inc., at https://omniagentsolutions.com/PGR.

[*Remainder of page intentionally left blank.*]

**WHEREFORE**, the Debtors respectfully request that the Court enter the Order, granting the relief requested in this Application and such other and further relief as may be just and proper.

Signed:  November 20, 2025

Respectfully submitted,

/s/ *Ray Shem*
Name: Ray Shem
Title: President and Chief Financial Officer

**CERTIFICATE OF SERVICE**

      I certify that on November 20, 2025, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

                                              */s/ Timothy A. ("Tad") Davidson II*
                                              Timothy A. ("Tad") Davidson II