## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

------------------------------------------------------------ x

                                    :

In re:                                :    Chapter 11

                                      :

PINE GATE RENEWABLES, LLC, *et al.*,     :    Case No. 25-90669 (CML)

                                      :

            Debtors[1]                   :    (Jointly Administered)

                                        :

------------------------------------------------------------ x

### MOTION OF DEBTORS FOR
### ENTRY OF ORDER (I) APPROVING THE
### DISCLOSURE STATEMENT; (II) SCHEDULING
### A CONFIRMATION HEARING; (III) ESTABLISHING
### VOTING RECORD DATE, VOTING DEADLINE, AND
### OTHER DATES; (IV) APPROVING PROCEDURES FOR SOLICITING,
### RECEIVING, AND TABULATING VOTES ON PLAN AND FOR FILING
### CONFIRMATION OBJECTIONS; (V) APPROVING FORM AND MANNER OF
### <u>NOTICE AND OTHER DOCUMENTS; AND (VI) GRANTING RELATED RELIEF</u>

> **If you object to the relief requested, you must file a written response prior to December 18, 2025, at 4:00 p.m. (prevailing Central Time). Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on December 22, 2025, at 10:00 a.m. (prevailing Central Time) in Courtroom 402, 4th floor, 515 Rusk Street, Houston, Texas 77002. You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1]   A complete list of each of the Debtors in these chapter 11 cases (the "***Chapter 11 Cases***") and the last four digits of each Debtor's taxpayer identification number (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/PGR (the "***Case Website***"). The Debtors' mailing address for the purposes of the Chapter 11 Cases is 130 Roberts Street, Asheville, North Carolina 28801.

Pine Gate Renewables, LLC and its debtor affiliates in the above-captioned cases, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully state as follows in support of this motion (this "**Motion**"):

## RELIEF REQUESTED

1. By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto (the "**Proposed Order**"):

(a) approving the adequacy of the *Disclosure Statement for Joint Chapter 11 Plan of Pine Gate Renewables, LLC and Its Debtor Affiliates* (as may be amended, modified, or supplemented from time to time, the "**Disclosure Statement**"), filed substantially contemporaneously herewith;

(b) scheduling a hearing (the "**Confirmation Hearing**") on February 2, 2026 (prevailing Central Time) (subject to the Court's (as defined below) availability), at which the Court will consider confirmation of the *Joint Chapter 11 Plan of Pine Gate Renewables, LLC and Its Debtor Affiliates* (as may be amended, modified, or supplemented from time to time, the "**Plan**"), filed substantially contemporaneously herewith;[2]

(c) establishing January 26, 2026, at 4:00 p.m. (prevailing Central Time) as the deadline for (i) filing objections to the confirmation of the Plan (the "**Confirmation Objection Deadline**") and (ii) voting on the Plan (the "**Voting Deadline**");

(d) approving the form and manner of the notice of the Confirmation Hearing;

(e) establishing the Voting Record Date (as defined below) and the form and manner of the notice related thereto;

(f) approving the Solicitation Procedures (as defined below) with respect to the Plan, and the forms of Ballots, the Notices of Non-Voting Status, the Opt-Out Release Form, and the Cover Letter (each as defined below); and

(g) granting related relief.

---

[2] The Disclosure Statement and the Plan are filed contemporaneously herewith. Capitalized but undefined terms herein shall have the meanings ascribed to them in the Plan or the First Day Declaration (as defined below), as applicable.

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the Southern District of Texas (the "***Court***") over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court may enter a final order consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are Sections 105(a), 1125, 1126, and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "***Bankruptcy Code***"), Rules 2002, 3016, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), Rules 2002-1, 3016-1, and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "***Bankruptcy Local Rules***"), and the Procedures for Complex Cases in the Southern District of Texas (the "***Complex Case Procedures***").

## BACKGROUND

4.      On November 6, 2025, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been requested in the Chapter 11 Cases.

5.      The factual background regarding the Debtors, including their business, their capital structure, and the events leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Ray Shem, President and Chief Financial Officer of the Debtors, in Support of the Chapter 11 Petitions and First-Day Relief* [Docket No. 19] (the "***First Day Declaration***"), incorporated herein by reference.

6.      The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.

7.     On November 10, 2025, the Court entered an order [Docket No. 128] (the "***Bidding Procedures Order***") approving bidding procedures for sales of all, substantially all, or any portion of the Debtors' assets (collectively, the "***Sales***") and authorizing the Debtors to enter into asset purchase agreements with the Stalking Horse Bidders (as defined in the Bidding Procedures Order).

8.     On November 17, 2025, the Court entered a supplemental order [Docket No. 205] to the Bidding Procedures Order, approving the Stalking Horse Expense Reimbursement (as defined therein).

9.     On November 19, 2025, the Office of the United States Trustee for the Southern District of Texas (the "***U.S. Trustee***") appointed an official committee of unsecured creditors in the Chapter 11 Cases (as reconstituted from time to time, the "***Creditors Committee***") [Docket No. 225].

10.    A hearing at which the Debtors will seek approval of the Sales will be held on December 22, 2025, at 10:00 a.m. (prevailing Central Time).  *See* Bidding Procedures Order ¶ 38.

## I.     THE PLAN AND DISCLOSURE STATEMENT

11.    Concurrently with this Motion, the Debtors filed the Plan and the Disclosure Statement with the Court.  The Plan and Disclosure Statement are the products of the Debtors' review and analysis of their assets and liabilities, the circumstances leading to the commencement of the Chapter 11 Cases, and other significant events occurring during the Chapter 11 Cases.  The Plan provides for (a) the distribution of Distributable Proceeds, including the proceeds of any Retained Causes of Action and the proceeds of all non-Cash assets of the Debtors' Estates, after funding both the Professional Fee Escrow Account and the Wind-Down Reserve, and (b) the appointment of a Plan Administrator to implement the Plan, make required distributions, and wind

down the Debtors' estates (including the wind-down and dissolution of their Non-Debtor Affiliates).

12.     The Disclosure Statement describes the Plan in detail, including the proposed treatment for each class of Claims and Interests contemplated under the Plan and the effect of the Plan on the Holders of such Claims and Interests.   The Disclosure Statement provides comprehensive information that will be relevant to Holders of Claims and Interests entitled to vote in determining whether to vote to accept or reject the Plan.

## II.     SOLICITATION AND CONFIRMATION PROCESS

13.     In accordance with sections 1122 and 1123 of the Bankruptcy Code, the Plan contemplates classifying Holders of Claims and Interests into various Classes for all purposes, including with respect to voting on the Plan as follows:

| Class | Claim/Equity Interest | Status (Unimpaired or Impaired) | Voting Rights |
|---|---|---|---|
| 1 | Other Priority Claims | Unimpaired | Presumed to Accept (Not Entitled to Vote) |
| 2 | Other Secured Claims | Unimpaired | Presumed to Accept (Not Entitled to Vote) |
| *3(a)* | *Brookfield Secured Claims* | *Impaired* | *Entitled to Vote* |
| *3(b)* | *Carlyle Secured Claims* | *Impaired* | *Entitled to Vote* |
| *3(c)* | *Fundamental Secured Claims* | *Impaired* | *Entitled to Vote* |
| *4* | *General Unsecured Claims* | *Impaired* | *Entitled to Vote* |

| 5 | Intercompany Claims | Unimpaired/Impaired | Presumed to Accept or Deemed to Reject (Not Entitled to Vote) |
|---|---|---|---|
| 6 | Subordinated Claims | Impaired | Deemed to Reject (Not Entitled to Vote) |
| 7 | Intercompany Interests | Unimpaired/Impaired | Presumed to Accept or Deemed to Reject (Not Entitled to Vote) |
| 8 | Existing Equity Interests | Impaired | Deemed to Reject (Not Entitled to Vote) |

14.     Based on the foregoing and as discussed in greater detail below, the Debtors are proposing to (a) solicit votes to accept or reject the Plan from the Holders of Claims in Classes 3(a) (Brookfield Secured Claims), 3(b) (Carlyle Secured Claims), 3(c) (Fundamental Secured Claims) and 4 (General Unsecured Claims) (collectively, the "***Voting Classes***") and (b) not solicit votes to accept or reject the Plan from the Holders of Claims or Interests in Classes 1 (Other Priority Claims), 2 (Other Secured Claims), 5 (Intercompany Claims), 6 (Subordinated Claims), 7 (Intercompany Interests), and 8 (Existing Equity Interests) (collectively, the "***Non-Voting Classes***").

15.     The following table summarizes the relevant schedule the Debtors seek to establish through this Motion (subject to the Court's calendar) (the schedule set forth below, the "***Confirmation Schedule***"):

| Event | Date/Deadline |
|---|---|
| Voting Record Date | December 18, 2025 |
| Deadline to (a) Serve (i) Confirmation Hearing Notice, (ii) Opt-Out Release Forms, and (iii) Notices of Non-Voting Status; (b) | As soon as reasonably practicable after entry of the Proposed Order, but no later than December 29, 2025. |

| | |
|---|---|
| Transmit Solicitation Packages; and (c) Publish Confirmation Hearing Notice | |
| Plan Supplement Initial Filing Deadline | January 19, 2026 |
| Voting Deadline and Deadline to Return Opt-Out Release Forms | January 26, 2026, at 4:00 p.m. (prevailing Central time) |
| Confirmation Objection Deadline | January 26, 2026, at 4:00 p.m. (prevailing Central Time) |
| Deadline to file Confirmation Brief and Reply to Objections | January 29, 2026 |
| Confirmation Hearing | February 2, 2026 (subject to the Court's availability) |

16. The following table summarizes the attachments and exhibits cited throughout this Motion:

| Attachment / Exhibit | Exhibit |
|---|---|
| Confirmation Hearing Notice | Exhibit 1 to the Proposed Order |
| Notice of Non-Voting Status and Opt-Out Release Form | Exhibit 2 to the Proposed Order |
| Form of Ballot for Class 3(a) (Brookfield Secured Claims) | Exhibit 3-A to the Proposed Order |
| Form of Ballot for Class 3(b) (Carlyle Secured Claims) | Exhibit 3-B to the Proposed Order |
| Form of Ballot for Class 3(c) (Fundamental Secured Claims) | Exhibit 3-C to the Proposed Order |
| Form of Ballot for Class 4 (General Unsecured Claims) | Exhibit 4 to the Proposed Order |
| Cover Letter | Exhibit 5 to the Proposed Order |

## BASIS FOR RELIEF

**I.    THE FORM AND MANNER OF NOTICE OF THE DISCLOSURE STATEMENT HEARING SHOULD BE APPROVED**

17.    Bankruptcy Rule 3017(a) provides, in pertinent part:

> [A]fter a disclosure statement is filed in accordance with Rule 3016(b), the court shall hold a hearing on at least 28 days' notice to the debtor, creditors, equity security holders and other parties in interest as provided in Rule 2002 to consider the disclosure statement and any objections or modifications thereto.  The plan and the disclosure statement shall be mailed with the notice of the hearing only to the debtor, any trustee or committee appointed under the Code, the Securities and Exchange Commission, and any party in interest who requests in writing a copy of the statement or plan.

Fed. R. Bankr. P. 3017(a).

18.    In accordance with Bankruptcy Rule 3017(a), the Debtors have obtained from the Court a date and time for the hearing on the Disclosure Statement, which will be held on **December 22, 2025, at 10:00 a.m. (prevailing Central Time)** (the "***Disclosure Statement Hearing***").

19.    Bankruptcy Rules 2002(b) and 2002(d) require notice by mail to all of a debtor's creditors and equity security holders informing them of the time set for filing objections to, and the hearing to consider approval of, a disclosure statement.  Fed. R. Bankr. P. 2002(b), (d).  Bankruptcy Rule 2002(b) further provides that parties in interest have 28 days' notice of the deadline for filing objections to the approval of a disclosure statement.  Fed. R. Bankr. P. 2002(b).

20.    With respect to Bankruptcy Rules 2002(b) and 2002(d) requiring notice of the Disclosure Statement Hearing be sent by mail to all of a debtor's creditors and equity security holders, the Bankruptcy Rule 2002(m) provides the Court explicit authority to modify "the matters about which, the entity to whom, and ***the form and manner in which a notice must be sent***."  Fed. R. Bankr. P. 2002(m) (emphasis added).

21.    The Debtors have served, or caused to be served, notice of the Disclosure Statement Hearing, by email where available and first-class mail otherwise, on (a) all known Holders of

Claims against the Debtors, (b) all known Holders of Interests in the Debtors, and (c) the parties listed in paragraph 23. For the avoidance of doubt, the Debtors did not serve any Debtors or non-Debtor affiliates. The Debtors have also served, or will serve, by email where available and first-class mail otherwise, a copy of this Motion, notice of the Disclosure Statement Hearing, the Disclosure Statement, and the Plan (attached as Exhibit A to the Disclosure Statement) on the Notice Parties (as defined below). Moreover, copies of such documents are available on the website maintained by the Balloting Agent (as defined below) for the Debtors' Chapter 11 Cases at https://omniagentsolutions.com/PGR.

22.     In accordance with Bankruptcy Rule 2002(b), the Debtors' respectfully request that the Court establish **December 18, 2025, at 4:00 p.m. (prevailing Central Time)** as the deadline to file and serve objections or responses to this Motion including, without limitation, final approval of the Disclosure Statement sought herein (the "***Disclosure Statement Objection Deadline***"). This date will provide 28 days' notice to all parties in interest of the deadline to object to the Disclosure Statement, in full compliance with Bankruptcy Rule 2002(b).

23.     Moreover, pursuant to Bankruptcy Rule 2002(m), the Debtors respectfully request that the Court authorize (and retroactively approve completed service), but not direct, the Debtors to serve, or cause to be served, the notice of the Disclosure Statement Hearing by email where available and first-class mail otherwise. Given the high number of parties in interest in the Chapter 11 Cases and the costs of serving all such parties in interest by mail, authorizing the Debtors to serve notice of the Disclosure Statement Hearing by email, where available, minimizes the administrative burden and cost associated with service by mail, and will not prejudice parties in interest (indeed, for those parties that receive service by email it will *expedite* such parties in interest receiving these materials, thereby *enhancing* the notice provided).

24.     The Debtors request that the Court order that objections or responses to the Disclosure Statement, if any, must: (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules, and the Complex Case Procedures; (c) state with particularity the legal and factual basis for the objection; and (d) be filed with the Court so as to be **actually received** on or before the Disclosure Statement Objection Deadline and served on the following parties (the "***Notice Parties***"):

a.    Pine Gate Renewables, LLC: 130 Roberts Street, Asheville, North Carolina 28801, Attn: (Judith Hall, Chief Legal Officer & General Counsel);

b.    Co-Counsel to the Debtors: (i) Latham & Watkins, LLP, (a) 1271 Avenue of the Americas, New York, New York 10020 (Attn: Ray C. Schrock (ray.schrock@lw.com), Andrew M. Parlen (andrew.parlen@lw.com), and Alexander M. Welch (alex.welch@lw.com)); (b) 330 North Wabash Avenue, Suite 2800, Chicago, IL 60611 (Attn: Jason B. Gott (jason.gott@lw.com) and Jonathan C. Gordon (jonathan.gordon@lw.com)); and (ii) Hunton Andrews Kurth LLP, 600 Travis Street, Suite 4200, Houston, Texas 77002 (Attn: Timothy A. ("Tad") Davidson II (taddavidson@hunton.com), Philip M. Guffy (pguffy@hunton.com), and Brandon Bell (bbell@hunton.com));

c.    Office of the United States Trustee for Region 7: 515 Rusk Street, Suite 3516, Houston, TX 77002 (Attn: Andrew Jimenez (Andrew.Jimenez@usdoj.gov) and C. Ross Travis (c.ross.travis@usdoj.gov));

d.    Counsel to Brookfield: (i) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, Suite 2400, New York, NY 10019, Attn: Brian S. Hermann (bhermann@paulweiss.com) and Robert A. Britton (rbritton@paulweiss.com) and (ii) Porter Hedges LLP, 1000 Main St., 36th Floor, Houston, Texas 77002, Attn: John F. Higgins (jhiggins@porterhedges.com) and Megan Young-John (myoung-john@porterhedges.com);

e.    Counsel to Carlyle: (i) Milbank LLP, 55 Hudson Yards, New York, NY 10001, Attn: Tyson Lomazow (tlomazow@milbank.com) and Andrew Harmeyer (aharmeyer@milbank.com) and (ii) Haynes and Boone LLP, 1221 McKinney Street, Suite 4000, Houston, TX 77010, Attn: Ian Peck (ian.peck@haynesboone.com) and Charles Beckham (charles.beckham@haynesboone.com);

f.      Counsel to Fundamental: Sidley Austin LLP, 1000 Louisiana Street, Suite 5900, Houston, TX 77002, Attn: Duston K. McFaul (dmcfaul@sidley.com), Maegan Quejada (mquejada@sidley.com), and Ishani Patel (ishani.patel@sidley.com); and

g.      Counsel to Creditors' Committee.

25.      Requiring that objections to the Disclosure Statement be filed by the Disclosure Statement Objection Deadline will afford both the Court and the Debtors sufficient time to consider objections and responses before the Disclosure Statement Hearing.  The Debtors submit that the foregoing notice and objection procedures provide adequate notice of the Disclosure Statement Hearing and, accordingly, request that the Court deem such notice as adequate for purposes of Bankruptcy Rules 2002 and 3017.

## II.      THE DISCLOSURE STATEMENT CONTAINS ADEQUATE INFORMATION

26.      The Disclosure Statement contains adequate information within the meaning of section 1125(a)(1) of the Bankruptcy Code, which defines "adequate information" as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan.

11 U.S.C. § 1125(a)(1).

27.      The primary purpose of a disclosure statement is to provide all material information that creditors and interest holders affected by a proposed plan need to make an informed decision whether to vote for the plan.  *See, e.g.*, *Barron & Newburger, P.C. v. Tex. Skyline, Ltd. (In re Woerner)*, 783 F.3d 266, 271 (5th Cir. 2015) ("The proponent of a reorganization plan . . . must provide a court-approved disclosure statement that contains 'adequate information' about the assets, liabilities, and financial affairs of the debtor sufficient to enable creditors to make an

'informed judgment' about the plan.") (internal citations omitted); *see also Century Glove, Inc. v. First Am. Bank of New York*, 860 F.2d 94, 100 (3rd Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote."); *Prudential Ins. Co. of Am. v. Monnier (In re Monnier Bros.)*, 755 F.2d 1336, 1341 (8th Cir. 1985); *In re Phoenix Petroleum, Co.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001).  Congress intended that such informed judgments would be needed both to negotiate the terms of, and to vote on, a plan of reorganization.  *Century Glove*, 860 F.2d at 100.

28.     The determination as to what constitutes "adequate information" is based on the facts and circumstances of each case, but the focus is on whether sufficient information is provided to enable holders of claims and interests entitled to vote on a chapter 11 plan to make an informed decision on whether to accept or reject the plan.  *See* 11 U.S.C. § 1125(a)(1); *see also Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.)*, 844 F.2d 1142, 1157 (5th Cir. 1988) (opining that what constitutes adequate information is "subjective," "made on a case-by-case basis," and "largely in the discretion of the bankruptcy court"); S. Rep. No. 95-989, at 121 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5907 ("[T]he information required will necessarily be governed by the circumstances of the case.").

29.     Whether a disclosure statement contains adequate information is intended by Congress to be a flexible, fact-specific inquiry left within the discretion of the bankruptcy court. *See, e.g.*, H.R. Rep. 95-595, at 409 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6365; *Mabey v. SW Elec. Power Co. (In re Cajun Elec. Power Coop., Inc.)*, 150 F.3d 503, 518 (5th Cir. 1998) ("The legislative history of § 1125 indicates that, in determining what constitutes 'adequate

information' with respect to a particular disclosure statement, 'both the kind and form of information are left essentially to the judicial discretion of the court' and that 'the information required will necessarily be governed by the circumstances of the case.'" (internal citations omitted)), *cert. denied*, 526 U.S. 1144 (1999); *Tex. Extrusion Corp.*, 844 F.2d at 1157 ("The determination of what is adequate information is subjective and made on a case-by-case basis. This determination is largely within the discretion of the bankruptcy court.").

30.      In making this determination on a case-by-case basis, courts typically look for disclosures related to a variety of topics.  Such topics include, among others: (a) the events that led to the filing of a bankruptcy petition, (b) the relationship of the debtor with its affiliates, (c) a description of the available assets and their value, (d) the debtor's anticipated post-emergence operations, (e) claims asserted against the debtor, (f) the estimated return to creditors under a chapter 7 liquidation, (g) the chapter 11 plan or a summary thereof, (h) financial information relevant to a creditor's decision to accept or reject the chapter 11 plan, (i) information relevant to the risks posed to creditors under the plan, and (j) the actual or projected realizable value from recovery of preferential or otherwise avoidable transfers.  *See In re Metrocraft Pub. Serv., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984).

31.      The Disclosure Statement contains more than sufficient information for a hypothetical reasonable investor to make an informed judgment about the Plan and otherwise complies with all aspects of section 1125 of the Bankruptcy Code.  Specifically, the Disclosure Statement contains the pertinent information necessary for the Holders of Claims entitled to vote on the Plan to make an informed decision about whether to vote to accept or reject the Plan, including, among other things, the following key sections and information contained therein:

(h)      <u>Introduction</u>: background and material terms of the Plan, summary of voting on the Plan, summary of Confirmation Hearing and advisor contact information;

(i)  <u>Overview of the Debtors' Existing Operations</u>: Debtors' prepetition corporate structure, corporate history, business operations and revenue, and capital structure;

(j)  <u>Key Events Preceding Commencement of the Chapter 11 Cases</u>: factors impacting the Debtors' prepetition business and prepetition restructuring efforts;

(k)  <u>Overview of the Chapter 11 Cases</u>: commencement of the Chapter 11 Cases, first day motions and related relief, the Debtors' postpetition financing, marketing and sale of the Debtors' assets in connection with the Bidding Procedures Order, ongoing litigation, and other key events related to the Debtors' chapter 11 process;

(l)  <u>Summary of the Plan</u>: the classification and treatment of Claims and Interests under the Plan, corporate governance, wind-down, the appointment and duties of the Plan Administrator, release, injunction, exculpation, and related provisions, the binding nature of the Plan, provisions governing distributions, procedures for resolving Claims or Interests, and conditions precedent to confirmation of the Plan and the occurrence of the Effective Date;

(m)  <u>Means for Implementation</u>: the closing of the Sales and uses of cash, the Plan Administrator, wind-down and dissolution of Debtors, D&O and insurance policies, corporate action, and treatment of directors, managers, and officers of the Debtors, among others;

(n)  <u>Confirmation of the Plan</u>: Confirmation Hearing and Confirmation Objections, statutory requirements for confirmation of the Plan, consummation of the Plan, amendments and revocation or withdrawal of the Plan, among others;

(o)  <u>Alternatives to Confirmation and Consummation of the Plan</u>: continuation of the Chapter 11 Cases, liquidation under chapter 7 of the Bankruptcy Code, or the dismissal of the chapter 11 cases;

(p)  <u>Factors to Consider Before Voting</u>: certain bankruptcy law considerations and additional risk factors;

(q)  <u>Certain Material U.S. Federal Income Tax Consequences of the Plan</u>: certain U.S. federal income tax law consequences of the Plan with respect to certain Holders of Allowed Claims; and

(r)  <u>Conclusion and Recommendation</u>: the Debtors' recommendation that Holders of Claims entitled to vote on the Plan vote to accept the Plan.

32.   Accordingly, the Disclosure Statement provides Holders of Claims and Interests with "adequate information," within the meaning of Section 1125 of the Bankruptcy Code, and otherwise complies with all aspects of Section 1125 of the Bankruptcy Code.

### III.   THE PROPOSED CONFIRMATION SCHEDULE IS APPROPRIATE AND SHOULD BE APPROVED

33.      For the reasons set forth herein, the Debtors respectfully submit that the proposed Confirmation Schedule is appropriate and should be approved.  In accordance with Bankruptcy Rule 3020(b)(2), which provides that a court shall rule on confirmation of a plan after notice and a hearing, the Debtors request that the Court set the Confirmation Hearing for **February 2, 2026** or as soon thereafter as the Court's calendar allows.

34.      Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court."  Fed. R. Bankr. P. 3020(b)(1).  The Debtors respectfully request that the Court set **January 26, 2026, at 4:00 p.m. (prevailing Central Time)** as the Confirmation Objection Deadline for parties in interest to file and serve objections to confirmation of the Plan (collectively, "***Confirmation Objections***").   Under the proposed Confirmation Schedule, the Debtors will be required to serve notice of the Confirmation Hearing (including the proposed Confirmation Objection Deadline) by no later than December 29, 2025, thus providing 28 days' notice of the proposed Confirmation Objection Deadline in compliance with Bankruptcy Rule 2002(b).

35.      The Debtors request that the Court order that any Confirmation Objection must (a) be in writing, (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules, and the Complex Case Procedures, (c) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against or in the Debtors, (d) state with particularity the legal and factual basis for the objection, and (e) be filed with the Court and served on the Notice Parties so as to be **<u>actually received</u>** no later than the Confirmation Objection Deadline.

## IV.     ESTABLISHMENT OF VOTING RECORD DATE

36.     Bankruptcy Rule 3017(d) provides, that for purposes of soliciting votes in connection with a chapter 11 plan, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes, and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause …."  Fed. R. Bankr. P. 3017(d)(4).  Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for purposes of establishing the Holders of Claims against the Debtors that are entitled to receive ballots and materials necessary for voting on the plan as specified in Bankruptcy Rule 3017(d).  *See* Fed. R. Bankr. P. 3017(a)(2).

37.     Accordingly, the Debtors request that the Court fix **December 18, 2025**, as the record date with respect to all Claims entitled to vote on the Plan (the "***Voting Record Date***").  This date is merely one week earlier than the Disclosure Statement Hearing which is the date that, assuming this Motion is approved by the Court at the Disclosure Statement Hearing, would otherwise serve as the voting record date.  Moreover, by setting the date four days prior to the Disclosure Statement Hearing, the Debtors will have ample time to ensure compliance with the service deadlines proposed herein.  The Debtors will use the Voting Record Date to determine which Entities are entitled to, as applicable, receive Solicitation Packages (as defined below), vote to accept or reject the Plan or receive the Notice of Non-Voting Status.[3]

---

[3]     To the extent a lender agent maintains the list of Holders of Claims in a particular Voting Class, the Debtors seek authority to compel such agent to provide the Balloting Agent a list of such Holders, including the name, physical address, e-mail address, and voting amount for each Holder as of the Voting Record Date in excel format within one (1) business day after the Voting Record Date. For the purpose of establishing voting amounts, proofs of claim filed by such Holders will be disregarded.

## V.     THE SOLICITATION PROCEDURES ARE APPROPRIATE

### A.     Duties of Balloting Agent

38.     The Debtors have retained Omni Agent Solutions, Inc. as their notice, claims, and balloting agent (the "***Balloting Agent***") to assist them with the solicitation and voting process.  The Balloting Agent will assist the Debtors in, among other things, (a) serving the Notice of Non-Voting Status and related Opt-Out Release Forms to Holders of Claims and Interests in the Non-Voting Classes (except Classes 5 and 7)[4] and any other non-voting parties entitled to notice, as applicable, (b) serving the Solicitation Packages to Holders of Claims in the Voting Classes, (c) soliciting votes on the Plan, (d) receiving, tabulating, and reporting on (x) the Ballots cast to accept or reject the Plan and (y) any opt-out elections of Holders of Claims and Interests, (e) responding (but, in any event, not providing legal advice in connection with such responses) to inquiries from creditors and stakeholders relating to the Plan, the Disclosure Statement, Ballots, Notices of Non-Voting Status, Opt-Out Release Forms, and matters related thereto, including, without limitation, the procedures and requirements for submitting a vote to accept or reject the Plan and objecting to the Plan, and (f) if necessary, contacting creditors regarding the Plan and their Ballots (collectively, the "***Solicitation Procedures***").

### B.     Ballots

39.     The Debtors request approval of the Ballots for voting on the Plan in substantially the forms attached as Exhibits 3-A, 3-B, 3-C, and 4 to the Proposed Order.  Bankruptcy Rule 3017(d) requires the Debtors to mail a form of ballot, which substantially conforms to Official Form No. 314, to "creditors and equity security holders entitled to vote on the plan."  Fed R. Bankr.

---

[4]     With respect to Class 5 – Intercompany Claims and Class 7 – Intercompany Interests, the Debtors request a waiver of any requirement to serve a Notice of Non-Voting Status or any other bankruptcy notice on such Holders because such Claims and Interests are held by the Debtors or their affiliates.  As such, receipt of notice can be presumed without the necessity of actual delivery thereof.

P. 3017(d). The Ballots are based on Official Form No. 314, but have been modified to address the circumstances of the Chapter 11 Cases and include additional information that the Debtors believe to be relevant and appropriate for the Voting Classes. All Ballots will be accompanied by pre-addressed, postage prepaid return envelopes addressed to the Balloting Agent.

40. The Solicitation Package advises recipients that Ballots must be returned to the Balloting Agent in accordance with express submission instructions set forth in the Ballots. Each Ballot also contains detailed instructions on how to complete it and how to make any applicable elections contained therein.

41. The Debtors respectfully request that the Court authorize the Debtors to serve, or cause to be served, the Solicitation Packages by email where available and first-class mail otherwise pursuant to Bankruptcy Rule 2002(m). As set forth above, in connection with service of the notice of the Disclosure Statement Hearing, permitting service in this manner minimizes the administrative burden and cost associated with serving the large number of parties in interest in the Chapter 11 Cases and will not prejudice parties in interest (indeed, for those parties that receive service by email it will *expedite* such parties in interest receiving these materials, thereby *enhancing* the notice provided).

**C.    Additional Notices**

42. <u>Notice of Non-Voting</u>. Under the Plan, the Non-Voting Classes are (a) deemed to reject the Plan or (b) "unimpaired" (as such term is defined in the Bankruptcy Code) and, thus, conclusively presumed to accept the Plan. Classes of Claims or Interests that are deemed to reject or presumed to accept the Plan are not entitled to vote. Accordingly, the Non-Voting Classes will not receive Solicitation Packages. Rather, the Debtors will serve, or cause to be served, the Non-Voting Classes (other than Classes 5 and 7) a notice, substantially in the form of <u>Exhibit 2</u> attached to the Proposed Order (the "***Notice of Non-Voting Status***"), that (x) gives (i) notice of the filing

18

of the Plan, (ii) notice that such party has been classified in a Non-Voting Class, (iii) instructions regarding the Confirmation Hearing and how to obtain a copy of the Solicitation Package (other than Ballots) free of charge, and (iv) detailed directions for filing Confirmation Objections and (y) provides an election form for opting out of the Third-Party Release (an "***Opt-Out Release Form***"), substantially in the form attached as Appendix B to the Notice of Non-Voting Status.

43.     The Notice of Non-Voting Status contains the full text of the injunction, release, and exculpation provisions set forth in Articles 10.2, 10.3, 10.4, and 10.5 of the Plan and advises the Holders in the Non-Voting Classes that they will be deemed to have consented to the Third-Party Release in Article 10.3 of the Plan unless they timely and properly choose to opt out on the Opt-Out Release Forms provided to them by the Debtors and return an Opt-Out Release Form, by the deadline set forth therein, to the Balloting Agent.  The Notice of Non-Voting Status also includes instructions for where the Holders in Non-Voting Classes can obtain, free of charge, copies of the Plan, Disclosure Statement, and related exhibits such as the valuation analysis, financial projections, the Plan Supplement, and information generally about the Plan and Confirmation Hearing.

44.     The Debtors respectfully request that the Court authorize the Balloting Agent to serve the Notice of Non-Voting Status by email where available and first-class mail otherwise pursuant to Bankruptcy Rule 2002(m).  As set forth above, in connection with service of the notice of the Disclosure Statement Hearing and service of the Solicitation Packages, permitting service in this manner minimizes the administrative burden and cost associated with serving the large number of parties in interest in the Chapter 11 Cases and will not prejudice parties in interest (indeed, for those parties that receive service by email it will *expedite* such parties in interest receiving these materials, thereby *enhancing* the notice provided).

### D.    Content and General Transmittal of Solicitation Packages; Confirmation Hearing Notice

45.    Bankruptcy Rule 3017(d) specifies the materials to be distributed to all impaired creditors and equity security holders following approval of a disclosure statement.  Pursuant to this Bankruptcy Rule, the Debtors propose to serve, or cause to be served, within three (3) Business Days following entry of the Proposed Order (or as soon as practicable thereafter, but no later than December 29, 2025), subject to the limitations contained therein and elsewhere in this Motion, by email, where available, and otherwise by United States mail, first-class postage prepaid, personal service, or overnight delivery, the Solicitation Packages containing a printed version, or other electronic means (such as a QR code to save unnecessary costs),[5] as appropriate, of the following materials to holders of Claims in the Voting Classes that are eligible to vote on the Plan:[6]

(a)    a notice of the Confirmation Hearing, the Confirmation Objection Deadline, and the Voting Deadline in substantially the form attached as <u>Exhibit 1</u> to the Proposed Order (the "***Confirmation Hearing Notice***"), which the Debtors hereby request the Court to approve;

(b)    the Disclosure Statement;

(c)    the Plan (which may be furnished in the Solicitation Package as Exhibit A to the Disclosure Statement);

(d)    the Proposed Order, in its entered form (without exhibits attached);

(e)    a cover letter from the Debtors explaining the solicitation process and urging Holders of Claims in the Voting Classes to vote to accept the Plan, in substantially the form attached as <u>Exhibit 5</u> to the Proposed Order (the "***Cover Letter***");

(f)    copies of any letter(s) from any statutory committee recommending acceptance of the Plan; and

---

[5]    In the event the Debtors, in their discretion, employ a QR code, only the Disclosure Statement (with all exhibits annexed thereto, including the Plan) and Proposed Order (without exhibits attached) will be included thereon; the Confirmation Hearing Notice, Cover Letter, Ballot (with return envelope), and statutory committee letter(s), if any, will be distributed as part of the Solicitation Package in hard copy.  Solicitation materials included in a QR code will be available in hard copy upon request to the Balloting Agent, at no cost to the requesting party.

[6]    The Debtors also propose to serve the Solicitation Package, excluding a Ballot, on the U.S. Trustee and those parties requesting notice pursuant to Bankruptcy Rule 2002.

(g)   to the extent applicable, a Ballot and instructions, appropriate for the specific Holder, in substantially the forms attached as <u>Exhibits 3-A</u>, <u>3-B</u>, <u>3-C</u> and <u>4</u> to the Proposed Order.

46.   The Debtors will file an initial supplement to the Plan (the "***Plan Supplement***") on or before January 19, 2026, and may further supplement the Plan Supplement as necessary thereafter.  If the Confirmation Objection Deadline is extended, the Debtors shall be authorized to file the Plan Supplement by the date that is seven days before such extended Confirmation Objection Deadline.

47.   <u>Confirmation Hearing Notice</u>.  The Debtors propose to serve, or cause to be served, the Confirmation Hearing Notice as soon as reasonably practicable upon entry of the Proposed Order (but no later than December 29, 2025).  The Confirmation Hearing Notice sets forth, in part, (i) the date, time, and place of the Confirmation Hearing, (ii) instructions for obtaining copies of the Disclosure Statement and Plan, and (iii) the Confirmation Objection Deadline and the procedures for filing Confirmation Objections.  The Confirmation Hearing Notice will be served upon the Debtors' creditor matrix, all Holders of Interests as of the Voting Record Date, and any other party that has requested notice in the Chapter 11 Cases, which service will occur as soon as possible after the Court's approval of the Confirmation Hearing Notice.  The Confirmation Hearing Notice will also be served on the Notice Parties.

48.   The Debtors respectfully request that the Court authorize the Debtors to serve, or cause to be served, the Confirmation Hearing Notice by email where available and first-class mail otherwise pursuant to Bankruptcy Rule 2002(m).  As set forth above, in connection with service of the notice of the Disclosure Statement Hearing, the Solicitation Packages, and the Notice of Non-Voting Status, permitting service in this manner minimizes the administrative burden and cost associated with serving the large number of parties in interest in the Chapter 11 Cases and

will not prejudice parties in interest (indeed, for those parties that receive service by email it will *expedite* such parties in interest receiving these materials, thereby *enhancing* the notice provided).

49.       In addition, Bankruptcy Rule 2002(*l*) permits a court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."  The Debtors request that this Court authorize, but not direct, the Debtors, in their discretion, to give supplemental publication notice of the Confirmation Hearing by no later than December 29, 2025, in a national newspaper and such other local newspapers, trade journals or similar publications, if any, as the Debtors deem appropriate, electronically on the Case Website (located at https://omniagentsolutions.com/PGR) and in any other trade or other publications the Debtors deem necessary, which publication notice shall constitute good and sufficient notice of the Confirmation Hearing, Confirmation Objection Deadline, and related procedures to persons who do are not served the Confirmation Hearing Notice.  The proposed form and manner of notice, as described above, affords parties in interest ample notice of these proceedings.

### E.       No Transmittal Necessary

50.       The Debtors propose that Solicitation Packages, individual solicitation materials, or other notices not be sent to creditors whose Claims are based solely on amounts scheduled by the Debtors but whose Claims already have been paid or satisfied in the full scheduled amount; *provided*, *however*, that if, and to the extent that, any such creditor would be entitled to receive a Solicitation Package for any reason other than by virtue of the fact that its Claim had been scheduled by the Debtors, then such creditor will be sent a Solicitation Package in accordance with the procedures set forth above.  The Debtors request that they not be required to send Solicitation Packages, individual solicitation materials, or other notices to (a) any creditor who filed a Proof of Claim if the amount asserted in such Proof of Claim is less than or equal to the amount that has

already been paid, (b) any creditor on account of a clearly duplicative Claim, or (c) the Holder of a Claim that has been disallowed in its entirety by order of the Court.

51.     Because sending Solicitation Packages and other notices to outdated or otherwise improper addresses will result in needless expense, the Debtors request authority not to give notice or service of any kind upon any Person or Entity to whom the Debtors mailed notice of the Disclosure Statement Hearing and had such notice returned by the United States Postal Service as undeliverable, unless the Debtors have been informed in writing by such Person of that Person's new address.

52.     For purposes of serving the solicitation materials, the Debtors seek authorization to rely on the address information (for voting and non-voting parties alike) maintained by the Debtors and provided by the Debtors to the Balloting Agent.  To that end, the Debtors seek the waiver of any obligation for the Debtors or the Balloting Agent to conduct any additional research for updated addresses based on undeliverable solicitation materials (including undeliverable Ballots) and request that the Debtors will not be required to resend Solicitation Packages or other materials, including Notices of Non-Voting Status, that are returned as undeliverable unless the Debtors are provided with accurate addresses for such parties prior to the Voting Record Date.

F.     **Electronic Voting**

53.     In addition to accepting hard copy Ballots via first class mail, overnight courier, and hand delivery, the Debtors request authorization to accept Ballots via electronic, online transmissions, solely through a customized online balloting portal on the Case Website maintained by the Balloting Agent.  Entities entitled to vote may cast electronic Ballots and electronically sign and submit the Ballots instantly by utilizing the online balloting portal (which allows a Holder to submit an electronic signature).  Instructions for electronic, online transmission of Ballots are set forth on the forms of Ballots.  The encrypted Ballot data and audit trail created by such electronic

submission will become part of the record of any Ballots electronically through the balloting portal and the creditor's electronic signature will be deemed to be legally valid and effective.

54.     In light of the foregoing, the Solicitation Procedures, Ballots, and related notices are in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and all applicable non-bankruptcy laws, rules, and regulations.  Consequently, the Debtors respectfully request that this Court approve the Solicitation Procedures, Ballots, and related notices.

## III.   VOTING DEADLINE, PROCEDURES FOR VOTE TABULATION, AND OPT-OUT DEADLINE

55.     <u>Voting Deadline</u>.  Bankruptcy Rule 3017(c) requires the Court to fix a time within which holders of claims may vote to accept or reject the Plan.  Pursuant to this Bankruptcy Rule, the Debtors request that the Court set **January 26, 2026, at 4:00 p.m. (prevailing Central Time)** as the Voting Deadline, namely, the last date and time by which Ballots accepting or rejecting the Plan must be **<u>actually received</u>** by the Balloting Agent to be counted, unless extended by the Debtors either (i) for any Holder of a Claim in a Voting Class by written (including by email) notice to such Holder or (ii) for an entire Voting Class by notice filed by the Debtors in the Chapter 11 Cases.

56.     To avoid uncertainty, provide guidance to the Debtors and the Balloting Agent, and avoid the potential for inconsistent results, the Debtors request that the Court, pursuant to section 105(a) of the Bankruptcy Code, establish the guidelines set forth below for tabulating the votes to accept or reject the Plan:

(a)     <u>Votes Counted</u>.  The Debtors propose that any timely received Ballot that contains sufficient information to permit the identification of the claimant and the amount of the Claim and is cast as an acceptance or rejection of the Plan will be counted. The foregoing general procedures will be subject to the following exceptions:

i)    if a Claim is deemed Allowed in accordance with the Plan, such Claim is Allowed for voting purposes in the deemed Allowed amount set forth in the Plan;

ii)    a Claim for which a Proof of Claim has been timely filed and that is not subject to a pending objection or motion for estimation by the Debtors as of the Voting Record Date, shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, in the amount set forth in its Proof of Claim; *provided* that if: (a) the amount set forth in such Proof of Claim is noted as contingent, unliquidated, or disputed the amount in which such Claims is entitled to vote shall be the greater of $1.00 and the amount, if any, not denoted as contingent, unliquidated or disputed in such Proof of Claim, (b) without need for previously filing an objection or motion for estimation by the Voting Record Date, if the Debtors dispute the amount set forth in a Proof of Claim, the amount in which such Claim is entitled to vote shall be the greater of $1.00 and the amount if any, not disputed by the Debtors; *provided, however*, if the Holder of such disputed Claim disagrees with the Debtors' classification or the amount in which such Holder's Claim is entitled to vote on the Plan (each as set forth in the applicable Ballot) the Holder of such disputed Claim may file with the Court and serve on the Notice Parties a motion (each, a "***Rule 3018(a) Motion***") **by no later than January 12, 2026, at 5:00 p.m. (prevailing Central Time) (the "*Rule 3018(a) Motion Deadline*") so as to be <u>actually received</u>** by Rule 3018(a) Motion Deadline.  As to any Holder filing a Rule 3018(a) Motion, such Holder's Ballot will be counted as provided in the Proposed Order except as may be otherwise ordered by the Court;

iii)    a Claim for which the filing of a Proof of Claim was not required as a prerequisite for its allowance pursuant to the terms of Claims Bar Date Order or for which the Claims Bar Date has not passed, and for which no Proof of Claim has been filed, shall be entitled to vote in its scheduled amount;

iv)    if a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such Claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

v)    subject to subsections (vi) and (vii) below, if a Claim is not listed on the Schedules, or is scheduled at zero, in an unknown amount, or, as unliquidated, contingent, or disputed, (or otherwise does not, as of the Voting Record Date, have an outstanding amount due greater than zero) and a Proof of Claim was not (1) timely filed by the deadline for filing Proofs of Claim or (2) deemed timely filed by an order of the Court before the Voting Deadline, the Debtors propose that such Claim be disallowed for voting purposes and for purposes of allowance and distribution pursuant to Bankruptcy Rule 3003(c); *provided, however*, that a Claim listed in the

Schedules as contingent, unliquidated, or disputed for which the Claims Bar Date has not yet passed may vote in the amount of $1.00;

vi) a Claim by a counterparty to an Executory Contract or Unexpired Lease that appears on the Debtors' Cure Schedules and is scheduled at an amount greater than zero and has an outstanding amount due greater than zero is entitled to vote in the amount listed in the Cure Schedules that remains outstanding; *provided* that if the Claim appears in a different amount in one or more of the Debtors' Cure Schedules, the amount for purposes of voting shall be the amount appearing in the most recent Schedule filed with the Court;

vii) if a counterparty to an Executory Contract or Unexpired Lease with a Claim listed on the Schedules or the Cure Notice at zero, in an unknown amount, or, as unliquidated, contingent, or disputed (or otherwise does not, as of the Voting Record Date, have an outstanding amount due greater than zero) and whose Executory Contract or Unexpired Lease has, as of the Voting Record Date, not yet expired or been rejected by the Debtors, and such counterparty requests a Ballot prior to the Voting Deadline, such Claim may be voted in the amount of $1.00;

viii) where any portion of a single Claim has been transferred to a transferee, all Holders of any portion of such single Claim may be treated as a single creditor for purposes of the numerosity requirements in section 1126 of the Bankruptcy Code;

ix) notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate Claims within the same Voting Class may be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims;

x) if a Proof of Claim has been amended by a later Proof of Claim that is filed on or prior to the Voting Record date, the later filed amended Proof of Claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier proof of claim shall be disallowed for voting purpose, regardless of whether the Debtors have objected to such amended claim. Except as otherwise ordered by the Court, any amendments to Proofs of Claim after the Voting Record Date shall not be considered for purposes of these tabulation rules;

xi) if an objection to a Claim or any portion thereof has been filed before the Voting Record Date, then the Debtors propose that such Claim be temporarily disallowed for voting purposes only and not for the purposes of allowance or distribution, except to the extent and in the manner as may be set forth in the objection or an order granting such claimant's motion under Bankruptcy Rule 3018(a); and

xii)   any Ballot cast in an amount in excess of the Allowed amount of the relevant Claim will only be counted to the extent of such Allowed Claim.

(b)   <u>Votes Not Counted</u>.  The Debtors further propose that the following Ballots not be counted or considered for any purpose:

i)   any Ballot received after the Voting Deadline unless the Debtors have granted an extension of the Voting Deadline in writing with respect to such Ballot;

ii)   any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

iii)   any Ballot cast by a Person or Entity that does not hold a Claim in a Voting Class;

iv)   any Ballot that is properly completed, executed and timely filed, but (1) does not indicate an acceptance or rejection of the Plan, (2) indicates both an acceptance and rejection of the Plan, or (3) partially accepts and partially rejects the Plan;

v)   any Ballot submitted by telecopy, facsimile, email, or other electronic means except for the Balloting Agent's online balloting portal;

vi)   any unsigned Ballot;

vii)   in the event that (i) a Ballot, (ii) a group of Ballots within a Voting Class received from a single creditor, or (iii) a group of Ballots received from the various Holders of multiple portions of a single Claim partially reject and partially accept the Plan, such Ballots may not be counted in the Debtors' discretion;

viii)   any Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Balloting Agent), or the Debtors' financial or legal advisors; and

ix)   any Ballot not cast in accordance with the procedures approved in the Proposed Order.

(c)   <u>Duplicate Votes</u>.  Any duplicate Ballots will only be counted once.

(d)   <u>Changing Votes</u>.  Whenever two or more Ballots are cast which attempt to vote the same Claim before the Voting Deadline, the last valid Ballot received before the Voting Deadline will be deemed to reflect the voter's intent and thus to supersede any prior Ballots.  This procedure is without prejudice to the Debtors' rights to object to the validity of the superseding Ballot(s) on any basis permitted by law and, if the objection is sustained, to count the first Ballot for all purposes.

(e)     No Vote Splitting; Effect.  Claim splitting is not permitted and creditors who vote must vote all of their Claims within a particular Class to either accept or reject the Plan.  Any Ballot that attempts to split Claims will not be counted.

(f)     Amendments.  If a Proof of Claim has been amended, the last filed Proof of Claim (as of the Voting Record Date) shall govern.

57.     The Debtors, in their discretion, may waive any defect in any Ballot at any time, either before or after the close of voting and without notice.  Subject to contrary order of this Court, the Debtors reserve the absolute right to reject any and all Ballots not proper in form or timely submitted on or before the Voting Deadline, the acceptance of which would, in the opinion of the Debtors, not be in accordance with the provisions of the Bankruptcy Code; *provided*, *however*, that such invalid Ballots shall be documented in the voting results filed with this Court.

58.     Opt-Out Deadline.  The Debtors further request the Court set **January 26, 2026, at 4:00 p.m. (prevailing Central Time)** (the "***Release Opt-Out Deadline***"), as the last date and time by which Opt-Out Releases Forms electing not to grant the Third-Party Release set forth in Article 10.3 of the Plan must be **actually received** by the Balloting Agent.  Any Holder of a Claim or Interest in the Non-Voting Classes will be deemed to consent to and grant the Third-Party Release unless such Holder affirmatively opts out of the Third-Party Release on or before the Release Opt-Out Deadline.

## NOTICE

59.     Notice of this Motion will be served on: (a) the Office of the United States Trustee for the Southern District of Texas; (b) Kirkland & Ellis LLP, as counsel to GC PGR HoldCo Member, LLC and GC PGR HoldCo, LLC; (c) Weil, Gotshal & Manges LLP, as counsel to Healthcare of Ontario Pension Plan Trust Fund; (d) Sidley Austin LLP, as counsel to FP Solar Development I LLC; (e) Milbank LLP, as counsel to Carlyle Global Credit Investment Management L.L.C.; (f) Paul, Weiss, Rifkind, Wharton & Garrison LLP, as counsel to BID

Administrator LLC; (g) Greenberg Traurig, as counsel to John Hancock; (h) the creditors listed on the Debtors' consolidated list of 30 creditors holding the largest unsecured claims; (i) the Internal Revenue Service; (j) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, under the circumstances, no other or further notice is required.

60.     A copy of the Motion and all pleadings filed in the Chapter 11 Cases, including the Plan and Disclosure Statement, are available on (a) the Court's website, at www.txs.uscourts.gov, and (b) the Case Website maintained by the Balloting Agent at https://omniagentsolutions.com/PGR.

*[Remainder of this page intentionally left blank]*

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order granting the relief requested in the Motion and such other and further relief as the Court may deem just and proper.

Dated:  November 20, 2025          Respectfully submitted,

*/s/ Timothy A. ("Tad") Davidson II*
**HUNTON ANDREWS KURTH LLP**
Timothy A. ("Tad") Davidson II (Texas Bar No. 24012503)
Philip M. Guffy (Texas Bar No. 24113705)
Brandon Bell (Texas Bar No. 24127019)
600 Travis Street, Suite 4200
Houston, TX 77002
Telephone: (713) 220-4200
Email: taddavidson@Hunton.com
          pguffy@Hunton.com
          bbell@Hunton.com

-and-

**LATHAM & WATKINS LLP**
Ray C. Schrock (NY Bar No. 4860631)
Andrew M. Parlen (NY Bar No. 5370085)
Alexander W. Welch (NY Bar No. 5624861)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: ray.schrock@lw.com
          andrew.parlen@lw.com
          alex.welch@lw.com

Jason B. Gott (IL Bar No. 6309114)
Jonathan C. Gordon (IL Bar No. 6329732)
330 N. Wabash Avenue
Suite No. 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: jason.gott@lw.com
          jonathan.gordon@lw.com

*Proposed Attorneys for the Debtors*
*and Debtors in Possession*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 20, 2025, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

*/s/  Timothy A. ("Tad") Davidson II*
Timothy A. ("Tad") Davidson II