IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------------ x
:
In re:                                                       :  Chapter 11
                                                             :
PINE GATE RENEWABLES, LLC, *et al.*,                         :  Case No. 25-90669 (CML)
                                                             :
    Debtors[1]                                               :  (Jointly Administered)
                                                             :
------------------------------------------------------------ x

**MOTION OF THE DEBTORS FOR ENTRY OF AN
ORDER (I) ESTABLISHING PROCEDURES FOR SALES OF
DE MINIMIS ASSETS AND (II) GRANTING RELATED RELIEF**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this application was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this application was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "**Debtors**") state the following in support of this motion (this "**Motion**"):[2]

**RELIEF REQUESTED**

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "**Proposed Order**") (a) establishing procedures to authorize the Debtors to efficiently sell, in their discretion, certain assets that are of relatively de minimis value compared to the Debtors'

---

[1]  A complete list of each of the Debtors in these chapter 11 cases (the "**Chapter 11 Cases**") and the last four digits of each Debtor's taxpayer identification number (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/PGR. The Debtors' mailing address for the purposes of the Chapter 11 Cases is 130 Roberts Street, Asheville, North Carolina 28801.

[2]  Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the *Interim Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Authorizing the Use of Cash Collateral, (IV) Granting Adequate Protection to the Prepetition Secured Parties, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [Docket No. 132] (the "**Interim DIP Order**," together with any subsequent or final order entered by the Court authorizing the Debtors' to obtain postpetition financing or use cash collateral, the "**DIP Orders**").

US-DOCS\165261692

total asset base (the "***De Minimis Assets***"), free and clear of all liens, claims, interests, and other encumbrances; and (b) granting related relief.

## JURISDICTION AND VENUE

2. The United States Bankruptcy Court for the Southern District of Texas (the "***Court***") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157, and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 363 of title 11 of the United States Code (the "***Bankruptcy Code***"), rule 6004 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "***Bankruptcy Local Rules***"), and the Procedures for Complex Cases in the Southern District of Texas.

## BACKGROUND

4. On November 6, 2025 (the "***Petition Date***"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "***Chapter 11 Cases***"). The Debtors continue to operate their businesses and manage their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Chapter 11 Cases. On November 19, 2025, the Office of the United States Trustee for the Southern District of Texas (the "***U.S. Trustee***") appointed an official committee of unsecured creditors (the "***UCC***"). *See* Docket No. 225.

5. The Chapter 11 Cases are being jointly administered, for procedural purposes only, pursuant to Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1. *See* Docket No. 33.

6. The factual background regarding the Debtors, including their business, their capital structure, and the events leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Ray Shem, President and Chief Financial Officer of the Debtors, in Support of Chapter 11 Petitions and First-Day Relief* [Docket No. 19] (the "**First Day Declaration**").

## DE MINIMIS ASSET SALE PROCEDURES

**A.    The De Minimis Assets**

7. The Debtors anticipate that, during the pendency of the Chapter 11 Cases, they are likely to sell De Minimis Assets ("***De Minimis Transactions***") that are no longer needed or are otherwise not useful to the Debtors' business operations (particularly in connection with the winddown of Debtor Blue Ridge Power ("**BRP**")) or that the Debtors otherwise have a legitimate business reason to sell.  The Debtors have determined, in their business judgment, that conducting periodic De Minimis Transactions is necessary and will be beneficial to their estates and help maximize recoveries for creditors.

8. The Debtors believe that potential purchasers or other parties in interest may request confirmation that the De Minimis Transactions (a) are authorized by the Court, (b) are made free and clear of any liens under section 363(f) of the Bankruptcy Code, or (c) entitle them to the protections provided by section 363(m) of the Bankruptcy Code.  Further, the Debtors anticipate that it is possible that some De Minimis Transactions could constitute transactions outside the ordinary course of the Debtors' business, thereby requiring this Court's approval pursuant to section 363(b)(1) of the Bankruptcy Code.

9. Obtaining Court approval of each De Minimis Transaction would be administratively burdensome and costly to the Debtors' estates and could eliminate or substantially undermine the economic benefits that would otherwise be realized from such De Minimis Transactions.  In some instances, for example, the usual process for obtaining Court approval for

3

De Minimis Transactions may hinder the Debtors' ability to take advantage of sale opportunities that are available for only a limited time.

10. Accordingly, to alleviate the cost and delay associated with the filing of a separate motion for each proposed De Minimis Transaction, the Debtors seek approval of the De Minimis Asset Sale Procedures (as defined below). These procedures will enable the Debtors to continue their efforts to sell De Minimis Assets in an efficient manner, while permitting review by certain parties in interest. The Debtors believe that the proposed De Minimis Asset Sale Procedures set forth below will promote judicial economy and conserve the Debtors' resources by avoiding the need for numerous motions to approve relatively modest sales of De Minimis Assets. Entry of the Proposed Order approving the De Minimis Asset Sale Procedures, and authorizing the sale of De Minimis Assets without further notice or hearing, other than as set forth below, is warranted under the circumstances and will further the Debtors' efforts to efficiently prosecute the Chapter 11 Cases.

**B.      Proposed De Minimis Asset Sale Procedures**

11. The Debtors propose to sell De Minimis Assets pursuant to the procedures set forth below (the "***De Minimis Asset Sale Procedures***"):[3]

(a) <u>Non-Noticed De Minimis Asset Sales</u>. For assets that (x) in the Debtors' reasonable and good faith determination, have a fair market value, or if unavailable and not reasonably determinable, a book value of $1,000,000 or less and (y) the Debtors propose to sell through a De Minimis Transaction or a series of related De Minimis Transactions (each, a "***Non-Noticed De Minimis Asset Sale***"):

(i) <u>De Minimis Transactions Sold to the Same Party</u>. If multiple assets, each with a fair market value or, if unavailable and not reasonably determinable, a book value of $1,000,000 or less, are sold in a series of De Minimis Transactions to a party, that in the aggregate exceed $1,000,000 in fair market value or book value, then such De Minimis Transactions will be

---

[3] Nothing in this Motion, the Proposed Order, or the De Minimis Asset Sale Procedures shall prohibit the Debtors from filing one or more motions to approve a sale or transfer of assets.

4

subject to the Noticed De Minimis Asset Sale procedures, set forth in paragraph 11(b).

(ii) <u>E-Mail Notice.</u>  At least two business days prior to the closing of any proposed Non-Noticed De Minimis Asset Sale, the Debtors shall serve, via e-mail, a notice (such notice of a Non-Noticed De Minimis Asset Sale, a "***E-mail Notification***") to:

1. counsel to Brookfield:  (i) Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, Suite 2400, New York, NY 10019, Attn:  Brian S. Hermann (bhermann@paulweiss.com) and Robert A. Britton (rbritton@paulweiss.com) and (ii) Porter Hedges LLP, 1000 Main St., 36th Floor, Houston, TX 77002, Attn: John F. Higgins (jhiggins@porterhedges.com) and Megan Young-John (myoung-john@porterhedges.com);

2. counsel to Carlyle: (i) Milbank LLP, 55 Hudson Yards, New York, NY 10001, Attn: Tyson Lomazow (tlomazow@milbank.com) and Andrew Harmeyer (aharmeyer@milbank.com) and (ii) Haynes and Boone LLP, 1221 McKinney Street, Suite 4000, Houston, TX 77010, Attn: Ian Peck (ian.peck@haynesboone.com) and Charles Beckham (charles.beckham@haynesboone.com);

3. counsel to Fundamental: Sidley Austin LLP, 1000 Louisiana Street, Suite 5900, Houston, TX 77002, Attn: Duston K. McFaul (dmcfaul@sidley.com), Maegan Quejada (mquejada@sidley.com), and Ishani Patel (ishani.patel@sidley.com); and

4. counsel to the UCC: White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn: Brett L. Bakemeyer (brett.bakemeyer@whitecase.com) and 111 South Wacker Drive, Suite 5100, Attn: Gregory F. Pesce (gregory.pesce@whitecase.com).

Such E-mail Notification shall disclose:

1. the De Minimis Asset proposed to be sold;

2. the fair market value and/or book value of the applicable De Minimis Asset;

3. the entity that owns the applicable De Minimis Assets;

4. the identity of any parties known to the Debtors as holding Liens on the De Minimis Asset being sold and a statement indicating whether (a) all such Liens are capable of monetary satisfaction, or (b) the holders of such Liens have consented to the sale;

5. the proposed sale price for the applicable De Minimis Asset, and

5

      6. the proposed purchaser and, if applicable, the broker or auctioneer that advised or assisted the Debtors with such Non-Noticed De Minimis Asset Sale and any fees to be paid to such party in connection with the proposed sale.

    (iii) <u>Business Judgment Standard</u>. Subject to the terms of the DIP Order and the DIP Documents (as defined in the DIP Order), the Debtors are authorized to consummate sales of such De Minimis Assets without further order of the Court if the Debtors determine in their reasonable business judgment that such sales are in the best interests of the Debtors' estates.

    (iv) <u>Sale Free and Clear</u>. Any Non-Noticed De Minimis Asset Sale of property shall be free and clear of all liens, claims, and encumbrances (collectively, "***Liens***"), with any valid and properly perfected Liens attaching only to the sale proceeds with the same validity, extent, and priority as such Liens had attached immediately prior to the sale.

    (v) <u>Use of Proceeds</u>. The use of proceeds of each Non-Noticed De Minimis Asset Sale shall be subject to the terms of the DIP Order and the DIP Documents.

    (vi) <u>Good Faith Purchaser</u>. Each purchaser of De Minimis Assets pursuant to such a Non-Noticed De Minimis Asset Sale will be afforded the protections of section 363(m) of the Bankruptcy Code and deemed to be a good faith purchaser.

    (vii) <u>Non-Noticed De Minimis Asset Sales Reports</u>. Within thirty (30) days after each quarterly period's end, commencing with the period ending December 31, 2025, the Debtors will file with the Court a report summarizing any Non-Noticed De Minimis Asset Sales that were completed pursuant to the De Minimis Asset Sale Procedures during the immediately preceding quarter, and serve it on the Notice Parties. With respect to each applicable Non-Noticed De Minimis Asset Sale, each quarterly report shall identify: (I) the De Minimis Assets sold, (II) fair market value and, to the extent available, book value of the De Minimis Assets being sold; (III) a summary of the reasons for selling such De Minimis Assets, (IV) the entity that sold the De Minimis Assets, (V) the sale price of any De Minimis Assets sold, and (VI) identification of the purchaser and the Broker, if applicable, that advised or assisted the Debtors with such Non-Noticed De Minimis Asset Sale and any fees paid to such party in connection with such Non-Noticed De Minimis Asset Sale (the "***Quarterly Non-Noticed De Minimis Asset Sales Reports***").

(b) <u>Noticed De Minimis Asset Sales</u>. For assets that (x) in the Debtors' reasonable and good faith determination have a fair market value, or if unavailable and not reasonable determinable, a book value of more than $1,000,000 but less than or equal to $10,000,000 and that (y) the Debtors propose to sell through a De Minimis

Transaction or a series of related De Minimis Transactions (each, a "***Noticed De Minimis Asset Sale***"):

(i) <u>De Minimis Transactions Sold to the Same Party</u>. If multiple assets, each with a fair market value or, if unavailable and not reasonably determinable, a book value of $10,000,000 or less, are sold in a series of De Minimis Transactions to a party, that in the aggregate exceed $10,000,000 in fair market value or book value, then such De Minimis Transactions will be subject to the Bidding Procedures Motion procedures, set forth in paragraph 11(c).

(ii) <u>Business Judgment Standard.</u> Subject to the terms of the DIP Order and the DIP Documents, the Debtors are authorized to consummate such a sale of De Minimis Assets without further order of the Court, subject to the procedures set forth herein, if the Debtors determine in their reasonable business judgment that such a sale is in the best interest of the Debtors' estates; *provided, however,* that each Noticed De Minimis Asset Sale shall be subject to the terms and conditions of the DIP Credit Agreement.

(iii) <u>Sale Free and Clear</u>. Any Noticed De Minimis Asset Sale shall be free and clear of all Liens, with any valid and properly perfected Liens attaching only to the sale proceeds with the same validity, extent, and priority as such Liens immediately prior to such Noticed De Minimis Asset Sale.

(iv) <u>Use of Proceeds</u>. The use of proceeds of each Non-Noticed De Minimis Asset Sale shall be subject to the terms of the DIP Order and the DIP Documents.

(v) <u>Good Faith Purchaser</u>. Each purchaser of De Minimis Assets sold pursuant to a Noticed De Minimis Asset Sale will be afforded the protections of section 363(m) of the Bankruptcy Code and deemed to be a good faith purchaser.

(vi) <u>De Minimis Asset Sale Notice</u>. The Debtors shall, at least five (5) business days prior to closing a Noticed De Minimis Asset Sale, file and serve a written notice of such sale via e-mail (each notice, a "***De Minimis Asset Sale Notice***") to the following parties (collectively, the "***Notice Parties***"):

1. the office of the United States Trustee for Region 7: Attn: Andrew Jimenez and C. Ross Travis (Andrew.Jimenez@usdoj.gov and C.Ross.Travis@usdoj.gov);

2. counsel to Brookfield: (i)Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, Suite 2400, New York, NY 10019, Attn: Brian S. Hermann (bhermann@paulweiss.com) and Robert A. Britton (rbritton@paulweiss.com) and (ii) Porter Hedges LLP, 1000 Main St., 36th Floor, Houston, Texas 77002, Attn: John F. Higgins

       (jhiggins@porterhedges.com) and Megan Young-John (myoung-john@porterhedges.com);

3. counsel to Carlyle: (i) Milbank LLP, 55 Hudson Yards, New York, NY 10001, Attn: Tyson Lomazow (tlomazow@milbank.com) and Andrew Harmeyer (aharmeyer@milbank.com) and (ii) Haynes and Boone LLP, 1221 McKinney Street, Suite 4000, Houston, TX 77010, Attn: Ian Peck (ian.peck@haynesboone.com) and Charles Beckham (charles.beckham@haynesboone.com);

4. counsel to Fundamental: Sidley Austin LLP, 1000 Louisiana Street, Suite 5900, Houston, TX 77002, Attn: Duston K. McFaul (dmcfaul@sidley.com), Maegan Quejada (mquejada@sidley.com), and Ishani Patel (ishani.patel@sidley.com);

5. counsel to the UCC: White & Case LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn: Brett L. Bakemeyer (brett.bakemeyer@whitecase.com) and 111 South Wacker Drive, Suite 5100, Attn: Gregory F. Pesce (gregory.pesce@whitecase.com);

6. any other statutory committee appointed in the Chapter 11 Cases (including the UCC, each a "***Committee***"); and

7. all known parties holding or asserting liens, claims, encumbrances or other interests in the De Minimis Assets being sold and their respective counsel, if known.

(vii) Such De Minimis Asset Sale Notice shall disclose:

1. the De Minimis Asset(s) being sold;

2. the fair market value and, to the extent available, book value of the De Minimis Asset(s) being sold;

3. the identity of the proposed purchaser(s) of the De Minimis Asset(s) and the relationship any proposed purchaser has with the Debtors or insiders of the Debtors (if any);

4. the identity of any parties known to the Debtors as holding Liens on the De Minimis Asset being sold and a statement indicating whether (a) all such Liens are capable of monetary satisfaction, or (b) the holders of such Liens have consented to the sale;

5. the proposed sale price;

6. any other significant terms of the Noticed De Minimis Asset Sale;

8

       7. the date by which objections must be filed and served on the Debtors; and

       8. the Broker, if any, that advised or assisted the Debtors with such Noticed De Minimis Asset Sale and any fees paid or to be paid to such party in connection with such Noticed De Minimis Asset Sale.

(viii)   <u>Revised De Minimis Asset Sale Notice</u>. If the terms of the proposed De Minimis Transaction relating to a Noticed De Minimis Asset Sale are materially modified (including, without limitation, a change in the De Minimis Asset(s) involved, the price, or the parties to the transaction) after transmittal of the De Minimis Asset Sale Notice but prior to the deadline to file a timely objection, the Debtors shall serve a revised De Minimis Asset Sale Notice (each notice, a "***Revised De Minimis Asset Sale Notice***") on the Notice Parties describing the material terms to be amended or revised. If a Revised De Minimis Asset Sale Notice is required, the Noticed De Minimis Asset Sale Objection Deadline shall be extended for an additional three (3) business days following the delivery of such Revised De Minimis Asset Sale Notice.

(ix)   <u>Objection Procedures</u>. Parties objecting to a Noticed De Minimis Asset Sale must file and serve a written objection so that such objection is filed with the Court and is actually received by the Notice Parties as well as counsel to the Debtors no later than five (5) business days after the date the Debtors serve the relevant De Minimis Asset Sale Notice (the "***Noticed De Minimis Asset Sale Objection Deadline***").

(x)   <u>No Objection</u>. If no objection to a Noticed De Minimis Asset Sale is timely filed by the Noticed De Minimis Asset Sale Objection Deadline, the Debtors are authorized to immediately consummate such Noticed De Minimis Asset Sale.

(xi)   <u>Unresolved Objections</u>. If a timely objection is filed and not withdrawn or resolved within three (3) business days of the filing thereof, the Debtors shall file a notice of hearing to consider the unresolved objection, and such hearing shall be held on an expedited basis, subject to the Court's availability. If such objection is overruled or withdrawn, or if the sale of the De Minimis Assets is specifically approved by further order of the Court, the Debtors are authorized to immediately consummate such Noticed De Minimis Asset Sale.

(c)   <u>Sale Pursuant to Motion</u>. Subject to the terms of the DIP Order and the DIP Documents, for assets that, in the Debtors' reasonable and good faith determination, have a fair market value, or if unavailable and not reasonably determinable, a book value of more than $10,000,000, and are proposed to be sold in a transaction, or in a series of related transactions, the Debtors shall seek authority to sell such assets pursuant to a separate motion (which may be the *Emergency Motion of Debtors for*

9

*Entry of Orders (I)(A) Approving Bidding Procedures for Sale of Debtors' Assets, (B) Establishing Procedures for Debtors' Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, (C) Scheduling Dates for an Auction and a Hearing to Consider Approval of Any Resulting Sale, (D) Approving Form and Manner of Notices Related Thereto, and (E) Granting Related Relief; and (II)(A) Approving and Authorizing Sale of Debtors' Assets Free and Clear of All Claims, Liens, Liabilities, Rights, Interests, and Encumbrances, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (C) Granting Related Relief* [Docket No. 22] (the "**Bidding Procedures Motion**")) and in accordance with the Bankruptcy Code, Bankruptcy Rules, and Bankruptcy Local Rules.

(d) <u>Insider Sales</u>. The De Minimis Asset Sale Procedures shall not be applicable to any proposed sale to any current or former shareholders, directors, or officers of the Debtors or their affiliates.

12. The Debtors also seek authorization to take any action that is reasonable or necessary to close De Minimis Transactions and to obtain the proceeds thereof, including, without limitation, paying reasonable and necessary fees and expenses to purchasers, agents, brokers, auctioneers, and/or liquidators (a "**Broker**") if any, without the need to file separate retention or fee applications for such professionals, solely to the extent of services provided in connection with a De Minimis Transaction. Pursuant to the De Minimis Asset Sale Procedures, the amount of proposed fees or expenses to be paid shall be disclosed in the Quarterly Non-Noticed De Minimis Asset Sales Report or the De Minimis Asset Sale Notice, as applicable.

## BASIS FOR RELIEF

**A. The De Minimis Asset Sale Procedures Reflect a Reasonable Exercise of Sound Business Judgment.**

13. Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Courts in the Fifth Circuit have granted a debtor's request to use or sell property of the estate outside of the ordinary course of business pursuant to section 363(b) of the Bankruptcy Code upon a finding that such use or sale is supported

by sound business reasons. *See, e.g.*, *Cadle Co. v. Mims (In re Moore)*, 608 F.3d 253, 263 (5th Cir. 2010) ("A sale of assets under § 363 . . . must be supported by an articulated business justification, good business judgment, or sound business reasons."); *Black v. Schmidt (In re BNP Petroleum Corp.)*, 642 F. App'x 429, 435 (5th Cir. 2016) (same); *Inst. Creditors of Cont'l Air Lines, Inc. v. Cont'l Air Lines, Inc. (In re Cont'l Air Lines)*, 780 F.2d 1223, 1226 (5th Cir. 1986) ("[F]or the debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business."); *see also In re Crutcher Res. Corp.*, 72 B.R. 628, 631 (Bankr. N.D. Tex. 1987) ("A Bankruptcy Judge has considerable discretion in approving a § 363(b) sale of property of the estate other than in the ordinary course of business, but the movant must articulate some business justification for the sale.").

14.     Section 105 of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a); *see also In re Cooper Props. Liquidating Tr., Inc.*, 61 B.R. 531, 537 (Bankr. W.D. Tenn. 1986) (noting that the bankruptcy court is "one of equity and as such it has a duty to protect whatever equities a debtor may have in property for the benefit of its creditors as long as that protection is implemented in a manner consistent with the bankruptcy laws").

15.     Selling De Minimis Assets pursuant to the proposed De Minimis Asset Sale Procedures represents a reasonable exercise of sound business judgment and is in the best interests of the Debtors' estates. Obtaining Court approval for each De Minimis Transaction would be administratively burdensome to the Court, result in unnecessary legal costs, and could significantly reduce the ultimate net benefit of certain De Minimis Transactions to the Debtors' estates. The

De Minimis Asset Sale Procedures provide for an efficient and cost-effective means of maximizing the value to be realized with respect to De Minimis Assets.

16. Moreover, the Debtors may face time constraints in meeting closing deadlines under their current circumstances (such as the winddown of BRP and the desire to avoid prolonged rent for their warehousing) or established by interested purchasers. The De Minimis Asset Sale Procedures will permit the Debtors to be responsive to their needs and the needs of interested purchasers (thereby minimizing the potential risk of loss due to delay), while still providing appropriate notice to review proposed De Minimis Transactions.

17. Notably, although the Debtors request authorization to sell De Minimis Assets for a price of up to $10,000,000, the Debtors believe that many individual transactions will, in fact, be for De Minimis Assets with substantially less value. In light of the size of the Debtors' estates and given that the Debtors have well over $1 billion in aggregate principal amount of funded debt obligations (including the DIP Facility), the proposed limitations are relatively modest and appropriate. *See also In re Talen Energy Supply*, Case No. 22-90054 (MI) (Bankr. S.D. Tex.) (July 11, 2022) [Docket No. 892] (authorizing procedures with $1 million and $10 million thresholds).

18. For the foregoing reasons, the entry of an order authorizing De Minimis Transactions pursuant to the De Minimis Asset Sale Procedures and to pay reasonable and necessary fees and expenses incurred in connection with such transactions is necessary, appropriate, and in the best interests of the Debtors, their estates, and all other parties in interest in the Chapter 11 Cases. Accordingly, the Court should enter the Proposed Order approving the proposed De Minimis Asset Sale Procedures.

**B.     Approval of De Minimis Transactions on Shortened and Limited Notice Is Appropriate.**

19.     The notice and hearing requirements contained in section 363(b)(1) of the Bankruptcy Code are satisfied if appropriate notice and an opportunity for a hearing are given in light of the particular circumstances of a proposed transaction. *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" to mean such notice and opportunity for a hearing "as [are] appropriate in the particular circumstances"). Courts have noted that "[t]he notice requirements of bankruptcy law are 'founded in fundamental notions of procedural due process.'" *Morgan Olson L.L.C. v. Frederico (In re Grumman Olson Indus., Inc.)*, 467 B.R. 694, 706 (S.D.N.Y. 2012) (citations omitted). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (internal quotation marks and citations omitted).

20.     Bankruptcy Rules 2002(a)(2) and 2002(i) require that a minimum of twenty-one (21) days' notice of the proposed sale of property outside the ordinary course of business be provided by mail to "the debtor, the trustee, all creditors and indenture trustees" and any committee appointed under section 1102 of the Bankruptcy Code, unless a debtor shows "cause." *See* Fed. R. Bankr. P. 2002(a)(2) and (i). Once the debtor shows "cause," however, Bankruptcy Rule 2002(a)(2) authorizes this Court to shorten the generally applicable 21-day notice period and direct a method of giving notice other than by mail. *See* Fed. R. Bankr. P. 2002(a)(2). Moreover, this Court is authorized to limit notice of asset sales outside of the ordinary course of a debtor's business, even without a prior showing of cause, to any official committee appointed under section 1102 of the Bankruptcy Code and any creditor or equity holder requesting notice. *See* Fed. R. Bankr. P. 2002(i).

13

21. In addition, the sale of property outside the ordinary course of business may be authorized without an actual hearing, if no party in interest timely requests such a hearing. *See* 11 U.S.C. § 102(1)(B)(i) (notwithstanding the statutory requirement for "notice and a hearing," the Bankruptcy Code "authorizes an act without an actual hearing if such notice is given properly and if such a hearing is not requested timely by a party in interest").

22. The De Minimis Asset Sale Procedures comply with the notice requirements of the Bankruptcy Code, as well as due process, by providing the Notice Parties with an opportunity to present objections to De Minimis Transactions over $1,000,000 and requiring the Debtors to file notices with the Court on a quarterly basis summarizing the De Minimis Assets Sales equal to or under $1,000,000.

23. Moreover, the winddown of BRP requires the expedient disposition of assets to minimize potential administrative costs that may otherwise be incurred with the storage of such assets, particularly with respect to a warehouse lease of BRP, which the Debtors hope to reject or terminate by December 31, 2025.

24. Based on the foregoing, sufficient cause exists to implement the De Minimis Asset Sale Procedures and such procedures will improve the efficiency of De Minimis Transactions and maximize the value of the Debtors' estates.

**C.     The Proposed De Minimis Asset Sale Procedures Satisfy Requirements of Section 363(f) and Allow Debtors to Sell Property Free and Clear of Liens, Claims, and Encumbrances.**

25. Pursuant to section 363(f) of the Bankruptcy Code, a debtor may sell property under section 363(b) free and clear of any liens, claims, encumbrances, and other interests of an entity other than the estate if one of the following conditions is satisfied: (a) applicable nonbankruptcy law permits the sale of such property free and clear of such interest; (b) such entity consents; (c) the interest is a lien and the sales price of the property exceeds the value of all liens on the property;

(d) the interest is in bona fide dispute; or (e) the holder of the interest could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest. *See* 11 U.S.C. § 363(f)(1)-(5). Section 363(f) is stated in the disjunctive; therefore, it is only necessary to meet one of the five conditions listed in that section when selling property of the estate. *See In re Borders Grp., Inc.*, 453 B.R. 477, 483–84 (Bankr. S.D.N.Y. 2011) (noting that the debtor can sell its property "free and clear of any interest" if "at least one" of the five conditions under section 363(f) is met); *see also In re MF Glob. Inc.*, 467 B.R. 726, 730 (Bankr. S.D.N.Y. 2012) ("Satisfaction of any of those requirements [of section 363(f)(1)–(5)] suffices to permit the sale of the property free and clear of liens and interests."); *In re Nature Leisure Times, LLC*, No. 06-41357, 2007 WL 4554276, at *3 (Bankr. E.D. Tex. Dec. 19, 2007).

26. The De Minimis Asset Sale Procedures satisfy the requirements of section 363(f) of the Bankruptcy Code. Pursuant to the De Minimis Asset Sale Procedures, to the extent the Debtors know of any holder of a lien on the De Minimis Assets and the sale has a purchase price greater than $1,000,000, the Debtors will provide such parties with a De Minimis Asset Sale Notice prior to the Sale of the applicable De Minimis Asset. Absent any objection to a De Minimis Transaction, a holder of a lien shall be deemed to consent to the De Minimis Transaction and such De Minimis Asset may be sold free and clear of such lien. *See In re Borders Grp., Inc.*, 453 B.R. at 484 ("Under section 363(f)(2), a lienholder who receives notice of a sale but does not object within the prescribed time period is deemed to consent to the proposed sale, and assets thereafter may be sold free and clear of liens."); *see also In re Enron Corp.*, No. 01-16034 (AJG), 2003 WL 21755006, at *2 (Bankr. S.D.N.Y. July 28, 2003) (order deeming all parties who did not object to proposed sale to have consented under section 363(f)(2)). As noted above, the interests of a holder of a lien will attach to the proceeds of the sale, subject to any rights and defenses of the Debtors

with respect thereto. To the extent consent of a lienholder is not obtained or deemed to have been obtained, the Debtors believe that such holder of any lien could be compelled in a legal or equitable proceeding to accept a monetary satisfaction of its interest.

### D. Purchasers of De Minimis Assets Should Be Entitled to Protections of Section 363(m).

27. Section 363(m) of the Bankruptcy Code provides that "[t]he reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith[.]" 11 U.S.C. § 363(m). Although "[t]he Bankruptcy Code does not explicitly define 'good faith,'" the Fifth Circuit has stated that a good faith purchaser is one who (a) "purchases the assets for value, in good faith, and without notice of adverse claims" and (b) "one who does not engage in 'misconduct' including," among other things, "fraud, collusion between the purchaser and other bidders, or an attempt to take grossly unfair advantage of other bidders." *SR Constr., Inc. v. Hall Palm Springs, L.L.C. (In re RE Palm Springs II, L.L.C.)*, 65 F.4th 752, 759 (5th Cir. 2023) (quoting *In re TMT Procurement Corp.*, 764 F.3d 512, 521 (5th Cir. 2014)).

28. The De Minimis Asset Sale Procedures provide for certain parties to receive notice and the opportunity to object for sales of property over $1,000,000, and for the Debtors to file a notice summarizing sales of property for $1,000,000 or less. Further, the Proposed Order and the De Minimis Asset Sale Procedures provide that the De Minimis Asset Sale Procedures do not apply to transactions with any of the Debtors' shareholders, directors, or officers. Additionally, any sale pursuant to the De Minimis Asset Sale Procedures will be approved by the Debtors' independent directors. Accordingly, the Debtors submit that any De Minimis Transactions consummated in accordance with such procedures will be an arm's-length transaction entitling a purchaser to the protections of section 363(m) of the Bankruptcy Code.

## WAIVER OF BANKRUPTCY RULE 6004(h)

29. To implement the foregoing successfully, the Debtors request that the Court waive the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h). As explained above, the relief requested herein will allow the Debtors to consummate value-maximizing transactions. Accordingly, ample cause exists to grant a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent such stay applies.

## NOTICE

30. Notice of this Motion will be provided to the parties on the Debtors' Master Service List and all parties reasonably known to the Debtors to assert an interest in the De Minimis Assets.

31. A copy of this Motion is available on (a) the Court's website, at www.txs.uscourts.gov, and (b) the website maintained by the Debtors' Claims and Noticing Agent, Omni Agent Solutions, Inc., at https://omniagentsolutions.com/PGR

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order granting the relief requested in the Motion and such other relief as may be just and proper.

Dated: November 24, 2025
       Houston, Texas

Respectfully submitted,

*/s/ Timothy A. ("Tad") Davidson II*
**HUNTON ANDREWS KURTH LLP**
Timothy A. ("Tad") Davidson II (Texas Bar No. 24012503)
Philip M. Guffy (Texas Bar No. 24113705)
Brandon Bell (Texas Bar No. 24127019)
600 Travis Street, Suite 4200
Houston, TX 77002
Telephone: (713) 220-4200
Email: taddavidson@hunton.com
      pguffy@hunton.com
      bbell@hunton.com

- and -

**LATHAM & WATKINS LLP**
Ray C. Schrock (NY Bar No. 4860631)
Andrew M. Parlen (NY Bar No. 5370085)
Alexander W. Welch (NY Bar No. 5624861)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: ray.schrock@lw.com
      andrew.parlen@lw.com
      alex.welch@lw.com

- and -

Jason B. Gott (IL Bar No. 6309114)
Jonathan C. Gordon (IL Bar No. 6329732)
330 N. Wabash Avenue
Suite No. 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email: jason.gott@lw.com
      jonathan.gordon@lw.com

*Proposed Attorneys for the Debtors and Debtors in Possession*

**CERTIFICATE OF SERVICE**

      I certify that on November 24, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

                                                          */s/ Timothy A. ("Tad") Davidson II*
                                                          Timothy A. ("Tad") Davidson II