IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PINE GATE RENEWABLES, LLC., | § | Case No. 25-90669 |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

**MOTION OF CARTER MACHINERY COMPANY, INC.
FOR RELIEF FROM THE AUTOMATIC STAY TO PROCEED WITH
STATE LAW MATTERS**

> **This is a motion for relief from the automatic stay. If it is granted, the movant may act outside of the bankruptcy process. If you do not want the stay lifted, immediately contact the moving party to settle. If you cannot settle, you must file a response and send a copy to the moving party at least 7 days before the hearing. If you cannot settle, you must attend the hearing. Evidence may be offered at the hearing and the court may rule.**
>
> **Represented parties should act through their attorney.**
>
> **There will be a hearing on this matter on December 30, 2025 at 10:00 a.m. CST in Courtroom 400, 515 Rusk, Houston, Texas 77002.**

Carter Machinery Company, Inc. ("Carter") files this *Motion for Relief from the Automatic Stay to Proceed with State Law Matters* (the "Motion") and would respectfully show the Court as follows:

---

[1] A complete list of each of the Debtors in these chapter 11 cases (the "Chapter 11 Cases") and the last four digits of each Debtor's taxpayer identification number (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/PGR. The Debtors' mailing address for the purposes of the Chapter 11 Cases is 130 Roberts Street, Asheville, North Carolina 28801.

1

## INTRODUCTION

1. Carter requests relief from the automatic stay to exercise its rights and remedies to file and pursue state-law related litigation in Virginia, North Carolina, and Maryland to obtain recovery against sureties and other non-debtor parties as well as to enforce mechanic's liens against non-estate property. Carter has a right to recover against such non-estate property based on unpaid goods and services it provided to one of the Debtors, Blue Ridge Power, LLC, over the course of certain construction projects. Carter intends to include Blue Ridge Power, LLC as a defendant in the non-bankruptcy court litigation only as necessary to establish liability. Carter does not intend to enforce such liability against the Debtors or assets of the bankruptcy estate.

## JURISDICTION

2. This Court has jurisdiction to consider the Motion under 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

3. The relief requested herein may be granted in accordance with the provisions of Bankruptcy Code sections 105(a), 362, and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

4. On November 6, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On or about January 12, 2024, one of the Debtors, Blue Ridge Power, LLC ("Blue Ridge"), entered into the a contract (the "Contract") with Carter to rent heavy equipment (the "Equipment") to assist in its construction of seven solar projects in Virginia, North Carolina, and Maryland.

6. These projects are known as follows (the "<u>Projects</u>"):

- Alton Post—Virginia
- Riverstone Solar—Virginia
- FoxGlove Solar—Virginia
- Keydet Solar—Virginia
- Halifax—North Carolina
- Red Bud—North Carolina
- Jones Farm Lane—Maryland

7. Blue Ridge obtained payment bonds (the "<u>Bonds</u>") from surety companies (the "<u>Sureties</u>") to provide for payment of claims related to several of the Projects.

8. Blue Ridge used the Equipment to construct improvements at the Projects.

9. Blue Ridge ceased paying Carter the amounts due and defaulted under the Contract.

10. As of the date of this Motion, Blue Ridge owes Carter $2,603,007.05 under the Contract. Carter reserves the right to amend this amount in a proof of claim.

11. On account of Blue Ridge's default under the Contract, Carter has sent letters to owners and other parties on the Projects pursuant to state laws that render owners and other parties liable for the debts of their contracting parties on construction projects.

12. As the foregoing illustrates, Carter's claims against Blue Ridge are based upon the Contract and involve matters of state law (the "<u>State Law Matters</u>").

13. These State Law Matters include, without limitation, (1) filing and pursuing lawsuits against the Sureties and Blue Ridge (with respect to Blue Ridge, solely to establish liability) and efforts to collect on the Bonds (non-estate property); (2) filing and pursuing lawsuits and efforts against other non-Debtor parties that may be liable pursuant to state law for Blue

Ridge's obligations under the Contract; and (3) file, prefect, and enforce mechanic's liens and lawsuits to enforce mechanic's liens against property that is not property of the estate, and send any required notices as required by state law.

## RELIEF REQUESTED

14. Carter requests relief from the automatic stay of 11 U.S.C. § 362(a) so it may proceed with the State Law Matters.

15. Relief from stay is appropriate because the State Law Matters principally involve non-debtors, and the stay will needlessly prolong the ultimate resolution of these matters. By contrast, continuation of the litigation during the pendency of the bankruptcy case would have no significant adverse impact on the estate or its assets, as the claims are distinct from the administration of the bankruptcy estate. Moreover, Carter only intends to collect against non-Debtors and non-estate property. Any lawsuit that requires the inclusion of Blue Ridge would do so for the sole purpose of establishing liability, and not to collect against Blue Ridge or property of the estate.

## ARGUMENT & AUTHORITIES

16. Carter requests this Court grant it relief from the automatic stay pursuant to § 362(d)(1) for cause and pursuant to § 362(d)(1) because the requested relief only affects non estate assets that the Debtor does not have equity in, and such property is not necessary to an effective reorganization. Section 362(d) of the Bankruptcy Code provides in pertinent part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [or]

>> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>
>> (A) the debtor does not have any equity in such property; and
>
>> (B) such property is not necessary to an effective reorganization.

17. The Bankruptcy Code does not define "cause," and a determination of what constitutes "cause" is left to each court's discretion. *In re Chesnut*, 422 F.3d 298, 303 (5th Cir. 2005) (citing *In re Cueva*, 371 F.3d 232, 236 (5th Cir. 2004)). "Cause is an intentionally broad and flexible concept, made so in order to permit the courts to respond in equity to inherently fact sensitive situations." *In re Sentry Park, Ltd.,* 87 B.R. 427, 430 (Bankr. W.D. Tex. 1988). Whether cause exists must be determined on a case by case basis based on an examination of the totality of circumstances." *In re Rashad*, 2010 WL 4976949, at *3 (Bankr. S.D. Tex. 2010). Allowing a matter to proceed in another forum may constitute cause. *In re Kao*, 2015 Bankr. LEXIS 4293, *5-6 (Bankr. S.D. Tex. Dec. 21, 2015) (citing *In re Murray Industries, Inc.*, 121 B.R. 635 (Bankr. M.D. Fla. 1990)).

18. To determine if cause exists, courts in the Fifth Circuit have looked to a test akin to the well-known "Rexene" factors in the Third Circuit, which consider: "whether lifting the stay will result in any great prejudice to the debtor or the bankruptcy estate; whether any hardship to a non-debtor of continuation of the stay outweighs any hardship to debtor; and whether the creditor has a probability of prevailing on the merits of the case." *In re Kao*, 2015 WL 9412744, at *2 (Bankr. S.D. Tex. Dec. 21, 2015); *see also In re Samshi Homes, LLC*, 2011 WL 3903054, at *3 (Bankr. S.D. Tex. Sept. 6, 2011) (citing three-factor test for determining whether to lift the automatic stay); *In re MCC Humble Auto Paint, Inc.*, 2011 WL 3799764, at *3 (Bankr. S.D. Tex.

Aug. 25, 2011) (same); *In re Rashad*, 2011 WL 1770437, at *2 (Bankr. S.D. Tex. May 9, 2011) (same); *In re Rexene Products Co.*, 141 B.R. 574, 576–77 (Bankr. D. Del. April 10, 1992).

19. All three factors weigh heavily (and likely exclusively) in favor of granting relief from the automatic stay in this situation. The first two factors, taken together, evaluate whether the hardship to the movant outweighs the hardship to the debtor (if any).

20. Lifting the stay will result in no prejudice to the Debtors or the bankruptcy estate. Upon lifting the stay, Carter will exercise its rights against sureties and other non-Debtor parties and non-estate assets that may be responsible for payment of Carter's claims.

21. By contrast, keeping the stay in place will prejudice Carter significantly because Carter will not be able to avail itself of its state law rights and remedies against non-Debtor parties and assets.

22. The third factor, whether Carter has a probability of prevailing on the merits of the case, strongly favors relief from the automatic stay. In *Rexene*, the court held that "the third prong examines [m]ovants' probability of success on the merits . . . [t]he required showing is very slight." *In re Rexene*, 141 B.R. at 578. Other courts have followed suit. *See, e.g.*, *In re SCO Grp., Inc.*, 395 B.R. at 859; *see also In re Downey Financial Corp.*, 428 B.R. 595 (Bankr. D. Del. 2010) ("[E]ven a slight probability of success on the merits may be sufficient to support lifting an automatic stay in an appropriate case.") (internal citations omitted).

23. Here, Carter has a likelihood of success on the merits because (1) the Sureties are contractually obligated under the Bonds to pay Carter's claims; (2) Carter's rights against non-Debtor parties are established under state law; and (3) Carter's rights to pursue mechanic's liens against non-estate assets are established under state law.

24. The purpose of the automatic stay is to prevent a "race to the courthouse," to protect a debtor and its property in order to ensure an equitable distribution amongst all creditors, and to afford a debtor time to propose a plan of reorganization. Carter is only seeking to satisfy its claims against non-Debtor parties and non-estate assets.

25. None of the purposes of 11 U.S.C. § 362 are served by continuing the automatic stay here. Carter does not seek relief from the automatic stay to recover on claims against the Debtors and the Estates outside the bankruptcy process. Nor is the purpose of the automatic stay to permanently enjoin creditors or protect third parties. Denying Carter's Motion and depriving it of the requested relief will subject it to needless delay by depriving Carter of its day in court, while benefiting the interests of the Sureties and other non-debtor defendants, none of whom are entitled to protection by the automatic stay.

26. Furthermore, Carter requests this Court grant it relief from the automatic stay pursuant to § 362(d)(1) because the requested relief only affects non estate assets that the Debtor does not have equity in, and such property is not necessary to an effective reorganization. Here, Carter only intends to recover against the Bonds and against non-Debtor property owners. Upon information and belief, the Debtors do not have equity in those assets, and such property is not necessary to an effective reorganization.

## WAIVER OF RULE 4001(a)(3) IS APPROPRIATE

27. Movant requests that any order approving this Motion be a final order not subject to any stay. Bankruptcy Rule 4001(a)(3) sets forth that "[a]n order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of fourteen (14) days after entry of the order, unless the court orders otherwise." Under the circumstances of this case waiver of Rule 4001(a)(3) is appropriate.

WHEREFORE, Carter Machinery Company, Inc. respectfully requests that the Court enter an Order granting relief from the automatic stay, declaring that the 14-day stay provided by FED. R. BANKR. P. 4001(a)(3) is waived and granting such other and further relief as the Court deems just and proper.

Dated: December 5, 2025

/s/ Zachary McKay
Zachary McKay
Jackson Walker LLP
1401 McKinney, Suit 1900
Houston, TX 77010
T: (713) 752-4261
E-Mail: zmckay@jw.com

And

Donald Schultz
Crenshaw, Ware & Martin, PLC
150 W. Main Street, Suite 1923
T: (757) 623-3000
F: (757) 623-5735
E-Mail: dschultz@cwm-law.com

Counsel for Carter Machinery

**Certificate of Conference**

The undersigned hereby certifies that on the December 4, 2025, I corresponded with Jason Gott, counsel for the Debtors, and that while the parties are continuing to discuss the requested relief, no agreement has been reached.

/s/ *Zachary McKay*
Zachary McKay

**Certificate of Service**

I hereby certify that on December 5, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Zachary McKay*
Zachary McKay