## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

------------------------------------------------------------ x

In re:                         :     Chapter 11

PINE GATE RENEWABLES, LLC, *et al.*,    :     Case No. 25-90669 (CML)

           Debtors.[1]           :     (Jointly Administered)

------------------------------------------------------------ x

### ORDER (A) ESTABLISHING (I) BAR DATES AND (II) RELATED PROCEDURES FOR FILING PROOFS OF CLAIM, (B) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, AND (C) GRANTING RELATED RELIEF
### [Relates to Docket No. 547]

Upon the emergency motion (the "***Motion***")[2] of the above-captioned debtors (collectively, the "***Debtors***") for entry of an order (this "***Bar Date Order***") (a) establishing (i) bar dates and (ii) related procedures for filing proofs of claim, (b) approving the form and manner of notice thereof, and (c) granting related relief, all as more fully set forth in the Motion and the First Day Declaration; and the Court having reviewed the Motion and the First Day Declaration; and the Court having jurisdiction to consider the Motion; and the relief requested therein in accordance with 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/PGR. The Debtors' mailing address for the purposes of these cases is 130 Roberts Street, Asheville, North Carolina 28801 USA.

[2]    Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

necessary; and upon the record herein; and after due deliberation thereon; and the Court having determined that there is good and sufficient cause for the relief granted in this order, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Court hereby approves (a) the forms of the Proof of Claim Form, the Bar Date Notice, and the Publication Notice, substantially in the forms attached hereto as **<u>Exhibit 1</u>**, **<u>Exhibit 2</u>** and **<u>Exhibit 3</u>**, respectively, and (b) the manner of providing notice of the Bar Dates as described in the Motion.

2.      Pursuant to Bankruptcy Rule 3003(c)(2), any creditor (as defined in section 101(10) of the Bankruptcy Code) or equity security holder (as defined in section 101(17) of the Bankruptcy Code) who received notice of the Chapter 11 Cases and the Bar Date as provided for in the Bar Date Order and asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose, or is deemed to have arisen, prior to November 6, 2025 (the "***Petition Date***"), and whose claim is either (i) not listed on the Debtors' schedules of assets and liabilities (collectively, the "***Schedules***") or (ii) is listed on the Schedules as disputed, contingent or unliquidated, must file a Proof of Claim on or prior to **January 9, 2026, at 11:59 p.m. (prevailing Central Time)** (the "***Claims Bar Date***") as provided in this Bar Date Order.

3.      Notwithstanding paragraph 2 above, the deadline for governmental units (as defined in section 101(27) of the Bankruptcy Code) to file a Proof of Claim against the Debtors is **May 5, 2026, at 11:59 p.m. (prevailing Central Time)** (the "***Governmental Bar Date***").

4.      Any person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit), that holds, or seeks to assert, a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose, or is deemed to have arisen, prior to the Petition Date, no matter how remote, contingent, or

unliquidated, including, without limitation, secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(3) through 507(a)(10) and 503(b)(9) of the Bankruptcy Code) and unsecured non-priority claims (the holder of any such claim, a "*Claimant*"), must properly file a Proof of Claim on or before the applicable Bar Date in order to share in the Debtors' estates.

5.      The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.      **Contents**.  Each Proof of Claim must: (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the Claimant or by an authorized agent or legal representative of the Claimant on behalf of the Claimant, whether such signature is an electronic signature or is a wet-ink signature.

b.      **Section 503(b)(9) Claim**.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.      **Electronic Signatures Permitted**.  Only original Proofs of Claim signed electronically or in ink by the Claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail, will not be accepted.

d.      **Identification of the Debtor Entity**.  Each Proof of Claim must clearly identify the specific Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under lead case number (No. 25-90669), or otherwise without identifying a specific Debtor, will be deemed as filed only against Pine Gate Renewables, LLC.

e.      **Claim Against Multiple Debtor Entities**.  Each Proof of Claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on

the Proof of Claim, such claim will be treated as if filed only against Pine Gate Renewables, LLC.

f.   **Supporting Documentation**.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; <u>provided</u> that any creditor that received such written consent shall be required to transmit such documentation to Debtors' counsel upon request no later than ten (10) days from the date of such request.  Any supporting documentation that includes personally identifiable information should be redacted or hidden prior to submission.

g.   **Timely Service**.  Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods: (i) electronic submission through the Electronic Case Filing system at https://ecf.txsb.uscourts.gov/, (ii) electronic submission using the interface available on Omni's website at https://omniagentsolutions.com/PGR-Claims or (iii) if submitted through non-electronic means, by U.S. mail or other hand delivery system, so as to be **actually received** by Omni on or before the Claims Bar Date, the Governmental Bar Date, or other applicable Bar Date, as applicable, at the following address:

PGR Claims Processing
c/o Omni Agent Solutions, Inc.
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

h.   **Receipt of Service**.  Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by Omni must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Omni) and (ii) a self-addressed, stamped envelope.

6.   If Proofs of Claim are not received by Omni on or before the applicable Bar Date, the holders of the underlying claims shall be barred from asserting such claims against the Debtors and precluded from voting on any chapter 11 plan filed in the Chapter 11 Cases and receiving distributions from the applicable Debtor on account of such claims in the Chapter 11 Cases.

7.      Proofs of Claim sent to Omni by facsimile, telecopy, or electronic mail will **not** be accepted and will **not** be considered properly or timely filed for any purpose in the Chapter 11 Cases.

8.      The Bar Dates established by this Bar Date Order supersede any bar dates established, filed, noticed, or previously served in the Chapter 11 Cases.

9.      Notwithstanding the above, holders of the following claims are **not** required to file a Proof of Claim on or before the applicable Bar Date solely with respect to such claim:

    a.      a claim against the Debtors for which a signed Proof of Claim has already been properly filed with the Clerk of the Bankruptcy Court for the Southern District of Texas or Omni in a form substantially similar to Official Bankruptcy Form No. 410;

    b.      a claim that is listed on the Debtors' Schedules if and only if (i) such claim is not scheduled as "disputed," "contingent," or "unliquidated" **and** (ii) the holder of such claim agrees with the amount, nature and priority of the claim as set forth in the Schedules;

    c.      an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

    d.      an administrative expense claim for post-petition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code;

    e.      a claim that has been paid in full by the Debtors in accordance with the Bankruptcy Code or an order of this Court;

    f.      a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

    g.      a claim of any Debtor against another Debtor;

    h.      any fees payable to the U.S. Trustee under 28 U.S.C. § 1930 or accrued interest thereon arising under 31 U.S.C. § 3717; or

    i.      a claim for which specific deadlines have been fixed by an order of this Court entered on or before the applicable Bar Date; and

    j.      any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases, including, without

limitation, pursuant to the *Interim Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Authorizing the Use of Cash Collateral, (IV) Granting Adequate Protection to the Prepetition Secured Parties, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [Docket No. 132] (the "***Interim DIP Order***") and any subsequent order granting relief related to cash collateral or postpetition financing, will not be required to file proofs of claim in any of the Chapter 11 Cases, including, without limitation, in order to assert claims for any of the obligations owing to the DIP Secured Parties or the Prepetition Secured Parties, any principal, unpaid interest, fees, expenses, make-wholes, or other amounts payable under the DIP Documents or the Prepetition Documents in respect of the DIP Obligations or the Prepetition Secured Obligations;[3] or

k.      any holder of a claim for any fees, expenses, or other obligations arising or payable under the Interim DIP Order and any subsequent order granting relief related to cash collateral or postpetition financing.

10.      Notwithstanding anything to the contrary, the requirements for any Proof of Claim to be filed by the DIP Agents, the other DIP Secured Parties, or the Prepetition Secured Parties (each as defined in the Interim DIP Order), shall be governed by the terms of the Interim DIP Order and any subsequent order granting relief related to cash collateral or postpetition financing.

11.      Any person or entity holding an equity security (as defined in section 101(16) of the Bankruptcy Code and including, without limitation, common stock, preferred stock, warrants, or stock options) or other ownership interest in the Debtors (an "***Interest Holder***") is not required to file a proof of interest on or before the applicable Bar Date; provided, however, that an Interest Holder that wishes to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an equity security or other ownership interest including, but not limited to, a claim for damages or rescission based on the purchase or sale of such equity security or other ownership interest, must file a Proof of Claim on or before the applicable Bar Date.  The Debtors reserve the

---

[3]     Capitalized terms used in this paragraph but not otherwise defined shall have the meanings ascribed to them in the Interim DIP Order.

right to seek relief at a later date establishing a deadline for Interest Holders to file proofs of interest.

12.     Any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 11:59 p.m. (prevailing Central Time) on the date that is thirty (30) days following service of an order approving rejection of any executory contract or unexpired lease of the Debtors.

13.     If the Debtors amend their Schedules, then the deadline to submit a Proof of Claim for those creditors affected by any such amendment shall be the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 11:59 p.m. (prevailing Central Time) on the date that is thirty (30) days from the date that the Debtors provide written notice to the affected creditor that the Schedules have been amended.

14.     Pursuant to Bankruptcy Rule 2002(a)(7), within three (3) business days after entry of the Bar Date Order or as soon as reasonably practicable thereafter, the Debtors will cause the Bar Date Notice, substantially in the form attached hereto as **Exhibit 2**, and a Proof of Claim Form (collectively, the "***Bar Date Package***") to be served via email or first-class mail upon the following parties (together, the "***Notice Parties***"):

     a.     all known holders of potential claims and their counsel (if known), including all persons and entities listed in the Debtors' list of their top 30 unsecured creditors on a consolidated basis and in the Schedules at the addresses set forth therein as potentially holding claims;

     b.     all parties that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of entry of the Bar Date Order;

     c.     all parties that have filed proofs of claim in these chapter 11 cases as of the date of entry of the Bar Date Order;

d.        all known holders of equity securities in the Debtors as of the date of entry of the Bar Date Order;[4]

e.        all known parties to executory contracts and unexpired leases with the Debtors as of the Petition Date, as identified in the Schedules;

f.        all known parties to litigation with the Debtors as of the date of entry of the Bar Date Order;

g.        all current and former employees for twelve months preceding the Petition Date (to the extent that contact information for former employees is available in the Debtors' records);

h.        all known taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

i.        the Securities and Exchange Commission;

j.        all regulatory authorities that regulate the Debtors' businesses;

k.        the Office of the United States Trustee for the Southern District of Texas;

l.        the Office of the United States Attorney for the Southern District of Texas;

m.        the Offices of the Attorney General for each of the states in which the Debtors operate;

n.        all other entities listed on the Debtors' Creditor Matrix;

o.        counsel to the DIP Agents; and

p.        counsel (if known) to any of the foregoing.

15.    The Bar Date Package may also be served as soon as practicable after December 12, 2025, on additional parties that may become known to the Debtors after the initial service of the Bar Date Package.  The Debtors shall also post the Proof of Claim Form and the Bar Date Notice on the Debtors' case website maintained by Omni at https://omniagentsolutions.com/PGR-Claims.

---

[4]    The Debtors will serve (or cause to be served) a Bar Date Notice without a Proof of Claim Form on all known holders of equity securities in the Debtors.

16.     In accordance with Bankruptcy Rules 2002(a)(7) and 2002(m), service of the Bar Date Notice and Proof of Claim Form in the manner set forth in this Bar Date Order is and shall be deemed to be good and sufficient notice of the Bar Date to known Claimants.

17.     After the initial mailing of the Bar Date Packages, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known to the Debtors as a result of the Bar Date mailing process.  In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to fourteen (14) days in advance of the applicable Bar Date, with any such mailings being deemed timely and such Bar Date being applicable to the recipient creditors. Consistent with the preceding sentence, if the Debtors discover any new potential creditors before the Claims Bar Date, the Debtors shall mail a Bar Date Package to such parties, and the Debtors will work with such parties to make reasonable accommodations in the event a request is made for an extension of the Claims Bar Date. To the extent that any notices are returned as "return to sender" without a forwarding address, the Debtors shall not be required to mail additional notices to such creditors.

18.     Pursuant to Bankruptcy Rule 2002(*l*), the Debtors shall cause the Publication Notice to be published once in *The Wall Street Journal* (national edition) or similar publication in the prudent exercise of the Debtors' business judgment as soon as practicable after entry of this Bar Date Order but no later than twenty-one (21) days before the Claims Bar Date.  Such form and

manner of publication notice is hereby approved and authorized and is and shall be deemed to be good and sufficient notice of the Bar Dates to unknown Claimants.

19.    Properly filing an original, written Proof of Claim that substantially conforms to the Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code; provided, however, that all other administrative claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and will not be deemed proper if made by Proof of Claim.

20.    Claimants filing claims under section 503(b)(9) of the Bankruptcy Code (or proofs thereof) shall attach to the Proof of Claim a supplemental statement setting forth with specificity: (a) the date of shipment of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (b) the date, place, and method (including carrier name) of delivery of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; (c) the value of the goods the Claimant contends the Debtors received in the twenty (20) days before the Petition Date; and (d) whether the Claimant timely made a demand to reclaim such goods under section 546(c) of the Bankruptcy Code, including any documentation identifying such demand.

21.    The provisions of this Bar Date Order apply to all claims of whatever character or nature against the Debtors or their assets, whether secured or unsecured, priority or non-priority, liquidated or unliquidated, fixed or contingent.

22.    All Claimants who desire to rely on the Schedules with respect to filing a proof of claim in these chapter 11 cases shall have the sole responsibility for determining that their respective claim is accurately listed therein.

23.     The Debtors are authorized to take all actions necessary or appropriate to implement the relief granted in this Bar Date Order in accordance with the Motion.

24.     The Court retains jurisdiction regarding the interpretation, enforcement, and implementation of this Bar Date Order.

Signed: _____, 2025

_____
UNITED STATES BANKRUPTCY JUDGE

## __Exhibit 1__

**Proof of Claim Form**

## Exhibit 2

**Notice of Bar Dates**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

------------------------------------------------------------- x
                                                              :
In re:                                                        :     Chapter 11
                                                              :
PINE GATE RENEWABLES, LLC, *et al.*,                          :     Case No. 25-90669 (CML)
                                                              :
Debtors.[1]                                                   :     (Jointly Administered)
                                                              :
------------------------------------------------------------- x

**NOTICE OF DEADLINES FOR THE FILING
OF PROOFS OF CLAIM, INCLUDING REQUESTS FOR
PAYMENT PURSUANT TO SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

**IF YOU BELIEVE YOU HAVE A CLAIM AGAINST THE DEBTORS, YOU MUST FILE
YOUR PROOF OF CLAIM ON OR BEFORE THE CLAIMS BAR DATE OF JANUARY
9, 2026, AT 11:59 P.M. (PREVAILING CENTRAL TIME).**

**TO:    ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY
OF THE FOLLOWING DEBTOR ENTITIES:**

| DEBTOR | CASE NO. |
|---|---|
| Pine Gate Renewables, LLC | 25-90669 |
| BF Dev Holdco Pledgor, LLC | 25-90691 |
| BF Dev Holdco, LLC | 25-90694 |
| Blue Northern Power, LLC | 25-90697 |
| Blue Ridge Power Holding Company, LLC | 25-90703 |
| Blue Ridge Power, LLC | 25-90707 |
| Blue Ridge Solar, LLC | 25-90713 |
| BRP Construction, Inc. | 25-90718 |
| BRP HBC Guarantor, LLC | 25-90724 |
| BRP HBC Holdco, LLC | 25-90729 |
| Cascade Dev Holdco, LLC | 25-90733 |
| Cascade NTP Holdco, LLC | 25-90739 |
| Cascade Pledgor, LLC | 25-90745 |
| Catalina Solar Borrower, LLC | 25-90749 |
| Catalina Solar Holdings, LLC | 25-90754 |
| FP 2021 Dev Holdco, LLC | 25-90758 |

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
claims and noticing agent at https://omniagentsolutions.com/PGR. The Debtors' mailing address for the purposes
of these cases is 130 Roberts Street, Asheville, North Carolina 28801 USA.

| | |
|---|---|
| GA Solar 5, LLC | 25-90763 |
| GH Pledge Borrower, LLC | 25-90766 |
| Grande Holdco Borrower II, LLC | 25-90768 |
| Grande Holdco Borrower, LLC | 25-90771 |
| Grande Holdco, LLC | 25-90774 |
| Limewood Bell Renewables LLC | 25-90776 |
| Lotus Solar, LLC | 25-90778 |
| Magnolia Solar Development LLC | 25-90780 |
| NPA 2023 Holdco, LLC | 25-90671 |
| NPA PGR Blocker Holdco, LLC | 25-90673 |
| NPA Polaris DevCo Holdco, LLC | 25-90675 |
| NPA Polaris DevCo Pledgor, LLC | 25-90678 |
| NPA Polaris OpCo Holdco, LLC | 25-90682 |
| Old Hayneville Solar, LLC | 25-90684 |
| PG Dev Carver Holdco, LLC | 25-90686 |
| PGC Solar Holdings Holdco I, LLC | 25-90698 |
| PGC Solar Holdings Holdco II, LLC | 25-90702 |
| PGC Solar Holdings I Managing Member, LLC | 25-90705 |
| PGC Solar Holdings I, LLC | 25-90708 |
| PGR 2020 Lessor 7, LLC | 25-90711 |
| PGR 2021 Fund 13, LLC | 25-90722 |
| PGR 2021 Fund 17, LLC | 25-90726 |
| PGR 2021 Fund 18, LLC | 25-90728 |
| PGR 2021 Fund 4, LLC | 25-90715 |
| PGR 2021 Fund 9, LLC | 25-90719 |
| PGR 2021 Holdco 11, LLC | 25-90738 |
| PGR 2021 Holdco 12, LLC | 25-90743 |
| PGR 2021 Holdco 13, LLC | 25-90746 |
| PGR 2021 Holdco 15, LLC | 25-90751 |
| PGR 2021 Holdco 17, LLC | 25-90670 |
| PGR 2021 Holdco 18, LLC | 25-90674 |
| PGR 2021 Holdco 19, LLC | 25-90676 |
| PGR 2021 Holdco 4, LLC | 25-90731 |
| PGR 2021 Holdco 9, LLC | 25-90735 |
| PGR 2021 Manager 13, LLC | 25-90683 |
| PGR 2021 Manager 17, LLC | 25-90685 |
| PGR 2021 Manager 18, LLC | 25-90687 |
| PGR 2021 Manager 4, LLC | 25-90679 |
| PGR 2021 Manager 9, LLC | 25-90680 |
| PGR 2022 Fund 1, LLC | 25-90689 |
| PGR 2022 Fund 2, LLC | 25-90690 |
| PGR 2022 Fund 4, LLC | 25-90693 |
| PGR 2022 Fund 5, LLC | 25-90695 |
| PGR 2022 Fund 8, LLC | 25-90696 |
| PGR 2022 Fund 9, LLC | 25-90699 |

| | |
|---|---|
| PGR 2022 Holdco 1, LLC | 25-90700 |
| PGR 2022 Holdco 2, LLC | 25-90704 |
| PGR 2022 Holdco 8, LLC | 25-90706 |
| PGR 2022 Holdco 9, LLC | 25-90709 |
| PGR 2022 Manager 1, LLC | 25-90712 |
| PGR 2022 Manager 2, LLC | 25-90714 |
| PGR 2022 Manager 4, LLC | 25-90717 |
| PGR 2022 Manager 5, LLC | 25-90720 |
| PGR 2022 Manager 8, LLC | 25-90723 |
| PGR 2022 Manager 9, LLC | 25-90672 |
| PGR 2022 Sponsor Holdco, LLC | 25-90677 |
| PGR 2023 Fund 1, LLC | 25-90681 |
| PGR 2023 Fund 6, LLC | 25-90688 |
| PGR 2023 Holdco 1, LLC | 25-90692 |
| PGR 2023 Lessee 6, LLC | 25-90701 |
| PGR 2023 Manager 1, LLC | 25-90710 |
| PGR 2023 Manager 6, LLC | 25-90716 |
| PGR 2024 Sponsor Holdco, LLC | 25-90727 |
| PGR Blocker Holdco, LLC | 25-90732 |
| PGR Blue Ridge Power Holdings, LLC | 25-90737 |
| PGR Carver Holdco, LLC | 25-90742 |
| PGR CC Affiliate Purchaser LLC | 25-90748 |
| PGR Guarantor, LLC | 25-90756 |
| PGR Holdco GP, LLC | 25-90760 |
| PGR Holdco, LP | 25-90786 |
| PGR MS Affiliate Purchaser LLC | 25-90769 |
| PGR Procurement, LLC | 25-90773 |
| PGR Signature Fund 1 Manager, LLC | 25-90777 |
| Pine Gate Asset Management, LLC | 25-90779 |
| Pine Gate Assets, LLC | 25-90782 |
| Pine Gate Carver Holdings, LLC | 25-90783 |
| Pine Gate Dev Holdco, LLC | 25-90784 |
| Pine Gate Development, LLC | 25-90721 |
| Pine Gate Energy Capital, LLC | 25-90725 |
| Pine Gate EPC, LLC | 25-90736 |
| Pine Gate Fund Management, LLC | 25-90741 |
| Pine Gate O&M, LLC | 25-90744 |
| Polaris DevCo Borrower A, LLC | 25-90747 |
| Polaris DevCo Borrower B, LLC | 25-90750 |
| Polaris DevCo Pledgor A, LLC | 25-90752 |
| Polaris DevCo Pledgor B, LLC | 25-90755 |
| Polaris OpCo Borrower B, LLC | 25-90757 |
| Polaris OpCo Pledgor A, LLC | 25-90759 |
| Polaris OpCo Pledgor B, LLC | 25-90762 |
| PW Blocker Holdco, LLC | 25-90734 |

3

| | |
|---|---|
| PW Revolver Borrower, LLC | 25-90740 |
| Rio Lago Solar, LLC | 25-90668 |
| Solar Carver 1, LLC | 25-90770 |
| Solar Carver 3, LLC | 25-90772 |
| Stowe Solar, LLC | 25-90775 |
| Sunstone Solar 1, LLC | 25-90761 |
| Sunstone Solar 2, LLC | 25-90764 |
| Sunstone Solar 3, LLC | 25-90765 |
| Sunstone Solar 4, LLC | 25-90767 |
| Sunstone Solar 5, LLC | 25-90781 |
| Sunstone Solar 6, LLC | 25-90753 |
| Sunstone Solar, LLC | 25-90730 |
| West River Solar, LLC | 25-90785 |

**PLEASE TAKE NOTICE THAT:**

On November 6, 2025 (the "***Petition Date***"), Pine Gate Renewables, LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "***Debtors***"), filed voluntary petitions for relief under title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Southern District of Texas (the "***Court***").

On [●], 2025 the Court entered an order [Docket No. [●]] (the "***Bar Date Order***")[2] establishing certain dates by which parties holding prepetition claims against the Debtors must file proofs of claim, no matter how remote or contingent such right to payment or equitable remedy may be, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code ("***Proofs of Claim***").

For your convenience, enclosed with this notice (this "***Notice***") is a Proof of Claim form, which identifies on its face the amount, nature, and classification of your claim(s), if any. If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple Proof of Claim forms, each of which will reflect the nature and amount of your claim against the applicable Debtor.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the Southern District of Texas. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively. The term "claim" means, as to or against the Debtors and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

---

[2]    Capitalized terms used but not defined herein have the meanings given to them in the Bar Date Order.

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY HAVE OR YOU MAY ASSERT A CLAIM AGAINST THE DEBTORS IN THE ABOVE-CAPTIONED CHAPTER 11 CASES.  THEREFORE, YOU SHOULD READ THIS NOTICE CAREFULLY AND *DISCUSS* IT WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

## I.    THE BAR DATES

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these chapter 11 cases (collectively, the "***Bar Dates***").

  a.    **The Claims Bar Date.**  Pursuant to the Bar Date Order, except as described below, all entities (except governmental units and holders of claims arising from the Debtors' rejection of executory contracts and unexpired leases) holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, are required to file Proofs of Claim so that they are **actually received on or before January 9, 2026, at 11:59 p.m. (prevailing Central Time)**.  Except as expressly set forth in this Notice and the Bar Date Order, the Claims Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims, and unsecured non-priority claims.

  b.    **The Governmental Bar Date.**  Pursuant to the Bar Date Order, all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the Petition Date are required to file Proofs of Claim so that they are **actually received on or before May 5, 2026, at 11:59 p.m. (prevailing Central Time)**.  The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including governmental units with claims against the Debtors for unpaid taxes (if any), whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.

  c.    **The Rejection Damages Bar Date.**  Pursuant to the Bar Date Order, all entities holding claims arising from the Debtors' rejection of executory contracts and unexpired leases are required to file Proofs of Claim so that they are **actually received on or before the later of (i) the Claims Bar Date or the Governmental Bar Date,** as applicable, and **(ii) 11:59 p.m., prevailing Central Time, on the date that is thirty (30) days following entry of the order approving the rejection of the applicable executory contract or unexpired lease.**

  d.    **The Amended Schedules Bar Date.**  Pursuant to the Bar Date Order, all entities holding claims affected by the amendment of the Debtors' schedules

of assets and liabilities (the "**_Schedules_**") are required to file Proofs of Claim so that they are **actually received on or before the later of (i) the Claims Bar Date or the Governmental Bar Date,** as applicable, and **(ii) 11:59 p.m., prevailing Central Time, on the date that is thirty (30) days from the date on which the Debtors provided written notice of the amended Schedules.**

      **THE BAR DATES ESTABLISHED BY THE BAR DATE ORDER AND REFERENCED IN THIS NOTICE SUPERSEDE ANY BAR DATES ESTABLISHED, FILED, NOTICED, OR PREVIOUSLY SERVED IN THESE CHAPTER 11 CASES.**

## II.    PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM

      Certain parties are not required to file Proofs of Claim. The Court may, however, enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of the following claims and setting related deadlines. If the Court does enter such an order, you will receive notice of it. The following entities holding claims that would otherwise be subject to the Bar Dates, in the capacities described below, need **not** file Proofs of Claim:

a.    a claim against the Debtors for which a signed Proof of Claim has already been properly filed with the Clerk of the Bankruptcy Court for the Southern District of Texas or Omni in a form substantially similar to Official Bankruptcy Form No. 410;

b.    a claim that is listed on the Debtors' Schedules if and only if (i) such claim is not scheduled as "disputed," "contingent," or "unliquidated" **and** (ii) the holder of such claim agrees with the amount, nature and priority of the claim as set forth in the Schedules;

c.    an administrative expense claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

d.    an administrative expense claim for post-petition fees and expenses incurred by any professional allowable under sections 330, 331, and 503(b) of the Bankruptcy Code;

e.    a claim that has been paid in full by the Debtors in accordance with the Bankruptcy Code or an order of this Court;

f.    a claim that has been allowed by an order of this Court entered on or before the applicable Bar Date;

g.    a claim of any Debtor against another Debtor;

h.    any fees payable to the U.S. Trustee under 28 U.S.C. § 1930 or accrued interest thereon arising under 31 U.S.C. § 3717; or

i.      a claim for which specific deadlines have been fixed by an order of this Court entered on or before the applicable Bar Date; and

j.      any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these Chapter 11 Cases, including, without limitation, pursuant to the *Interim Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Authorizing the Use of Cash Collateral, (IV) Granting Adequate Protection to the Prepetition Secured Parties, (V) Modifying the Automatic Stay, (VI) Scheduling a Final Hearing, and (VII) Granting Related Relief* [Docket No. 132] (the "***Interim DIP Order***") and any subsequent order granting relief related to cash collateral or postpetition financing, will not be required to file proofs of claim in any of the Chapter 11 Cases, including, without limitation, in order to assert claims for any of the obligations owing to the DIP Secured Parties or the Prepetition Secured Parties, any principal, unpaid interest, fees, expenses, make-wholes, or other amounts payable under the DIP Documents or the Prepetition Documents in respect of the DIP Obligations or the Prepetition Secured Obligations;[3] or

k.      any holder of a claim for any fees, expenses, or other obligations arising or payable under the Interim DIP Order and any subsequent order granting relief related to cash collateral or postpetition financing.

## III.    INSTRUCTIONS FOR FILING PROOFS OF CLAIM

The following requirements shall apply with respect to filing and preparing each Proof of Claim:

a.      **Contents**.  Each Proof of Claim must: (i) be written in legible English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant on behalf of the claimant, whether such signature is an electronic signature or is a wet-ink signature.

b.      **Section 503(b)(9) Claim**.  Any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices for which such claim is being asserted; and (iii) attach documentation of any reclamation demand

---

[3]    Capitalized terms used in this paragraph but not otherwise defined shall have the meanings ascribed to them in the Interim DIP Order.

made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

c.   **Electronic Signatures Permitted**.  Only original Proofs of Claim signed electronically or in ink by the claimant or an authorized agent or legal representative of the claimant may be deemed acceptable for purposes of claims administration.  Copies of Proofs of Claim, or Proofs of Claim sent by facsimile or electronic mail, will not be accepted.

d.   **Identification of the Debtor Entity**.  Each Proof of Claim must clearly identify the specific Debtor against which a claim is asserted, including the individual Debtor's case number.  A Proof of Claim filed under the lead case number (No. 25-90669), or otherwise without identifying a specific Debtor, will be deemed as filed only against Pine Gate Renewables, LLC.

e.   **Claim Against Multiple Debtor Entities**.  Each Proof of Claim must state a claim against only one Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the Proof of Claim, such claim will be treated as if filed only against Pine Gate Renewables, LLC.

f.   **Supporting Documentation**.  Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such Proof of Claim may include a summary of such documentation or an explanation as to why such documentation is not available; provided that any creditor that received such written consent shall be required to transmit such documentation to Debtors' counsel upon request no later than ten (10) days from the date of such request.  Any supporting documentation that includes personally identifiable information should be redacted or hidden prior to submission.

g.   **Timely Service**.  Each Proof of Claim must be filed or submitted, including supporting documentation, through any of the following methods: (i) electronic submission through the Electronic Case Filing system at https://ecf.txsb.uscourts.gov/, (ii) electronic submission using the interface available on Omni's website at https://omniagentsolutions.com/PGR-Claims or (iii) if submitted through non-electronic means, by U.S. mail or other hand delivery system, so as to be **actually received** by Omni on or before the Claims Bar Date, the Governmental Bar Date, or other applicable Bar Date, as applicable, at the following address:

PGR Claims Processing
c/o Omni Agent Solutions, Inc.
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC
MAIL WILL NOT BE ACCEPTED.**

h.    **Receipt of Service**. Claimants submitting a Proof of Claim through non-electronic means wishing to receive acknowledgment that their Proofs of Claim were received by Omni must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Omni) and (ii) a self-addressed, stamped envelope.

## IV.    CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM

Pursuant to the Bar Date Order and in accordance with Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a Proof of Claim in accordance with the Bar Date Order on or before the applicable Bar Date, please be advised that:

a.    YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS (OR FILING A PROOF OF CLAIM WITH RESPECT THERETO);

b.    THE DEBTORS AND THEIR PROPERTY SHALL BE FOREVER DISCHARGED FROM ANY AND ALL INDEBTEDNESS OR LIABILITY WITH RESPECT TO OR ARISING FROM SUCH CLAIM;

c.    YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

d.    SUBJECT TO THE SOLICITATION PROCEDURES, YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PLANS FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS OR RECEIVE FURTHER NOTICES REGARDING SUCH CLAIM.

## V.    RESERVATION OF RIGHTS

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; and (b) subsequently designate any claim as disputed, contingent, or unliquidated.

## VI.    ADDITIONAL INFORMATION

Copies of the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on the Debtors' website at https://omniagentsolutions.com/PGR. The other filings in these chapter 11 cases also are available for a fee at the Court's website at https://ecf.txsb.uscourts.gov/. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.uscourts.gov. Copies of the other documents filed in these cases also may be examined between the hours of 8:00 a.m. and 11:59 p.m., prevailing Central Time, Monday

through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas, United States Courthouse, 515 Rusk Street, Houston, Texas 77002.

If you require additional information regarding the filing of a Proof of Claim, you may contact the Debtors' restructuring hotline at: (888) 812-2572 (Toll Free U.S. and Canada); or (747) 263-0193 (International) or by email to PGRInquiries@OmniAgnt.com.  Please note that Omni cannot provide legal advice regarding the filing of a Proof of Claim, and you should consult your own attorney.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

**<u>Exhibit 3</u>**

**Publication Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------------ x
                                   :

In re:                           :    Chapter 11
                                   :

PINE GATE RENEWABLES, LLC, *et al.*,  :    Case No. 25-90669 (CML)
                                   :

          Debtors.[1]            :    (Jointly Administered)
                                   :
------------------------------------------------------------ x

**NOTICE OF DEADLINE FOR THE FILING OF PROOFS OF CLAIM, INCLUDING
FOR CLAIMS ASSERTED UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE**

> **IF YOU BELIEVE YOU HAVE A CLAIM AGAINST THE DEBTORS, YOU MUST FILE YOUR PROOF OF CLAIM ON OR BEFORE THE CLAIMS BAR DATE OF JANUARY 9, 2026, AT 11:59 P.M. (PREVAILING CENTRAL TIME), OR, IF APPLICABLE, THE GOVERNMENTAL BAR DATE OF MAY 5, 2026, AT 11:59 P.M. (PREVAILING CENTRAL TIME).**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On November 6, 2025 (the "***Petition Date***"), Pine Gate Renewables, LLC and certain of its affiliates (the "***Debtors***") commenced filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of Texas (the "***Court***"). On [●], 2025, the Court entered an order [Docket No. [●]] (the "***Bar Date Order***") establishing certain deadlines for the filing of proofs of claim in the Debtors' chapter 11 cases.

Pursuant to the Bar Date Order, each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, and trust) that holds or seeks to assert a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that arose, or is deemed to have arisen, prior to the Petition Date (including, without limitation, claims entitled to administrative priority status under section 503(b)(9) of the Bankruptcy Code), no matter how remote or contingent such right to payment or equitable remedy may be, **MUST FILE A PROOF OF CLAIM** on or before 11:59 p.m. (prevailing Central Time), on January 9, 2026 (the "***Claims Bar Date***"), by sending an original proof of claim form to Omni Agent Solutions, Inc. ("***Omni***"), or by completing the online proof of claim form available at https://omniagentsolutions.com/PGR-Claims, so that it is **actually received** on or before the Claims Bar Date; <u>provided</u> that, solely with respect to governmental units (as defined in section 101(27) of the Bankruptcy Code), the deadline

---

[1]    A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/PGR. The Debtors' mailing address for the purposes of these cases is 130 Roberts Street, Asheville, North Carolina 28801 USA.

for such governmental units to file a proof of claim against the Debtors is on or before 11:59 p.m. (prevailing Central Time) on May 5, 2026 (the "***Governmental Bar Date***").

Proofs of claim must be sent by overnight mail, courier service, hand delivery, regular mail, or in person, or completed electronically through Omni's website. Proofs of claim sent by facsimile, telecopy, or electronic mail will **not** be accepted and will **not** be considered properly or timely filed for any purpose in these chapter 11 cases. If submitted through non-electronic means, by U.S. mail, or other hand delivery system, proofs of claim must be actually received by Omni at the following address:

PGR Claims Processing
c/o Omni Agent Solutions, Inc.
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC
MAIL WILL NOT BE ACCEPTED.**

ANY PERSON OR ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM IN THESE CHAPTER 11 CASES WITH RESPECT TO A PARTICULAR CLAIM AGAINST THE DEBTORS, BUT THAT FAILS TO DO SO PROPERLY BY THE APPLICABLE BAR DATE, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.

A copy of the Bar Date Order and proof of claim form may be obtained by contacting the Debtors' claims and noticing agent, in writing, at PGR Claims Processing, c/o Omni Agent Solutions, Inc., 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367 or online at https://omniagentsolutions.com/PGR. The Bar Date Order can also be viewed on the Court's website at https://ecf.txsb.uscourts.gov/. If you have questions concerning the filing or processing of claims, you may contact the Debtors' claims and noticing agent, Omni, toll-free at +1 (888) 812-2572 or, if calling from outside the United States or Canada, at (747) 263-0193 or via email at PGRInquiries@OmniAgnt.com. Please note that Omni cannot provide legal advice regarding the filing of a Proof of Claim, and you should consult your own attorney.