IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
PINE GATE RENEWABLES, LLC, *et al.*,                         :   Case No. 25-90669 (CML)
                                                             :
Debtors.[1]                                                  :   (Jointly Administered)
                                                             :
------------------------------------------------------------ x

**AGREED ORDER <s>GRANTING</s>RESOLVING DIRECTIONAL SERVICES, INC.'S OBJECTION TO THE DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AS OF THE PETITION DATE**
**[Relates to <s>Motion at</s> Docket <s>No</s>Nos. 20, 503]**

Upon the motion (the "*Motion*")[2] of the Debtors for entry of an Order authorizing the Debtors to reject <s>the</s>certain executory contracts and unexpired leases (including, without limitation, any and all amendments, modifications, side letters, memoranda of understanding, and documents incorporated therein by reference) <s>set forth on Exhibit A</s>**including one Contract described below between Directional Services, Inc ("*Directional*") and Blue Ridge Power, LLC** ; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/PGR. The Debtors' mailing address for the purposes of these cases is 130 Roberts Street, Asheville, North Carolina 28801 USA.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Motion.

venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and ~~all objections, if any, to entry of this Order having been withdrawn, resolved, or overruled;~~ noting that Directional has filed an Objection to the Motion [Docket No 503] which has been resolved herein and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Debtors are authorized to reject the ~~Rejected Contracts identified on Exhibit A attached hereto~~ executory contract identified as the Subcontract dated February 29, 2024 between Blue Ridge Power, LLC as "Contractor" and Directional Services, LLC DBA Cinterra as "Subcontractor" for the Jones Farm Solar Project (the "*Contract*"), including, to the extent applicable, any agreements, amendments, modifications, and subcontracts related ~~thereto~~ to the Contract, effective as of the Petition Date ~~as set forth on Exhibit A.~~.  This rejection only applies to the Contract being rejected as well as other agreements related to the Contract (including any agreements, master leases, subcontracts, riders, schedules, certificates, memoranda, amendments, supplements, guaranties, purchase orders, work orders, change orders and any other documents related to the Contract) but does not apply to any other executory contracts that Directional or its wholly owned subsidiary Fortress Fencing, LLC may have with the Debtors.

2. Nothing in this Order shall prejudice the rights of ~~the Counterparties~~ Directional

2

with respect to any claim for damages arising from the rejection of the Rejected Contracts and with respect to any objection by the Debtors thereto. **In addition, nothing in this Order shall prejudice the rights of Directional to pursue and file mechanic's and material man's liens or to pursue collection against sureties, payment bonds and any non-debtor parties. Moreover, setoff and recoupment rights (if any) under applicable state law, the Contract, and the Bankruptcy Code, and any defenses thereto, are preserved.  To the extent applicable, any rights to assert administrative claims, and any defenses thereto, are preserved.**

3. Any proof of claim for damages arising from the rejection of the Rejected Contracts shall be filed in accordance with any order of the Court establishing the applicable bar date for filing such proof of claim.

4. Nothing herein shall prejudice the rights of the Debtors to argue (and the Counterparties to raise objection thereto) that any of the Rejected Contracts were terminated prior to the Petition Date or that any claim for damages arising from the rejection of the Rejected Contracts is limited to the remedies available under any applicable termination provision of such contract or lease, as applicable, or that any such claim is an obligation of a third party and not that of the Debtors or their estates.

5. Nothing in the Motion or this Order, or any payment made pursuant to this Order, is intended to be or shall be deemed as (a) an admission as to the validity of any claim against any Debtor or the existence of any lien against the Debtors' properties; (b) a waiver of the Debtors' rights to dispute any claim or lien on any grounds; (c) a promise to pay any claim; (d) an implication or admission that any particular claim would constitute an allowed claim; (e) an assumption or rejection of any executory contract or unexpired lease pursuant to section

365 of the Bankruptcy Code (other than the Rejected Contracts); or (f) a limitation on the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease with any party subject to this Order.  Nothing contained in this Order shall be deemed to increase, decrease, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent it is not paid.

6. Notwithstanding Bankruptcy Rule 6004(h) to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

7. The Debtors are further authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

8. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed:_____, 2025

                                                                             _____
                                                                             UNITED STATES BANKRUPTCY JUDGE

**AGREED AS TO FORM AND SUBSTANCE:**

**By:   /s/ *Michelle E. Shriro*_____**

**Michelle E. Shriro**
**State Bar No. 18310900**
**Singer & Levick, P.C.**
**16200 Addison Road, Suite 140**
**Addison, Texas 75001**
**Phone:  972-380-5533**
**Fax:  972-380-5748**
**Email: mshriro@singerlevick.com**

5