IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

------------------------------------------------------------ x
                                                       :

In re:                                          :      Chapter 11

PINE GATE RENEWABLES, LLC, *et al.*,    :      Case No. 25-90669 (CML)

          Debtors[1]                          :      (Jointly Administered)

------------------------------------------------------------ x

**ORDER GRANTING MOTION OF DEBTORS
FOR ENTRY OF AN ORDER PURSUANT TO
BANKRUPTCY RULE 9019 (A) APPROVING A
SETTLEMENT BY AND AMONG BLUE RIDGE POWER HOLDING
COMPANY, LLC, THE HANOVER INSURANCE COMPANY, ACT POWER
SERVICES, LLC AND FUNDAMENTAL AND (B) GRANTING RELATED RELIEF**

**[Relates to Docket No.     ]**

Upon the motion (the "***Motion***")[2] of the Debtors for entry of an order (this "***Order***") approving the settlement by and among (i) Blue Ridge Holding; (ii) Hanover; (iii) ACT; and (iv) Fundamental (collectively, the "***Parties***"); and (b) granting related relief, all as more fully set forth in the Motion; and the Court having reviewed the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter an order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has

---

[1] A complete list of each of the Debtors in these chapter 11 cases (the "***Chapter 11 Cases***") and the last four digits of each Debtor's taxpayer identification number (if applicable) may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/PGR. The Debtors' mailing address for the purposes of the Chapter 11 Cases is 130 Roberts Street, Asheville, North Carolina 28801.

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. Pursuant to Bankruptcy Rule 9019 and sections 105(a), 362(d), and 363 of the Bankruptcy Code, the following settlement among the Parties is authorized and approved in its entirety:

    a. Effective upon Hanover's receipt of $1,725,000, to be paid in cash from proceeds of the sale of ACT, Hanover's claims against ACT as to the Hanover Obligations and all Non-ACT Bonding Exposure will be liquidated at $1,725,000 in full and final satisfaction of all such obligations. For the avoidance of doubt, Hanover's release and compromise shall be effective only once and if Hanover has been paid the $1,725,000, in cash, from proceeds of the sale of ACT;

    b. ACT will remain as an indemnitor, pursuant to the terms of the GAI, for all bonds on which ACT is the bond principal ("***ACT Bonds***");

    c. Effective upon ACT providing $150,000 in cash collateral (the "***California Bond Cash Collateral***"), which California Bond Cash Collateral shall be governed pursuant to the terms of the GAI, Hanover will reinstate California license bonds issued in favor of ACT, identified as Bond Nos. 1110127, 1110128, and 1110129 (the "***California Bonds***") and will not seek cancellation of the California Bonds through December 31, 2026, so long as (i) Hanover does not receive claims on the California Bonds or (ii) ACT holds Hanover harmless in connection with any such claims. For purposes of the Settlement, holding Hanover harmless means that Hanover's collateral position must remain at $150,000; *provided*, that if Hanover is required to utilize all or part of the California Bond Cash Collateral to address claims on account of ACT Bonds, ACT will not have held Hanover harmless. For the avoidance of doubt, the California Bond Cash Collateral shall apply "on account" pursuant to the terms of the GAI for all ACT Bonds and the California Bond Cash Collateral shall not be limited to the California Bonds; *provided*, that the California Bond Cash Collateral shall not apply to, and shall not be available to Hanover, for non-ACT Bonds. For the further avoidance of doubt, Hanover shall have no obligation to return the California Bond Cash Collateral unless and until ACT has

provided written evidence satisfactory to Hanover of its discharge from all liability under all ACT Bonds and has paid Hanover all amounts due to Hanover pursuant to the terms of the GAI; and

d. ACT will pay outstanding premiums in the amount of $40,612 owed to Hanover on account of Bond Nos. BM31110138, BM31110139, BM31103446, BM31110127, BL31110128, and BL31110129.

2. For the avoidance of doubt, the Settlement is not intended to and does not affect Hanover's rights to submit proofs of claim against the Debtors for any deficiency and any additional liabilities that may accrue on all bonds (regardless of whether ACT is principal under such bonds).

3. Nothing in the Settlement nor Hanover's collateral demand on account of Lone Star's claim shall serve to acknowledge the validity of Lone Star's claim against Hanover.

4. The Parties are authorized to enter into, perform, execute, deliver and implement the definitive documents and take any and all actions necessary to carry out, effectuate, or otherwise enforce the terms, conditions, and provisions of the Settlement and this Order and otherwise perform thereunder.

5. The Settlement is the product of extensive, good faith, arm's-length negotiations among the Parties and their respective representatives.

6. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

7. Notice of the Motion is adequate under the Bankruptcy Rules, including Bankruptcy Rule 6004(a), and the Bankruptcy Local Rules.

8. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

9. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: _____, 2025
      Houston, Texas

_____
UNITED STATES BANKRUPTCY JUDGE