**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

---------------------------------------------------------- x

In re:                                                    :   Chapter 11

                                                          :

PINE GATE RENEWABLES, LLC, *et al.*,     :   Case No. 25-90669 (CML)

                                                          :

Debtors.[1]                                        :   (Jointly Administered)

                                                          :

---------------------------------------------------------- x

**MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING
DEBTORS LIMEWOOD BELL RENEWABLES, LLC, OLD HAYNEVILLE SOLAR,
LLC, AND RIO LAGO SOLAR, LLC TO OBTAIN POSTPETITION FINANCING ON
AN UNSECURED BASIS  PURSUANT TO SECTION 364(b) OF THE BANKRUPTCY
<u>CODE AND GRANTING RELATED RELIEF</u>**

> **This motion seeks an order that may adversely affect you.  If you oppose
> the motion, you should immediately contact the moving party to resolve
> the dispute.  If you and the moving party cannot agree, you must file a
> response and send a copy to the moving party. You must file and serve
> your response within 14 days of the date this was served on you. Your
> response must state why the motion should not be granted. If you do not
> file a timely response, the relief may be granted without further notice
> to you.  If you oppose the motion and have not reached an agreement, you
> must attend the hearing. Unless the parties agree otherwise, the court may
> consider evidence at the hearing and may decide the motion at the hearing.
> Represented parties should act through their attorney.**

Debtors Limewood Bell Renewables, LLC ("***Limewood***"), Old Hayneville Solar, LLC

("***Old Hayneville***"), and Rio Lago Solar, LLC ("***Rio Lago***" and together with Limewood and Old

Hayneville, the "***Borrowers***") and the above-captioned debtors and debtors in possession

(collectively, the "***Debtors***"), respectfully state as follows in support of this motion (this

"***Motion***"):

---

[1]     A complete list of each of the Debtors in these chapter 11 cases (the "***Chapter 11 Cases***") and the last four
digits of each Debtor's taxpayer identification number (if applicable) may be obtained on the website of the
Debtors' claims and noticing agent at https://omniagentsolutions.com/PGR.  The Debtors' mailing address for
the purposes of the Chapter 11 Cases is 130 Roberts Street, Asheville, North Carolina 28801.

## PRELIMINARY STATEMENT[2]

1.      This Motion seeks authority for Debtor entities Limewood, Old Hayneville, and Rio Lago to enter into financing arrangements to obtain financing on a payment subordinated, unsecured basis that will survive the closing of the sale of such entities to the BF Purchaser. These financing arrangements are needed to provide funding for Limewood, Old Hayneville, and Rio Lago to begin executing on their plans to complete the construction of utility-scale solar generation projects and resume payments to vendors while the Debtors and the BF Purchaser continue to work to close the sale of the Brookfield Silo assets. None of the Debtors (other than Limewood, Old Hayneville, and Rio Lago) will have any liability or obligation on account of the financing arrangements that are the subject of this Motion.

2.      The relief requested in this Motion has been reviewed by (i) the Polaris B Secured Parties, senior secured parties to Limewood, Old Hayneville, Rio Lago, (ii) the Brookfield DIP Secured Parties (an affiliate of which is providing the financing sought here), and (iii) the Official Committee of Unsecured Creditors (the "*Committee*"). The Polaris B Lenders support the relief requested in this Motion and have not directed the Polaris B Agent to oppose the relief requested in this Motion. The Brookfield DIP Secured Parties and the Committee have consented to the relief requested in this Motion.

## RELIEF REQUESTED

3.      By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto (the "*Proposed Order*"):[3]

---

[2]    Capitalized terms used, but not defined in this Preliminary Statement, have the meanings assigned below.

[3]    Capitalized terms used but not defined herein have the meanings given to them in the Proposed Order, the Loan Documents, or the First Day Declaration (each as defined herein), as applicable.

a.   authorizing each of the Borrowers, solely with respect to each of their respective estates and on a several and not joint basis, to obtain on a final (not interim) basis postpetition financing (the "**_Financing_**") from affiliates[4] of BID Administrator LLC, in an aggregate principal amount not to exceed: $19,586,855 for Limewood (the "**_Limewood Loan Amount_**"), $21,972,662 for Old Hayneville (the "**_Old Hayneville Loan Amount_**"), and $16,780,249 for Rio Lago ("**_Rio Lago Loan Amount_**" and together with the Limewood Loan Amount and Old Hayneville Loan Amount, the "**_Loan Amounts_**"), pursuant to the terms and conditions set forth in those certain Permitted Junior Loan Agreements, to be entered into postpetition by and among, _inter alia_, the applicable Borrower and the applicable Lender, and any other documents executed in connection therewith (collectively, the "**_Loan Documents_**");

b.   authorizing each of the Borrowers to use the proceeds of the Financing solely in accordance with the terms and conditions of the Loan Documents and the Proposed Order;

c.   granting the Lenders allowed administrative expense claims pursuant to sections 364(b) and 503(b)(1) of the Bankruptcy Code (the "**_Claims_**") against each applicable Borrower solely with respect to all obligations, liabilities, and indebtedness arising under the Loan Documents (the "**_Obligations_**"), which Claims shall be payable from and enforceable against only the assets of the applicable Borrower and shall not constitute, nor shall they be construed as constituting, claims against, or obligations of, any other Debtor or non-debtor affiliate and which shall be, for the avoidance of doubt, subordinated in priority and right of payment to the Polaris B Secured Obligations and the Polaris B Secured Claim (as defined herein);

d.   authorizing each of the Borrowers to execute, deliver, and perform under the Loan Documents and to take all actions necessary or appropriate to implement the Financing and the transactions contemplated thereby;

e.   authorizing each of the Borrowers to pay all principal, interest, fees, expenses, and other amounts due and payable under the Loan Documents as such amounts become earned, due, and payable in accordance with the terms thereof and the Proposed Order;

f.   authorizing the Lenders, subject to the terms of the Loan Documents and the Proposed Order, to take any and all commercially reasonable actions to implement and effectuate the relief granted herein;

---

[4]   Specifically, the following affiliates of BID Administrator LLC will provide the Financing (collectively, the "**_Lenders_**"): (i) the lender entity for Limewood is BII BID Solar II Limewood Opco LLC, (ii) the lender for Old Hayneville is BII BID Solar II Old Hayneville Opco LLC, and (iii) the lender for Rio Lago is BII BID Solar II Rio Lago Opco LLC.

g.  waiving any applicable stay (including under Bankruptcy Rule 6004), and providing the for immediate effectiveness of the Proposed Order.

## JURISDICTION AND VENUE

4.      The United States Bankruptcy Court for the Southern District of Texas (the "***Court***") has jurisdiction to consider this Motion under 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court may enter a final order consistent with Article III of the United States Constitution. Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

5.      The statutory and legal predicates for the relief requested herein are sections 105, 363, 364, 503, 506, 507 and 552 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "***Bankruptcy Code***"), Rules 2002, 4001, 6003, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), Rules 2002-1, 4001-1, 4002-1, and 9013-1 of the Bankruptcy Local Rules (the "***Bankruptcy Local Rules***") for the Court, and the Procedures for Complex Cases in the Southern District of Texas (the "***Complex Case Procedures***").

## BACKGROUND

### I.      PROCEDURAL BACKGROUND

6.      On November 6, 2025 (the "***Petition Date***"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

7.      No trustee or examiner has been requested in the Chapter 11 Cases. On November 19, 2025, the Office of the United States Trustee for the Southern District of Texas (the "***U.S. Trustee***") appointed the Committee.  *See* Docket No. 225.

8.     On December 10, 2025, the Court entered the Final DIP Order[5] authorizing, *inter alia*, the Debtors to enter into the DIP Facilities (as defined therein) to, among other things, pay the fees, costs and expenses of the administration of the Chapter 11 Cases.

9.     The factual background regarding the Debtors, including their business, their capital structure, and the events leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Ray Shem, President and Chief Financial Officer of the Debtors, in Support of the Chapter 11 Petitions and First-Day Relief* [Docket No. 19] (the "**First Day Declaration**").

## II.    THE LIMEWOOD, OLD HAYNEVILLE, AND RIO LAGO PROJECTS

10.    Prior to the Petition Date, the Debtors commenced construction on three utility-scale solar energy generation projects: (a) a 260 MWdc / 204 MWac solar facility located in Bell County, Texas, owned by Limewood Bell Renewables, LLC (the "**Limewood Project**"), (b) a 113.8 MWdc / 80 MWac solar facility located in Montgomery County, Alabama, owned by Old Hayneville Solar, LLC (the "**Old Hayneville Project**"), and (c) a 172.6 MWdc photovoltaic solar energy generating facility located in Bandera County, Texas, owned by Rio Lago Solar, LLC (the "**Rio Lago Project**" and together with the Limewood Project and Old Hayneville Project, the "**Projects**"). Prior to the Petition Date, Limewood, Old Hayneville, and Rio Lago obtained financing commitments pursuant to that certain Credit Agreement, dated as of March 26, 2025 (the "**Polaris B Credit Agreement**"), by and among, *inter alia*, such Borrower and Deutsche Bank Trust Company Americas, as administrative agent and collateral agent (the

---

[5]   "**Final DIP Order**" means the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Granting Liens and Providing Superpriority Administrative Expense Claims, (III) Authorizing the Use of Cash Collateral, (IV) Granting Adequate Protection to the Prepetition Secured Parties, (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [Docket No. 646]

"*Polaris B Agent*") and the financial institutions from time to time party thereto, as lenders (the "*Polaris B Lenders*" and together with the Polaris B Agent, the "*Polaris B Secured Parties"*).

11.     As of the date hereof, none of the Projects have achieved substantial completion, construction has been delayed due to a lack of liquidity, and significant amounts remain outstanding to contractors and vendors. The Polaris B Agent, acting on behalf of and at the direction of the Polaris B Lenders, has asserted claims against the Borrowers and other Debtor entities in excess of $546 million arising under the Polaris B Credit Agreement (the "*Polaris B Secured Claim*") and documents executed in connection therewith. Due to the occurrence of events of default under the Polaris B Credit Agreement, the Borrowers are unable to make additional draws thereunder to pay outstanding project costs and to permit construction and commissioning activities to resume. The Debtors have previously stipulated as to the extent and validity of the Polaris B Secured Claim and the Polaris B Liens, and all applicable challenge periods have expired. *See* Final DIP Order at ¶¶ 16-20.

12.     The Borrowers' inability to access additional credit under the Polaris B Credit Agreement or through equity contributions and/or insurance proceeds has exacerbated construction delays, increased outstanding project costs, and placed the Projects at risk of further deterioration in value. Without prompt funding to address vendor arrearages necessary for vendors to resume work on the Projects, the Projects face the prospect of continued work stoppages, increased claims, and further erosion of going-concern value.

13.     To stabilize the Projects and preserve their value for the benefit of the Debtors' estates and stakeholders, Limewood, Old Hayneville, and Rio Lago have negotiated a postpetition financing arrangement with the Lenders, pursuant to which each Borrower would obtain new postpetition financing on a several, and not joint, unsecured basis, in each case solely

with respect to its own assets and without recourse to any other Debtor or non-debtor affiliate. The proceeds of the proposed Financing will be used primarily to pay outstanding vendor and contractor costs and to fund the resumption of construction activities at the Projects.

14.     The proposed Financing is intended to supplement the existing capital structure by providing incremental liquidity necessary to ensure that the Projects do not suffer irreparable harm pending the closing of the sale of the Borrowers.

15.     The respective obligations under the Loan Documents of each of the Borrowers will survive the pending sale of the Projects to BII BID Solar II Aggregator, LP (in its capacity as purchaser, the "***BF Purchaser***") and the estates of each of the other Debtors (except, for the avoidance of doubt, each of the Borrowers) will have no residual liability with respect to any obligations under the Loan Documents. For the avoidance of doubt, no Debtor, other than each of the Borrowers shall have, nor shall they be construed as having, any liability on account of, or be subject to any claim or obligation under the proposed Financing or any of the Loan Documents. The obligations under the proposed Financing will be several and not joint, and will have recourse only to the assets of the applicable Borrower.

16.     Absent the relief requested herein, vendors and contractors may continue to withhold labor and materials, further delaying completion of the Projects and causing immediate and irreparable harm to the Borrowers and their estates. Accordingly, each of the Borrowers submits that approval of the proposed Financing is a sound exercise of business judgment and is necessary to preserve estate value, avoid further deterioration of the Projects, and maximize value for all stakeholders.

## CONCISE STATEMENT PURSUANT TO COMPLEX CASE PROCEDURES AND BANKRUPTCY RULE 4001[6]

17.     Pursuant to paragraph 8 of the Complex Case Procedures, the Proposed Order and the Loan Documents contain the following provisions:

| SUMMARY OF MATERIAL TERMS | |
|---|---|
| ***Postpetition Financing Facility*** | |
| **Parties**<br>*Fed. R. Bankr. P. 4001(c)(1)(B)* | **Borrowers:**<br>Debtors Limewood Bell Renewables, LLC Old Hayneville Solar, LLC, and Rio Lago Solar, LLC<br><br>**Lenders**:<br>BII BID Solar II Limewood Opco LLC (for Debtor Limewood Bell Renewables, LLC), BII BID Solar II Old Hayneville Opco LLC (for Debtor Old Hayneville Solar, LLC), and BII BID Solar II Rio Lago Opco LLC (for Debtor Rio Lago Solar, LLC).<br><br>**Guarantors**:<br>N/A |
| **Purpose**<br>*Fed. R. Bankr. P. 4001(c)(1)(B)* | Proceeds will be used solely to pay outstanding and ongoing vendor and contractor costs and to fund the resumption of construction activities at the Limewood Project, the Old Hayneville Project, and the Rio Lago Project. |
| **Borrowing Limits**<br>*Fed. R. Bankr. P. 4001(c)(1)(B)* | Up to $19,586,855 for Limewood, up to $21,972,662 for Old Hayneville, and up to $16,780,249 for Rio Lago. Each Borrower is solely liable for its respective Loan Amount. |
| **Maturity Date**<br>*Fed. R. Bankr. P. 4001(c)(1)(B)* | As set forth in the Loan Documents. |
| **Interest Rates**<br>*Fed. R. Bankr. P. 4001(c)(1)(B)* | As set forth in the Loan Documents. |
| **Conditions Precedent to Closing and Lending**<br>*Fed. R. Bankr. P. 4001(c)(1)(B)* | N/A. |
| **Events of Default**<br>*Fed. R. Bankr. P. 4001(c)(1)(B);*<br>*Complex Case Procedures*, ¶ 8(e) | Customary events of default, as set forth in the Loan Documents. |
| **Carve Out**<br>*Fed. R. Bankr. P. 4001(c)(1)(B)* | N/A. |

---

[6]   This statement is qualified in its entirety by reference to the applicable provisions of the Loan Documents and the Proposed Order. To the extent there is any inconsistency between this concise statement and the provisions of the Loan Documents or the Proposed Order, the provisions of the Loan Documents or the Proposed Order, as applicable, shall control. Capitalized terms used but not otherwise defined in this section have the meanings ascribed to such terms in the Proposed Order or the Loan Documents.

| SUMMARY OF MATERIAL TERMS | |
|---|---|
| **_Postpetition Financing Facility_** | |
| **Priority of Claims**<br><br>_Fed. R. Bankr. P. 4001(c)(1)(B)(i)_ | <u>Administrative Expense Claims</u>: All postpetition loans, advances, and other extensions of credit made to Limewood, Old Hayneville, and Rio Lago under the Loan Documents and the Proposed Order shall constitute administrative expense claims under sections 364(b) and 503(b)(1) of the Bankruptcy Code, solely against Limewood, Rio Lago, and Old Hayneville (and not, for the avoidance of doubt, any other Debtor). For the avoidance of doubt, all claims (including any administrative expense claims) granted pursuant to the Order shall be subordinate in all respects to the Polaris B Secured Obligations. |
| **Adequate Protection / Identity of Each Entity with Interest in Cash Collateral**<br><br>_Fed. R. Bankr. P. 4001(c)(1)(B)(ii); (b)(1)(B)(i), (iv)_ | N/A. |
| **Debtors' Stipulations**<br><br>_Fed. R. Bankr. P. 4001(c)(1)(B)(iii)_ | N/A. |
| **Waiver or Modification of Automatic Stay**<br><br>_Fed. R. Bankr. P. 4001(c)(1)(B)(iv)_ | N/A. |
| **Challenge Period**<br><br>_Fed. R. Bankr. P. 4001(c)(1)(B)(iii), (viii)_ | N/A. |
| **Milestones**<br><br>_Fed. R. Bankr. P. 4001(c)(1)(B)(vi); Complex Case Procedures, ¶ 8(a)_ | N/A. |
| **Indemnification**<br><br>_Fed. R. Bankr. P. 4001(c)(1)(B)(ix)_ | As set forth in the Loan Documents. |
| **Section 506(c) Waiver / Section 552(b) Waiver**<br><br>_Fed. R. Bankr. P. 4001(c)(1)(B)(x)_ | N/A. |
| **Liens on Avoidance Actions**<br><br>_Fed. R. Bankr. P. 4001(c)(1)(B)(xi); Complex Case Procedures, ¶ 8(d)_ | N/A. |

| SUMMARY OF MATERIAL TERMS | |
|---|---|
| *Postpetition Financing Facility* | |
| **Fees**<br>*Fed. R. Bankr. P. 4001(c)(1)* | N/A. |
| **Cross-Collateralization**<br>*Complex Case Procedures, ¶ 8(b)* | N/A. |
| **Releases of Claims**<br>*Complex Case Procedures, ¶ 8(f)* | N/A. |
| **Limitations on Use of Cash Collateral or DIP Proceeds**<br>*Complex Case Procedures, ¶ 8(g)* | Subject to the terms and conditions of the Proposed Order, Borrowers are authorized to use all loan proceeds for purposes permitted under the Loan Documents and the Proposed Order, including payment of project costs and other authorized expenses to achieve completion of the Projects. |
| **Non-Consensual Priming Liens**<br>*Complex Case Procedures, ¶ 8(h)* | N/A. |
| **Any Other Provision That Limits Estate Fiduciaries to Fulfill Duties**<br>*Complex Case Procedures, ¶ 8(i)* | N/A. |

## BASIS FOR RELIEF REQUESTED

## I.     EACH OF THE BORROWERS SHOULD BE AUTHORIZED TO OBTAIN POSTPETITION FINANCING UNDER SECTION 364(b)

18.     Section 364(b) of the Bankruptcy Code provides that, after notice and a hearing, the court may "authorize the trustee to obtain unsecured credit or to incur unsecured debt other than under subsection (a) of this section, allowable under section 503(b)(1) of this title as an administrative expense." 11 U.S.C. § 364(b).

19.     Here, each of the Borrowers seeks approval of new postpetition financing that is unsecured. The proposed Financing does not impair any existing secured creditor and is expressly structured to avoid any cross-guarantees among the Debtors or affiliates.

20.     The Financing provided for under the Loan Documents is necessary so that the Borrowers have access to capital while the sale of the Projects to the BF Purchaser awaits regulatory approvals and other conditions required for closing. By structuring the proposed Financing separate and apart from the existing DIP Facilities (as defined in the Final DIP Order) that will survive the closing of the sale of the Polaris B assets, the Debtors are able to ensure that the obligations under the Loan Documents will be borne solely by the Borrowers and not any of the other Debtors or their non-debtor affiliates.

21.     For the reasons discussed herein, the Debtors respectfully submit that each of the Borrowers satisfies the standards required to obtain postpetition financing under section 364(b) of the Bankruptcy Code.

## II.     THE PROPOSED POSTPETITION FINANCING IS A SOUND EXERCISE OF BUSINESS JUDGMENT

22.     Courts grant considerable deference to a debtor's business judgment in obtaining postpetition unsecured credit, so long as the agreement to obtain such credit does not run afoul of the provisions of, and policies underlying, the Bankruptcy Code. *See, e.g.*, *In re Estrada*, No. 16-80003-G3-11, 2016 WL 745536, at *3 (Bankr. S.D. Tex. Feb. 24, 2016) ("In determining whether to approve a motion to obtain credit, courts generally permit debtors in possession to exercise their basic business judgment consistent with their fiduciary duties."); *In re L.A. Dodgers LLC*, 457 B.R. 308, 313 (Bankr. D. Del. 2011) ("Courts will almost always defer to the business judgment of a debtor in the selection of the lender."); *In re Ames Dep't Stores, Inc.*, 115 B.R. 34, 40 (Bankr. S.D.N.Y. 1990) ("Cases consistently reflect that the court's discretion under section 364 is to be utilized on grounds that permit reasonable business judgment to be exercised so long as the financing agreement does not contain terms that leverage the bankruptcy process

and powers or its purpose is not so much to benefit the estate as it is to benefit a party-in-interest.").

23.     Further, in considering whether the terms of postpetition financing are fair and reasonable, courts consider the terms in light of the relative circumstances of both the debtor and the lender. *See In re Farmland Indus., Inc.*, 294 B.R. 855, 886 (Bankr. W.D. Mo. 2003); *see also Unsecured Creditors' Comm. Mobil Oil Corp. v. First Nat'l Bank & Tr. Co. (In re Elingsen McLean Oil Co., Inc.)*, 65 B.R. 358, 365 n.7 (W.D. Mich. 1986) (recognizing a debtor may have to enter into "hard bargains" to acquire funds for its reorganization).

24.     The proposed Financing was negotiated in good faith and at arm's-length, with each of the Borrowers, on the one hand, and the Lenders, on the other hand, represented by able, sophisticated counsel of their own choosing throughout such negotiations, and reflects the Borrowers' reasonable business judgment. The Financing will provide each of the Borrowers with sorely-needed incremental liquidity without impairing existing secured creditors (as the Financing is subordinated in both priority and right to payment to the Polaris B Secured Obligations and the Polaris B Claim), rolling up prepetition obligations, or imposing cross-collateralization, milestones, or other provisions that would negatively impact the estates of the other Debtors and/or improperly constrain estate fiduciaries.

25.     Unless the proposed Financing is approved, the Borrowers will be unable to satisfy vendor arrearages or resume construction activities, resulting in further delays, increased costs, and potential loss of significant project value to the detriment of the Borrowers' estates and their stakeholders.

## DEBTORS' COMPLIANCE WITH BANKRUPTCY RULE
## 6004(A) AND WAIVER OF BANKRUPTCY RULE 6004(A) AND (H)

26.     With respect to any aspect of the relief sought herein that constitutes a use of property under section 363(b) of the Bankruptcy Code, the Debtors request that the Court find that notice of this Motion is adequate under Bankruptcy Rule 6004(a) and waive the 14-day stay under Bankruptcy Rule 6004(h). As described above, the relief that the Debtors seek in this Motion is necessary to avoid immediate and irreparable harm to each of the Borrowers, their estates, and stakeholders. Thus, cause exists for the Court to find that notice of this Motion satisfies Bankruptcy Rule 6004(a) and waive the 14-day stay under Bankruptcy Rule 6004(h).

## RESERVATION OF RIGHTS

27.     Nothing in this Motion is intended to be nor shall be deemed:  (a) an implication or admission as to the amount of, basis for, or validity of any claim against the Debtors; (b) a waiver or limitation of the Debtors' or any other party in interest's right to dispute the amount of, basis for, or validity of any claim; (c) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable non-bankruptcy law; (d) a waiver of the obligation of any party in interest to file a proof of claim; (e) a promise or requirement to pay any particular claim; (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law; (g) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (h) an admission that any lien satisfied pursuant to this Motion is valid (and all rights to contest the extent, validity, or perfection or seek avoidance of all such liens are expressly reserved); or (i) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the

Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' or any other party in interest's rights to dispute such claim subsequently.

## NOTICE

28.     Notice of this Motion will be served on: (a) the United States Trustee; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) Paul, Weiss, Rifkind, Wharton & Garrison LLP, Porter Hedges LLP, and Norton Rose Fulbright US LLP, co-counsel to Brookfield; (d) Milbank LLP and Haynes and Boone, LLP, co-counsel to Carlyle; (e) Sidley Austin LLP, counsel to Fundamental; (f) the United States Attorney's Office for the Southern District of Texas; (g) the Internal Revenue Service; (h) White & Case LLP, and Pachulski Stang Ziehl & Jones LLP, co-counsel to the Committee; (i) Holland & Knight LLP, counsel to the Polaris B Agent; (j) Winston & Strawn LLP, counsel to the Polaris B Lenders and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

29.     If no objection is timely filed and served, the Debtors will file a certificate of no objection and may request entry of the Proposed Order without a hearing, pursuant to 9013-1 of the Bankruptcy Local Rules.

30.     A copy of this Motion is available on (a) the Court's website, at www.txs.uscourts.gov and (b) the website maintained by the Debtors' claims and noticing agent, Omni Agent Solutions, Inc., at https://omniagentsolutions.com/PGR.

*[Remainder of page intentionally left blank.]*

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated:  March 10, 2026
        Houston, Texas

Respectfully submitted,

*/s/ Timothy A. ("Tad") Davidson II*
**HUNTON ANDREWS KURTH LLP**
Timothy A. ("Tad") Davidson II (TX Bar No. 24012503)
Philip M. Guffy (TX Bar No. 24113705)
Brandon Bell (TX Bar No. 24127019)
600 Travis Street, Suite 4200
Houston, TX 77002
Telephone:  (713) 220-4200
Email:  taddavidson@hunton.com
       pguffy@hunton.com
       bbell@hunton.com

- and -

**LATHAM & WATKINS LLP**
Ray C. Schrock (NY Bar No. 4860631)
Andrew M. Parlen (NY Bar No. 5370085)
Alexander W. Welch (NY Bar No. 5624861)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email:  ray.schrock@lw.com
      andrew.parlen@lw.com
      alex.welch@lw.com

- and -

Jason B. Gott (IL Bar No. 6309114)
Jonathan C. Gordon (IL Bar No. 6329732)
330 N. Wabash Avenue
Suite No. 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Email:  jason.gott@lw.com
      jonathan.gordon@lw.com

*Attorneys for the Debtors and Debtors in Possession*

## CERTIFICATE OF SERVICE

I certify that on March 10, 2026, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on those parties registered to receive electronic notices.

*/s/ Timothy A. ("Tad") Davidson II*
Timothy A. ("Tad") Davidson II